# EXHIBIT A

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice forthcoming*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice forthcoming*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendants. | Case No. 4:19-cv-03074-YGR <br><br> **GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

Pursuant to Civil L.R. 3-12(c) and (e), Google LLC ("Google") responds to the Sua Sponte Judicial Referral for Purposes of Determining Relationship of Cases ordered by Judge Chen in *Pure Sweat Basketball, Inc. v. Google LLC, et al.,* No. 20-cv-05792-EMC (N.D. Cal) ("*PSB-Google*"), ECF 16. Judge Chen has referred *PSB-Google* to Judge Donato and Judge Gonzalez Rogers to determine whether it is related to: *Epic Games, Inc. v. Google LLC et al.*, No. C-20-5671-JD ("*Epic-Google*"); *Cameron et al v. Apple Inc.*, No. C-19-3074-YGR ("*Cameron-Apple*"); or *Epic Games, Inc. v. Apple Inc.*, No. C-20-5640-YGR ("*Epic-Apple*").

For completeness, Google advises the Court that two other actions should also be considered for "relation" under Local Rule 3-12: *Feitelson v. Google Inc.,* No. 14-cv-02007 ("*Feitelson-Google*")[1], which "was pending" before Judge Freeman; and *Carr v. Google LLC,* No. 20-CV-05761 ("*Carr-Google*"), which "is pending" before Judge Freeman.

As a threshold matter, Google believes the three Android-related cases filed recently— *Epic-Google* (Donato, J.), *Carr-Google* (Freeman, J.) and *PSB-Google* (Chen, J.)—all "relate" to each other under Local Rule 3-12(a). Solely for convenience and purposes of this Response, Google refers to these actions as "the Android/Google Cases." Google also notes that under Local Rule 3-12, these three cases may be related to the earlier-filed Android case, *Feitelson-Google* (Freeman, J.), an action that "was pending in this District." Civ. L.R. 3-12(b).

Google respectfully opposes relation of the Android/Google Cases to *Cameron-Apple* or *Epic-Apple* (together, for purposes of this Response, the "iOS/Apple Cases"). Although Android and iOS compete to attract app developers and end users, Google (through Android) and Apple (through iOS) use different business models, agreements, and policies to support competing ecosystems. The Android/Google Cases and iOS/Apple Cases thus do not concern "substantially the same parties, property, transaction or event." Civ. L.R. 3-12(a)(1). Moreover, the cases sit in markedly different procedural postures—Google has not been served with the Complaints in *Epic-Google* and *Carr-Google*, and only two of five Google defendants have been served in *PSB-Google* (on August 21, 2020), whereas Apple has been engaged in continuous iOS-related

---

[1] The *PSB-Google* complaint cites to the *Feitelson-Google* complaint when referencing relevant Mobile Application Distribution Agreements ("MADAs"). PSB-Google Complaint, ¶ 69 n.75.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1   litigation since 2011.  It is therefore unlikely that conducting the Android/Google Cases and

2   iOS/Apple Cases before different Judges will lead to "unduly burdensome duplication of labor

3   and expense or conflicting results."  Civ. L.R. 3-12(a)(2).

4                                   **DISCUSSION**

5          An action is related to another when (1) the actions concern substantially the same parties,

6   property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome

7   duplication of labor and expense or conflicting results if the cases are conducted before different

8   judges. Civ. L.R. 3-12(a).  The rule applies to any potentially related action "which is or was

9   pending in this District."  Civ. L.R. 3-12(b) (emphasis added).

10  **I.      The Android/Google Cases Should Not Be Related To the iOS/Apple Cases**

11         The Android/Google Cases and the iOS/Apple Cases lack the requisite "substantial" parity

12  in parties, transactions, and operative facts.  This Court has rejected relation of cases even where

13  parties and claims were far more similar than they are here.  *See Tecson v. Lyft*, No. 18-cv-06782,

14  2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) (Gonzalez Rogers, J.) (finding that TCPA

15  cases against the *same* defendant did "not suffice to meet the substantial similarity threshold"

16  because the cases involved "different facts and claims so the judge in each case would be focused

17  on resolving separate issues of law and fact for different parties").

18         ***Different Parties, Property, Transactions, and Events.*** The defendants in the

19  Android/Google Cases are different from the defendants in the iOS/Apple Cases.  This is

20  significant; it means there is virtually no overlap in the "property, transactions, or event[s]" at

21  issue.  Civ. L.R. 3-12(a).  This Court has recognized in the iOS/Apple Cases that having the same

22  defendant in those cases resulted in "each case stem[ming] from the use of the exact same

23  technology and the economics regarding the same technology."  *Pepper v. Apple,* No. 11-cv-

24  06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (Gonazalez Rogers, J.) (finding

25  "significant economies" in terms of case management and resolution of motions tied to an

26  understanding of the technology, platform markets, and the transactions at issue).  In contrast,

27  Android and iOS do <u>not</u> use the "exact same technologies" and the business models of these two

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                    Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1    ecosystems, though in competition with each other, are materially different.

2         Android and iOS compete to attract app developers and end users, but the conduct

3    underlying their competition—and at issue in these two separate sets of lawsuits—is

4    distinct. While Apple's iOS allows the distribution of apps only through Apple's proprietary app

5    store, Android devices, in contrast: (1) can have multiple app stores simultaneously pre-installed

6    or downloaded and (2) allow for end users to sideload apps via the Internet. That means Android

7    app developers can distribute apps through multiple Android app stores, work directly with

8    OEMs or carriers to preload apps, and distribute apps to users directly from their own

9    websites. As a result, Apple and Google each have their own separate and unique negotiations

10   and contracts with app developers and original equipment manufacturers (OEMs). These

11   fundamental differences in the way Apple and Google support app distribution create key

12   distinctions in the claims and defenses in the iOS/Apple Cases and Android/Google Cases.[2]

13        Although there is some overlap with certain named plaintiffs—e.g., Epic has filed suit in

14   both *Epic-Apple* and *Epic-Google*—and the app developer classes—i.e., developers can create

15   both iOS and Android versions of their app—this overlap is insignificant from a "relation"

16   perspective. The operative facts relating to the business strategies and app distribution policies

17   that underlie the claims in the iOS/Apple Cases are different from those in the Android/Google

18   Cases. *See Tecson*, 2019 WL 1903263, at *3 ("Even if there was some overlap between classes,

19   the operative facts for the putative classes would still make them substantially different.").

20        ***Little Duplication of Labor and Expense or Risk of Conflicting Results.*** The

21   Android/Google Cases and iOS/Apple Cases are in very different procedural postures, making it

22   unlikely there will be meaningful efficiencies created through relation. The iOS/Apple Cases are

23   related to a consumer class case, *In re Apple iPhone Antitrust Litigation,* No. 11-cv-06714-YGR,

24   that was filed in 2011 and is set for class certification proceedings in 2021 and trial in

25   2022. *Cameron-Apple* is proceeding on the same schedule. The *Epic/Apple* matter appears to be

26   proceeding on an expedited schedule. In contrast, no Google entity has been served in *Epic-*

27

28   _____
     [2] This Response does not suggest that claims against Apple in the iOS/Apple Cases have merit.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

*Google* or *Carr-Google* and only two of five Google defendants were served in *PSB-Google* (on

August 21, 2020).  Once served, and only after the initial scheduling is worked out, Google will

challenge the complaints, in large part based on circumstances unique to Android, just as it did in

*Feitelson v. Google, Inc.*, 80 F. Supp. 3d 1019 (N.D. Cal. 2015).  These differences in procedural

posture make it unlikely that there will be an unduly burdensome duplication of labor and

expense, and given the different defendants and operative facts, there is little risk of conflicting

results.  *Cf. Pepper*, 2019 WL 4783951, at *2 (relating cases when "[a]ll three cases are currently

in a similar procedural posture and have yet to begin substantial discovery and so efficiency gains

will be achieved in discovery" and "the fact that both sets of plaintiffs seek injunctive relief

[against Apple] presents a sufficient risk of inconsistent results to warrant relation").

## II.  The Android/Google Cases All Relate To Each Other

While the three Android/Google Cases are related to each other, Google believes that

alongside Judge Chen's referral to Judge Donato, under Local Rule 3-12, the cases also need to

be referred to Judge Freeman as they "may be ... related" to *Feitelson-Google*.[3]  Civ. L.R. 3-

12(b).  These cases each allege claims against Google defendants based on Google's contracts

with app developers and its policies within the Android ecosystem.  The chart below summarizes

the *Feitelson-Google* case and each of the three Android/Google Cases in order of their filing.

| Case, No. (Judge) | Plaintiff / Type | Defendants | Property, Transaction or Event |
|---|---|---|---|
| *Feitelson v. Google Inc.*, No. 5:14-cv-02007 (Freeman, J.) | Gary Feitelson and Daniel McKee / Putative consumer class | Google, Inc.* <br><br>*Converted to Google LLC in 2017 | Android OS <br>Google Search <br>Google's MADA <br>Google Play Store |
| *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671 | Epic Games / Individual app developer | Google LLC <br>Google Payment Corp. <br>Google Ireland Ltd. | Android OS <br>Google's MADA <br>Google Play Store |

[3]  Each of the plaintiffs in the recently-filed Android/Google Cases—Epic, Mary Carr, and Pure Sweat Basketball—agreed to litigate disputes with Google "exclusively" in Santa Clara County, i.e., in the San Jose Division for federal court cases.  *See* Google DDA, §16.8, available at https://play.google.com/about/developer-distribution-agreement.html; Google Terms of Service, Section "Settling disputes, governing law, and courts", available at https://policies.google.com/terms?hl=en-US.  Judge Freeman is the only judge currently assigned an Android/Google Case (*Carr-Google*) who presides in the San Jose Division.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 4:19-cv-03074-YGR

GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

| (Donato, J.) | | Google Commerce Ltd. Google Asia Pacific Pte. Ltd. | Google's Developer Distribution Agreements ("DDA") |
| --- | --- | --- | --- |
| *Carr v. Google LLC et al.*, No. 5:20-cv-05761 (Freeman, J.) | Mary Carr / Putative consumer class | Google LLC Google Payment Corp. Google Ireland Ltd. Google Commerce Ltd. Google Asia Pacific Pte. Ltd. | Android OS Google's MADA Google Play Store Google's DDA |
| *Pure Sweat Basketball, Inc. v. Google LLC et al.*, No. 3:20-cv-05792 (Chen, J.) | Pure Sweat Basketball / Putative app developer class | Google LLC Google Payment Corp. Google Ireland Ltd. Google Commerce Ltd. Google Asia Pacific Pte. Ltd. | Android OS Google's MADA Google Play Store Google's DDA |

The three recently-filed cases each concern the same open mobile OS (Android) and challenge the same Google Play policies, so there is a potential risk of inefficiencies and conflicting results if those cases are heard before different Judges. The earlier filed case, *Feitelson-Google*, was pending in this district and dismissed by Judge Freeman in 2015. *See Feitelson v. Google, Inc.*, 80 F. Supp. 3d 1019 (N.D. Cal. 2015) (granting motion to dismiss). The same counsel who represented the *Feitelson* plaintiffs also represent the plaintiff in *PSB-Google*, and both complaints allege the same theory of anticompetitive harm: Google's use of MADAs to purportedly foreclose competition in the relevant markets alleged in each complaint. Both complaints allege *inter alia* that under Google's MADA, OEMs can only preload "must-have" Google apps if the OEM agrees to preload a bundle of Google apps (including Google Play), which allegedly forecloses competitive apps from being preloaded. *See, e.g., Feitelson-Google,* Dkt. No. 31, FAC ¶ 7; *PSB-Google*, Dkt. No. 1, Compl. ¶ 7. The *Epic-Google* and *Carr-Google* cases allege substantially similar legal theories. *See, e.g.*, *Epic-Google*, Dkt. No. 1, Compl., ¶¶ 56-57; *Carr-Google,* Dkt. No. 1, ¶¶ 33-34.

*       *       *

Google therefore respectfully requests that the Court decline to relate *PSB-Google* to *Cameron-Apple* or *Epic-Apple*.[4]

---

[4] Google has filed this initial Response in the lowest-numbered case identified on Judge Chen's Sua Sponte Referral Order. Google also intends to file in due course: (1) a response to Judge Chen's Sua Sponte Referral on the docket for *Epic-Google* (before Judge Donato), and (2) an administrative motion as required by Civ. L.R. 3-12(b) to consider whether the Android/Google cases "may be" related to *Feitelson-Google*, which "was pending" before Judge Freeman.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. 4:19-cv-03074-YGR

GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1   Dated:  September 3, 2020                    By ___/s/ Brian C. Rocca_____

2                                                   Brian C. Rocca
                                                    MORGAN, LEWIS & BOCKIUS LLP

3                                                   *Attorneys for Google LLC*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                                    Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

# EXHIBIT B

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice forthcoming*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice forthcoming*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC; GOOGLE IRELAND LIMITED; GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LTD.; and GOOGLE PAYMENT CORP.,<br><br>Defendants. | Case No. 3:20-cv-05671-JD<br><br>**GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-05671-JD
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF
DETERMINING RELATIONSHIP OF CASES

Pursuant to Civil L.R. 3-12(c) and (e), Google LLC ("Google") responds to the Sua Sponte Judicial Referral for Purposes of Determining Relationship of Cases ordered by Judge Chen in *Pure Sweat Basketball, Inc. v. Google LLC, et al.,* No. 20-cv-05792-EMC (N.D. Cal.) ("*PSB-Google*"), ECF 16.  Judge Chen has referred *PSB-Google* to Judge Donato and Judge Gonzalez Rogers to determine whether it is related to:  *Epic Games, Inc. v. Google LLC et al.,* No. C-20-5671-JD ("*Epic-Google*"); *Cameron et al v. Apple Inc.,* No. C-19-3074-YGR ("*Cameron-Apple*"); or *Epic Games, Inc. v. Apple Inc.,* No. C-20-5640-YGR ("*Epic-Apple*"). Google and Google Payment Corp. were served in *Epic-Google* on September 4, 2020.[1]

For completeness, Google advises the Court that two other actions should also be considered for "relation" under Local Rule 3-12:  *Feitelson v. Google Inc.,* No. 14-cv-02007 ("*Feitelson-Google*")[2], which "was pending" before Judge Freeman; and *Carr v. Google LLC,* No. 20-CV-05761 ("*Carr-Google*"), which "is pending" before Judge Freeman.

As a threshold matter, Google believes the three Android-related cases filed recently— *Epic-Google* (Donato, J.), *Carr-Google* (Freeman, J.) and *PSB-Google* (Chen, J.)—all "relate" to each other under Local Rule 3-12(a).  Solely for convenience and purposes of this Response, Google refers to these actions as "the Android/Google Cases."  Google also notes that under Local Rule 3-12, these three cases may be related to the earlier-filed Android case, *Feitelson-Google* (Freeman, J.), an action that "was pending in this District."  Civ. L.R. 3-12(b).  As required by L.R. 3-12(b), Google will be filing an administrative motion before Judge Freeman to consider whether the Android/Google Cases should be related to *Feitelson-Google.*

Google does not believe the Android/Google Cases are related to the cases filed against Apple that are currently before Judge Gonzalez Rogers. Google responded to Judge Chen's sua sponte order in *Cameron et al v. Apple Inc.,* Case No. C-19-3074-YGR ("*Cameron-Apple*"), which is the lowest numbered case identified in the Referral Order on September 3, 2020.  That response is attached as **Exhibit A**.

---

[1] The other defendants named in *Epic-Google*—Google Ireland Limited, Google Commerce Limited, and Google Asia Pacific Pte. Limited—have not yet been served.

[2] The PSB-Google complaint cites to the *Feitelson-Google* complaint when referencing relevant Mobile Application Distribution Agreements ("MADAs"). *PSB-Google* Complaint, ¶ 69 n.75.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**DISCUSSION**

An action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civ. L.R. 3-12(a). The rule applies to any potentially related action "which *is* or *was* pending in this District." Civ. L.R. 3-12(b) (emphasis added).

The three Android/Google Cases are related to each other. The three recently-filed cases each concern the same open mobile OS (Android) and challenge the same Google Play policies, so there is a potential risk of inefficiencies and conflicting results if those cases are heard before different Judges.

Google also believes that alongside Judge Chen's referral to this Court, under Local Rule 3-12, the cases also need to be referred to Judge Freeman as they "may be ... related" to *Feitelson-Google*.[3] Civ. L.R. 3-12(b). These cases each allege claims against Google defendants based on Google's contracts with app developers and its policies within the Android ecosystem. The chart below summarizes the *Feitelson-Google* case and each of the three Android/Google Cases in order of their filing.

| Case, No. (Judge) | Plaintiff / Type | Defendants | Property, Transaction or Event |
|---|---|---|---|
| *Feitelson v. Google Inc.,* No. 5:14-cv-02007 (Freeman, J.) | Gary Feitelson and Daniel McKee / Putative consumer class | Google Inc.*<br><br>*Converted to Google LLC in 2017 | Android OS Google Search Google's MADA Google Play Store |

---

[3] Each of the plaintiffs in the recently-filed Android/Google Cases—Epic, Mary Carr, and Pure Sweat Basketball—agreed to litigate disputes with Google "exclusively" in Santa Clara County, i.e., in the San Jose Division for federal court cases. *See* Google DDA, §16.8, available at https://play.google.com/about/developer-distribution-agreement.html; Google Terms of Service, Section "Settling disputes, governing law, and courts", available at https://policies.google.com/terms?hl=en-US. Judge Freeman is the only judge currently assigned an Android/Google Case (*Carr-Google*) who presides in the San Jose Division.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 3:20-cv-05671-JD
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF
DETERMINING RELATIONSHIP OF CASES

| | | | |
|---|---|---|---|
| *Epic Games, Inc. v. Google LLC et al.,* No. 3:20-cv-05671 (Donato, J.) | Epic Games / Individual app developer | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd.<br>Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Android OS<br>Google's MADA<br>Google Play Store<br>Google's Developer Distribution Agreements ("DDA") |
| *Carr v. Google LLC et al.,* No. 5:20-cv-05761 (Freeman, J.) | Mary Carr / Putative consumer class | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd.<br>Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Android OS<br>Google's MADA<br>Google Play Store<br>Google's DDA |
| *Pure Sweat Basketball, Inc. v. Google LLC et al.,* No. 3:20-cv-05792 (Chen, J.) | Pure Sweat Basketball / Putative app developer class | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd.<br>Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Android OS<br>Google's MADA<br>Google Play Store<br>Google's DDA |

The earliest filed case, *Feitelson-Google*, was pending in this district and dismissed by Judge Freeman in 2015. *See Feitelson v. Google Inc.*, 80 F. Supp. 3d 1019 (N.D. Cal. 2015) (granting motion to dismiss). The same counsel who represented the *Feitelson* plaintiffs also represent the plaintiff in *PSB-Google*, and both complaints allege the same theory of anticompetitive harm: Google's use of MADAs to purportedly foreclose competition in the relevant markets alleged in each complaint. Both complaints allege *inter alia* that under Google's MADA, OEMs can only preload "must-have" Google apps if the OEM agrees to preload a bundle of Google apps (including Google Play), which allegedly forecloses competitive apps from being preloaded. *See, e.g.*, *Feitelson-Google*, Dkt. No. 31, FAC ¶ 7; *PSB-Google*, Dkt. No. 1, Compl. ¶ 7. The *Epic-Google* and *Carr-Google* cases allege substantially similar legal theories. *See, e.g.*, *Epic-Google*, Dkt. No. 1, Compl., ¶¶ 56-57; *Carr-Google*, Dkt. No. 1, ¶¶ 33-34.

\*\*\*\*

Google defers to the Court's judgment as to whether, at this time, it should relate *PSB-Google* to *Epic-Google* in response to Judge Chen's Sua Sponte Referral. Google nevertheless wishes to alert the Court of an administrative motion that Google plans to file in *Feitelson-Google* as required by Local Rule 3-12(b).

Case No. 3:20-cv-05671-JD

1    Dated:  September 4, 2020                    By    /s/ Brian C. Rocca
2                                                      Brian C. Rocca
                                                      MORGAN, LEWIS & BOCKIUS LLP
3
                                                      *Attorneys for Defendant Google LLC*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO
                                    4                          Case No. 3:20-cv-05671-JD
          GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF
                            DETERMINING RELATIONSHIP OF CASES

# EXHIBIT A

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice forthcoming*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice forthcoming*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al.,<br><br>             Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>             Defendants. | Case No. 4:19-cv-03074-YGR<br><br>**GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

Pursuant to Civil L.R. 3-12(c) and (e), Google LLC ("Google") responds to the Sua Sponte Judicial Referral for Purposes of Determining Relationship of Cases ordered by Judge Chen in *Pure Sweat Basketball, Inc. v. Google LLC, et al.,* No. 20-cv-05792-EMC (N.D. Cal) ("*PSB-Google*"), ECF 16. Judge Chen has referred *PSB-Google* to Judge Donato and Judge Gonzalez Rogers to determine whether it is related to: *Epic Games, Inc. v. Google LLC et al.*, No. C-20-5671-JD ("*Epic-Google*"); *Cameron et al v. Apple Inc.*, No. C-19-3074-YGR ("*Cameron-Apple*"); or *Epic Games, Inc. v. Apple Inc.*, No. C-20-5640-YGR ("*Epic-Apple*").

For completeness, Google advises the Court that two other actions should also be considered for "relation" under Local Rule 3-12: *Feitelson v. Google Inc.,* No. 14-cv-02007 ("*Feitelson-Google*")[1], which "was pending" before Judge Freeman; and *Carr v. Google LLC,* No. 20-CV-05761 ("*Carr-Google*"), which "is pending" before Judge Freeman.

As a threshold matter, Google believes the three Android-related cases filed recently— *Epic-Google* (Donato, J.), *Carr-Google* (Freeman, J.) and *PSB-Google* (Chen, J.)—all "relate" to each other under Local Rule 3-12(a). Solely for convenience and purposes of this Response, Google refers to these actions as "the Android/Google Cases." Google also notes that under Local Rule 3-12, these three cases may be related to the earlier-filed Android case, *Feitelson-Google* (Freeman, J.), an action that "was pending in this District." Civ. L.R. 3-12(b).

Google respectfully opposes relation of the Android/Google Cases to *Cameron-Apple* or *Epic-Apple* (together, for purposes of this Response, the "iOS/Apple Cases"). Although Android and iOS compete to attract app developers and end users, Google (through Android) and Apple (through iOS) use different business models, agreements, and policies to support competing ecosystems. The Android/Google Cases and iOS/Apple Cases thus do not concern "substantially the same parties, property, transaction or event." Civ. L.R. 3-12(a)(1). Moreover, the cases sit in markedly different procedural postures—Google has not been served with the Complaints in *Epic-Google* and *Carr-Google*, and only two of five Google defendants have been served in *PSB-Google* (on August 21, 2020), whereas Apple has been engaged in continuous iOS-related

---

[1] The *PSB-Google* complaint cites to the *Feitelson-Google* complaint when referencing relevant Mobile Application Distribution Agreements ("MADAs"). PSB-Google Complaint, ¶ 69 n.75.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

litigation since 2011.  It is therefore unlikely that conducting the Android/Google Cases and iOS/Apple Cases before different Judges will lead to "unduly burdensome duplication of labor and expense or conflicting results."  Civ. L.R. 3-12(a)(2).

### DISCUSSION

An action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civ. L.R. 3-12(a).  The rule applies to any potentially related action "which is or was pending in this District."  Civ. L.R. 3-12(b) (emphasis added).

### I.    The Android/Google Cases Should Not Be Related To the iOS/Apple Cases

The Android/Google Cases and the iOS/Apple Cases lack the requisite "substantial" parity in parties, transactions, and operative facts.  This Court has rejected relation of cases even where parties and claims were far more similar than they are here.  *See Tecson v. Lyft*, No. 18-cv-06782, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) (Gonzalez Rogers, J.) (finding that TCPA cases against the *same* defendant did "not suffice to meet the substantial similarity threshold" because the cases involved "different facts and claims so the judge in each case would be focused on resolving separate issues of law and fact for different parties").

***Different Parties, Property, Transactions, and Events.*** The defendants in the Android/Google Cases are different from the defendants in the iOS/Apple Cases.  This is significant; it means there is virtually no overlap in the "property, transactions, or event[s]" at issue.  Civ. L.R. 3-12(a).  This Court has recognized in the iOS/Apple Cases that having the same defendant in those cases resulted in "each case stem[ming] from the use of the exact same technology and the economics regarding the same technology."  *Pepper v. Apple,* No. 11-cv-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (Gonzalez Rogers, J.) (finding "significant economies" in terms of case management and resolution of motions tied to an understanding of the technology, platform markets, and the transactions at issue).  In contrast, Android and iOS do <u>not</u> use the "exact same technologies" and the business models of these two

Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1    ecosystems, though in competition with each other, are materially different.

2          Android and iOS compete to attract app developers and end users, but the conduct

3    underlying their competition—and at issue in these two separate sets of lawsuits—is

4    distinct.  While Apple's iOS allows the distribution of apps only through Apple's proprietary app

5    store, Android devices, in contrast:  (1) can have multiple app stores simultaneously pre-installed

6    or downloaded and (2) allow for end users to sideload apps via the Internet.  That means Android

7    app developers can distribute apps through multiple Android app stores, work directly with

8    OEMs or carriers to preload apps, and distribute apps to users directly from their own

9    websites.  As a result, Apple and Google each have their own separate and unique negotiations

10   and contracts with app developers and original equipment manufacturers (OEMs).   These

11   fundamental differences in the way Apple and Google support app distribution create key

12   distinctions in the claims and defenses in the iOS/Apple Cases and Android/Google Cases.[2]

13         Although there is some overlap with certain named plaintiffs—e.g., Epic has filed suit in

14   both *Epic-Apple* and *Epic-Google*—and the app developer classes—i.e., developers can create

15   both iOS and Android versions of their app—this overlap is insignificant from a "relation"

16   perspective.  The operative facts relating to the business strategies and app distribution policies

17   that underlie the claims in the iOS/Apple Cases are different from those in the Android/Google

18   Cases.  *See Tecson*, 2019 WL 1903263, at *3 ("Even if there was some overlap between classes,

19   the operative facts for the putative classes would still make them substantially different.").

20         ***Little Duplication of Labor and Expense or Risk of Conflicting Results.*** The

21   Android/Google Cases and iOS/Apple Cases are in very different procedural postures, making it

22   unlikely there will be meaningful efficiencies created through relation.  The iOS/Apple Cases are

23   related to a consumer class case, *In re Apple iPhone Antitrust Litigation,* No. 11-cv-06714-YGR,

24   that was filed in 2011 and is set for class certification proceedings in 2021 and trial in

25   2022.  *Cameron-Apple* is proceeding on the same schedule.  The *Epic/Apple* matter appears to be

26   proceeding on an expedited schedule.  In contrast, no Google entity has been served in *Epic-*

27

28   _____
     [2] This Response does not suggest that claims against Apple in the iOS/Apple Cases have merit.

                                      3                    Case No. 4:19-cv-03074-YGR
                  GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
                  FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1   *Google* or *Carr-Google* and only two of five Google defendants were served in *PSB-Google* (on

2   August 21, 2020).  Once served, and only after the initial scheduling is worked out, Google will

3   challenge the complaints, in large part based on circumstances unique to Android, just as it did in

4   *Feitelson v. Google, Inc.*, 80 F. Supp. 3d 1019 (N.D. Cal. 2015).  These differences in procedural

5   posture make it unlikely that there will be an unduly burdensome duplication of labor and

6   expense, and given the different defendants and operative facts, there is little risk of conflicting

7   results.  *Cf. Pepper*, 2019 WL 4783951, at *2 (relating cases when "[a]ll three cases are currently

8   in a similar procedural posture and have yet to begin substantial discovery and so efficiency gains

9   will be achieved in discovery" and "the fact that both sets of plaintiffs seek injunctive relief

10  [against Apple] presents a sufficient risk of inconsistent results to warrant relation").

11  ## II.   The Android/Google Cases All Relate To Each Other

12  While the three Android/Google Cases are related to each other, Google believes that

13  alongside Judge Chen's referral to Judge Donato, under Local Rule 3-12, the cases also need to

14  be referred to Judge Freeman as they "may be ... related" to *Feitelson-Google*.[3]  Civ. L.R. 3-

15  12(b).  These cases each allege claims against Google defendants based on Google's contracts

16  with app developers and its policies within the Android ecosystem.  The chart below summarizes

17  the *Feitelson-Google* case and each of the three Android/Google Cases in order of their filing.

| Case, No. (Judge) | Plaintiff / Type | Defendants | Property, Transaction or Event |
|---|---|---|---|
| *Feitelson v. Google Inc.*, No. 5:14-cv-02007 (Freeman, J.) | Gary Feitelson and Daniel McKee / Putative consumer class | Google, Inc.*<br><br>*Converted to Google LLC in 2017 | Android OS<br>Google Search<br>Google's MADA<br>Google Play Store |
| *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671 | Epic Games / Individual app developer | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd. | Android OS<br>Google's MADA<br>Google Play Store |

25  [3]  Each of the plaintiffs in the recently-filed Android/Google Cases—Epic, Mary Carr, and Pure

26  Sweat Basketball—agreed to litigate disputes with Google "exclusively" in Santa Clara County, i.e., in the San Jose Division for federal court cases.  *See* Google DDA, §16.8, available at

27  https://play.google.com/about/developer-distribution-agreement.html; Google Terms of Service, Section "Settling disputes, governing law, and courts", available at

28  https://policies.google.com/terms?hl=en-US.  Judge Freeman is the only judge currently assigned an Android/Google Case (*Carr-Google*) who presides in the San Jose Division.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                                                                              Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

| (Donato, J.) | | Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Google's Developer Distribution Agreements ("DDA") |
|---|---|---|---|
| *Carr v. Google LLC et al.,* No. 5:20-cv-05761 (Freeman, J.) | Mary Carr / Putative consumer class | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd.<br>Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Android OS<br>Google's MADA<br>Google Play Store<br>Google's DDA |
| *Pure Sweat Basketball, Inc. v. Google LLC et al.,* No. 3:20-cv-05792 (Chen, J.) | Pure Sweat Basketball / Putative app developer class | Google LLC<br>Google Payment Corp.<br>Google Ireland Ltd.<br>Google Commerce Ltd.<br>Google Asia Pacific Pte. Ltd. | Android OS<br>Google's MADA<br>Google Play Store<br>Google's DDA |

The three recently-filed cases each concern the same open mobile OS (Android) and challenge the same Google Play policies, so there is a potential risk of inefficiencies and conflicting results if those cases are heard before different Judges. The earlier filed case, *Feitelson-Google*, was pending in this district and dismissed by Judge Freeman in 2015. *See Feitelson v. Google, Inc.*, 80 F. Supp. 3d 1019 (N.D. Cal. 2015) (granting motion to dismiss). The same counsel who represented the *Feitelson* plaintiffs also represent the plaintiff in *PSB-Google*, and both complaints allege the same theory of anticompetitive harm: Google's use of MADAs to purportedly foreclose competition in the relevant markets alleged in each complaint. Both complaints allege *inter alia* that under Google's MADA, OEMs can only preload "must-have" Google apps if the OEM agrees to preload a bundle of Google apps (including Google Play), which allegedly forecloses competitive apps from being preloaded. *See, e.g., Feitelson-Google,* Dkt. No. 31, FAC ¶ 7; *PSB-Google*, Dkt. No. 1, Compl. ¶ 7. The *Epic-Google* and *Carr-Google* cases allege substantially similar legal theories. *See, e.g.*, *Epic-Google,* Dkt. No. 1, Compl., ¶¶ 56-57; *Carr-Google,* Dkt. No. 1, ¶¶ 33-34.

*     *     *

Google therefore respectfully requests that the Court decline to relate *PSB-Google* to *Cameron-Apple* or *Epic-Apple*.[4]

---

[4] Google has filed this initial Response in the lowest-numbered case identified on Judge Chen's Sua Sponte Referral Order. Google also intends to file in due course: (1) a response to Judge Chen's Sua Sponte Referral on the docket for *Epic-Google* (before Judge Donato), and (2) an administrative motion as required by Civ. L.R. 3-12(b) to consider whether the Android/Google cases "may be" related to *Feitelson-Google*, which "was pending" before Judge Freeman.

MORGAN, LEWIS & BOCKIUS LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

5

Case No. 4:19-cv-03074-YGR<br>GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL<br>FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES

1   Dated:  September 3, 2020                    By   /s/ Brian C. Rocca
2                                                     Brian C. Rocca
                                                      MORGAN, LEWIS & BOCKIUS LLP
3                                                     Attorneys for Google LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                                     Case No. 4:19-cv-03074-YGR
GOOGLE LLC'S RESPONSE TO SUA SPONTE JUDICIAL REFERRAL
FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES