Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Bonny E. Sweeney (SBN 176174)
Samantha J. Stein (SBN 302034)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
bsweeney@hausfeld.com
sstein@hausfeld.com

*Attorneys for Plaintiffs and the Proposed Classes*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PURE SWEAT BASKETBALL, INC.,<br>        Plaintiff,<br>                    vs.<br>GOOGLE LLC, *et a*l.,<br>        Defendants. | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC.<br>        Plaintiff,<br>                    vs.<br>GOOGLE LLC, et al.,<br>        Defendants. | Case No. 3:20-cv-06772-JD |
| *This action is related to:*<br><br>*Epic Games, Inc. v. Google LLC, et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>*Carr, et al v. Google LLC, et al.,*<br>Case No. 3:20-cv-05761-JD | **NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CLASS COUNSEL**<br>Date:         Dec. 3, 2020<br>Time:         10:00 a.m.<br>Courtroom:  Via Zoom Platform<br>Judge:        Hon. James Donato |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2020, at 10:00 a.m., in the courtroom of the Hon. James Donato of the United States District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, with hearing, if ordered, to be conducted via the Court's Zoom platform, plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order appointing interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3) for the proposed developer class in *Pure Sweat Basketball, Inc. v. Google LLC, et al.*, 3:20-cv-05792-JD and in *Peekya App Services, Inc. v. Google LLC, et al.*, N.D. Cal. No. 3:20-cv-06772-JD, which plaintiffs have stipulated among themselves and the defendant to consolidate. More specifically, plaintiffs request that the Court appoint Hagens Berman Sobol Shapiro LLP, Hausfeld LLP, and Sperling & Slater, P.C. as interim co-lead counsel for the proposed developer class.

Plaintiffs respectfully note that they do not require or seek a hearing for this motion and would welcome the opportunity to discuss the proposed leadership structure at the Status Conference scheduled for October 29, 2020.

This motion is based on this notice and motion; the accompanying memorandum of points and authorities in support of the motion; the concurrently filed declarations of Steve W. Berman, Bonny E. Sweeney and Eamon P. Kelly, with their exhibits where indicated; and the Proposed Order lodged herewith.

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND ...................................................................................2

    A.   The standards for appointment of interim leadership are well-established. ...................................................................................................3

    B.   Hagens Berman, Hausfeld, and Sperling & Slater will lead this case with a focus on efficiency and effectiveness. ................................................4

        1.   Efficient and non-duplicative use of attorneys ................................4

        2.   Lead attorneys .................................................................................5

            a.   Steve Berman.........................................................................6

            b.   Bonny E. Sweeney.................................................................7

            c.   Eamon P. Kelly......................................................................7

            d.   Melinda R. Coolidge .............................................................8

            e.   Katie R. Beran ......................................................................8

            f.   Robert F. Lopez .....................................................................9

    C.   Hagens Berman, Hausfeld, and Sperling & Slater have done original work to develop claims of class members and have the necessary resources to litigate this case on behalf of the developer plaintiffs............9

    D.   Hagens Berman, Hausfeld, and Sperling & Slater have the requisite experience in handling class actions, other complex litigation, and the types of claims asserted. ...................................................................11

    E.   Hagens Berman, Hausfeld, and Sperling & Slater have the necessary resources to litigate this case on behalf of the developer plaintiffs............14

IV.  CONCLUSION ....................................................................................................15

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

### FEDERAL CASES

4

*Bartling v. Google Inc.*,

5

    2018 WL 4804735 (N.D. Cal. Apr. 27, 2018)............................................................................ 3, 4

6

### FEDERAL RULES

7

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

8

Fed. R. Civ. P. 26(f) .............................................................................................................. 2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.       INTRODUCTION

Plaintiffs in *Pure Sweat Basketball, Inc. v. Google LLC, et al.,* N.D. Cal. No. 3:20-cv-05792-JD, and *Peekya App Services, Inc. v. Google LLC, et al.*, N.D. Cal. No. 3:20-cv-06772-JD, propose a co-lead interim class counsel leadership structure for these proposed class action matters—which they have agreed to consolidate—consisting of Hagens Berman Sobol Shapiro LLP; Hausfeld LLP; and Sperling & Slater, P.C. Respectfully, appointment of interim class counsel is warranted pursuant to Federal Rule of Civil Procedure 23(g)(3) and will prove beneficial to the efficient and successful representation of the plaintiffs and proposed class.

These three firms have filed two cases on behalf of Android application developers, in which the plaintiffs allege federal antitrust and California state law claims against Google LLC and related entities. The *Pure Sweat* action, in which Hagens Berman and Sperling & Slater represent the plaintiff and proposed classes, was filed on August 17, 2020. The *Peekya* action, in which Hausfeld represents the plaintiff and proposed class, followed on September 20, 2020. This Court recently related both the *Pure Sweat* and *Peekya* actions to *Epic Games, Inc. v. Google LLC, et al.*, N.D. Cal. No. 3:30-cv-05671-JD, a case in which the plaintiff seeks injunctive relief against Google based on alleged violations of federal antitrust and California state law.

Hagens Berman, Hausfeld, and Sperling & Slater, will litigate this matter on behalf of the developer plaintiffs with a tight-knit team of attorneys with deep experience litigating antitrust and unfair-competition claims.[1] They will work together to ensure that the matter is prosecuted efficiently and effectively, that work is distributed carefully and without duplication of effort, and that sufficient attorney, staff, logistical, and financial resources are deployed on behalf of plaintiffs and the proposed developer class.

Neither *Pure Sweat* nor *Peekya* is a follow-on case spurred by a governmental investigation in the United States. Rather, these lawyers developed the cases from scratch, including

---

[1] Declaration of Steve W. Berman in Support of Plaintiffs' Motion to Appoint Interim Class Counsel (Berman Decl.), ¶¶ 2, 4-5 and Ex. A thereto; Declaration of Bonny E. Sweeney in Support of Plaintiffs' Motion to Appoint Interim Class Counsel (Sweeney Decl.), ¶ 2 and Ex. A thereto; and Declaration of Eamon P. Kelly in Support of Plaintiffs' Motion to Appoint Interim Class Counsel (Kelly Decl.), ¶¶ 4-10.

consultation with experts, prior to filing. The *Pure Sweat* complaint is a product of an investigation by the firms Hagens Berman and Sperling & Slater regarding mobile app distribution practices by both Apple and Google, which resulted in the filing of *Cameron et al v. Apple Inc.*, N.D. Cal. No. 19-cv-03074-YGR more than a year ago and the filing of this action immediately after Epic Games Inc. filed its complaint in August. *Peekya App Services* retained Hausfeld as a result of its expertise and experience in bringing complaints against Google for abuse of monopoly power, resulting in record-setting fines by the European Commission. Building on the firm's expertise in Europe, Hausfeld's attorneys in the United States have spent months investigating the market for licensable smart mobile operating systems and Google's conduct with regard to the Google Play Store. While both cases were accelerated by the filing of Epic's complaint, both complaints reflect original work product as a result of each firm's own investigations.

These lawyers have already worked together to consolidate the *Pure Sweat* and *Peekya* complaints. In addition, these firms have been in communication with counsel for Google, counsel for Epic, and counsel for the consumer class in the related *Carr* matter[2] regarding the joint case management statement filed on October 1, 2020, the Rule 26(f) conference, the joint proposed plan filed with this Court on October 16, 2020,[3] and discovery coordination, among other things.

Furthermore, the three proposed firms, with their deep experience in antitrust discovery, including the handling of vast amounts ESI materials, are ready to hit the ground running toward establishing and executing an efficient and effective discovery plan. With their extensive experience in similar cases in Europe (Hausfeld) and their ongoing experience with similar claims in *Cameron v. Apple Inc.*, N.D. Cal. No. 4:19-cv-03074-YGR (Hagens Berman and Sperling & Slater), the three firms are particularly well-positioned to advance this case expeditiously.

## II.     FACTUAL BACKGROUND

Plaintiffs *Pure Sweat* and *Peekya* are developers of Android OS apps and in-app products that distribute their digital products via Google Play, Google's Android app store, or apps sold

---

[2] *Carr v. Google LLC, et al.*, N.D. Cal. No. 5:20-cv-05761-JD.

[3] Joint Proposed Plan for Discovery Coordination and Case Scheduling, ECF No. 54.

1    therein. Plaintiffs allege that Google has acquired and maintained monopoly (or, alternatively,

2    monopsony) power in the U.S. market for market for Android app and in-app distribution services.

3    They also allege that Google monopolizes the Android market for in-app payment processing.

4    They maintain that Google abuses its power by mandating minimum pricing for paid apps and

5    other digital products. They allege that Google's monopolization of Android app distribution has

6    led to the grave overcrowding of Google Play, to their detriment and that of the proposed class.

7    They also contend that Google has overcharged developers for distribution services (or underpaid

8    them for their digital products) and mandatory payment-processing services, and that its practices

9    have led to damages based on overcharges, concomitant lost profits, and decreased output and

10   innovation, all to the detriment of competition.[4]

11        Plaintiffs allege violations of Sections 1, 2 and 3 of the Sherman Act, as well as violations

12   of California state law on behalf of themselves and the proposed developer class.

13                              **III.    ARGUMENT**

14        Hagens Berman, Hausfeld, and Sperling & Slater are well-suited to serve as co-lead counsel

15   here because they will litigate this case with a diverse team of attorneys who: (1) have achieved

16   tremendous success in antitrust and unfair-competition cases; (2) possess specialized expertise in

17   antitrust law, and in other distinctive matters raised by this case; (3) have consistently achieved

18   superior results in complex, nationwide class actions, including in Sherman Act actions; and (4)

19   did original work developing plaintiffs' claims and possess sufficient resources to litigate this case.

20   **A.    The standards for appointment of interim leadership are well-established.**

21        Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "'may designate interim

22   counsel to act on behalf of a putative class before determining whether to certify the action as a

23   class action.'" *Bartling v. Google Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D.

24   Cal. Apr. 27, 2018) (quoting Fed. R. Civ. P. 23(g)(3)). "'Instances in which interim class counsel is

25   appointed are those in which overlapping, duplicative, or competing class suits are pending before

26

27        [4] These and other characterizations are mere summaries. Plaintiffs' current allegations are set
     forth in their Consolidated Amended Complaint.

28

a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Id.* (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))).

Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the following factors contained in Federal Rule of Civil Procedure 23(g)(1):

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. Proc. 23(g)(1)(A); *Bartling*, 2018 WL 4804735, at *1. The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. Proc. 23(g)(1)(B); *Bartling*, 2018 WL 4804735, at *1.

**B.    Hagens Berman, Hausfeld, and Sperling & Slater will lead this case with a focus on efficiency and effectiveness.**

Hagens Berman, Hausfeld, and Sperling & Slater are committed to litigating this case efficiently and effectively. They will do so with a diverse team of attorneys, whose collective and individual qualifications are set forth in the resumes attached to the Declarations of Steve W. Berman, Bonny E. Sweeney, and Eamon P. Kelly.[5]

Toward these ends, the three firms, if appointed, will implement the measures described below. *See* Fed. R. Civ. Proc. 23(g)(1)(B) (a court may consider other pertinent factors beyond the four factors specifically delineated in Rule 23(g)(1)(A)).

**1.    Efficient and non-duplicative use of attorneys**

Counsel, with due consideration of the Court's previous rulings on class leadership, pledge to lead this matter as follows: (1) primary responsibility for specific tasks will regularly be assigned to a single firm among the group of three, and, as appropriate, one to three attorneys; (2) no more than two plaintiffs' attorneys will bill for attendance at most fact depositions; (3) only

---

[5] Berman Decl., Ex. A; Sweeney Decl., Ex. A; Kelly Decl., ¶¶ 4-10.

attorneys assigned by co-lead counsel to work on a particular matter will be permitted to bill for time spent reviewing discovery requests or responses, motions, or correspondence.

At the close of each calendar month, interim co-lead counsel will ensure that all time and expenses have been entered by all timekeepers in final form. Lead counsel will thereafter review and write-down or write-off time for inefficiencies, duplication of effort, misjudgments in staffing, and the like, including (absent extenuating circumstances) time that does not comply with the above requirements.[6] By 14 days after each month's end, interim co-lead counsel will finalize the bills, reflecting lead counsel's review of the billing records and any adjustments. Final bills for each month will be segregated and kept by lead counsel and will not be altered. Only these records, prepared contemporaneously with the expenditures, will be used for a fees and costs motion.

Counsel will be pleased to implement any other efficiency-enhancing measures that the Court may deem appropriate.

### 2. Lead attorneys

In addition to heavy hitters Steve Berman (Hagens Berman) and Bonny Sweeney (Hausfeld), the proposed leadership team includes Eamon Kelley (Sperling & Slater), Melinda Coolidge and Katie Beran (Hausfeld), and Rob Lopez (Hagens Berman). This proposal will make leadership roles "available to newer and less experienced lawyers," and proudly "reflects the diversity of legal talent available and the requirements of the case."[7] Together, these attorneys bring both the diversity and the experience necessary to run a matter of this complexity against a defendant as large and well-resourced as Google.

---

[6] Interim co-lead counsel will also ensure that any travel expenses will only be billed as follows: domestic air travel of less than six hours shall only be billed at the lowest coach class rates available from their preferred national carrier at the time of booking (regardless of the class flown); lodging expense shall only be billed at reasonable rates consistent with the cost of national chain hotels; and daily *per diem* shall be limited to $125 per person, exclusive of lodging and transportation.

[7] *See In re Robinhood Outage Litigation,* Case No, 3:20-cv-01626-JD (ECF No. 19); *see also* Berman Decl., ¶ 5 and Exs. B (Resolution on Diversity in Trial Court Appointments, National Association of Women Judges) and C (Standards and Best Practices for Large and Mass-Tort MDLs) thereto.

1

### a.    Steve Berman

2       Steve Berman is the founding partner of Hagens Berman and the nationwide managing

3   partner of its nine offices. Mr. Berman brings to this case a vast wealth of experience that is almost

4   unmatched in the plaintiffs' bar. Mr. Berman has served as lead or co-lead counsel in antitrust,

5   securities, consumer, products liability, and employment class actions throughout the country.

6       Mr. Berman is also lead counsel in the parallel *Cameron v. Apple* iOS developer matter.

7   Through that role, he and his team obtained a wealth of experience and knowledge regarding the

8   app development industry and related antitrust issues that will be of great aid in litigating the

9   consolidated developer matter against Google.

10      Moreover, the *Cameron v. Apple* iOS developer case builds on Mr. Berman's substantial

11  work in the field. For example, the *Cameron* plaintiffs cited Mr. Berman's experience in *In re*

12  *Elec. Books Antitrust Litig.* in Hagens Berman's successful application for interim lead class

13  counsel. In *E-Books*, Mr. Berman captained Hagens Berman's team to a $568 million recovery for

14  consumers.[8] As here, following its own investigation, Mr. Berman led the firm's litigation on

15  behalf of a class of e-book readers. The *E-Book* litigation included several appeals by Apple to the

16  Second Circuit, and even a Petition for Writ of Certiorari to the Supreme Court. In the end,

17  consumers recovered an outstanding recovery of over half a billion dollars.

18      Mr. Berman also was co-lead counsel in *In re Visa Check/MasterCard Antitrust Litig.*,[9]

19  with one other firm. This case settled on the eve of trial for over $3 billion in cash and over $20

20  billion in injunctive relief, making it one of the largest antitrust settlements in history.

21      Additionally, Mr. Berman was the lead trial lawyer in *In re Pharmaceutical Industry*

22  *Average Wholesale Price Litigation*,[10] where he tried the class case against four manufacturers and

23  successfully argued the appeal from the trial before the First Circuit. Mr. Berman was also the lead

24

25      [8] Plaintiffs' Motion for Final Approval of Apple Settlement and Distribution Plan, *In re Elec.*

26  *Books Antitrust Litig.*, No. 11-md-02293 DLC (S.D.N.Y. Nov. 14, 2014), ECF No. 675.

    [9] No. 96-cv-05238 (E.D.N.Y.).

27      [10] MDL No. 1456 (D. Mass.).

28

counsel in *New England Carpenters v. First DataBank* [11] on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start. And in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*,[12] Mr. Berman led Hagens Berman's trial team in a 10-day trial in September 2019, successfully obtaining an injunction against the NCAA relating to caps on compensation available to college student-athletes.

          **b.**       **Bonny E. Sweeney**

Bonny Sweeney co-chairs Hausfeld LLP's Antitrust Practice Group and serves on the firm's management committee. With three decades of litigation experience, including nearly 25 years in antitrust class action litigation, Ms. Sweeney has served as lead counsel in numerous antitrust and unfair competition cases, including in monopolization and two-sided platform cases. Ms. Sweeney previously served, for example, as co-lead counsel for a class of retailers in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, which resulted in a settlement of more than $7 billion, and currently serves as lead counsel in *In re Packaged Seafood Antitrust Litigation*, a price-fixing case pending in the Southern District of California. She has tried several cases to verdict, including antitrust and monopolization cases, and has worked extensively with and examined and cross-examined economic experts at trial. Ms. Sweeney has written and lectured extensively on antitrust law, including on Section 2 and technology platform issues, and has repeatedly been recognized for her antitrust expertise, including by organizations such as *The Legal 500*, *Lawdragon*, *Best Lawyers in America*, and *Benchmark Litigation Rankings*.

          **c.**       **Eamon P. Kelly**

Eamon Kelly is a partner at Sperling & Slater P.C., a firm that since its founding has focused on antitrust enforcement—including both direct (opt-out) and class claims. Mr. Kelly co-

---

[11] No. 05-11148-PBS (D. Mass.).

[12] No. 14-md-2143-CW (N.D. Cal.).

leads Sperling & Slater's antitrust class action practice. Mr. Kelly actively represents class plaintiffs in matters involving various fields of technology as well as the pharmaceutical industry. Mr. Kelly currently represents Sperling & Slater on the executive committee in *Staley v. Gilead Sciences* (3:19-cv-02573 – N.D. Cal.), and leads the Sperling & Slater team in the *Cameron v. Apple* iOS developer matter, where the firm likewise serves on the executive committee. Mr. Kelly is experienced at handling antitrust matters, however, as compared to other lead counsel, he is a newer attorney and this case will be Mr. Kelly's first opportunity to lead his firm's work in a matter where Sperling & Slater is acting as co-lead counsel.

### d.   Melinda R. Coolidge

Named as one of the Top 100 Women in Antitrust by Global Competition Review, and an Antitrust Trailblazer by the National Law Journal, Melinda Coolidge has litigated a number of antitrust class actions with excellent results for the class. Cutting her teeth on *In re Air Cargo Antitrust Litigation* (in which Hausfeld was co-lead counsel) with more than 30 defendants and $1 billion settlements, and then *In re Vitamin C Antitrust Litigation,* (including a victory at trial and a 9-0 victory in the U.S. Supreme Court), she then represented some of the largest car manufacturers seeking cartel damages in the *Auto Parts Antitrust Litigation*, and now represents more than 20 major rail freight shippers in the *Rail Freight Antitrust Litigation*. She recently settled *In re Thalomid and Revlimid Antitrust Litigation*, the first class case to allege abuse of the REMS restricted distribution system to block generic entry, for $34 million.

### e.   Katie R. Beran

Katie Beran is a partner in Hausfeld's Philadelphia office. She focuses on complex litigation on behalf of plaintiffs in the areas of antitrust, consumer protection, and environmental litigation, and she also maintains a robust pro bono practice. Ms. Beran has received many recognitions and honors in recent years, including being named a 2020 "On the Rise – Top 40 Young Lawyer" in the country by the American Bar Association. Her antitrust experience includes *In re Thalomid and Revlimid Antitrust Litigation* (discussed above) and *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, a case alleging a conspiracy to fix the prices of foreign exchange instruments among some of the largest banks in the world, in which Hausfeld (as co-lead

counsel) has secured more than $2.3 billion in settlements. As Hausfeld's newest partner, this will be Ms. Beran's first opportunity to lead Hausfeld's work on a complex antitrust matter.

### f.   Robert F. Lopez

Robert Lopez is a partner in Hagens Berman's Seattle office. He brings to this matter almost three decades of experience in complex commercial and consumer litigation. With a keen interest in matters involving technology, Mr. Lopez has been a key team member in Hagens Berman's *Carrier iQ* MDL,[13] Google AdSense ex-publisher,[14] and Tesla Autopilot matters,[15] all of which settled on nationwide class wide bases, to name a recent few. All of these matters involved the production of highly sensitive and complex material, which Mr. Lopez took the lead in discovering and analyzing. Also, the former two matters also entailed intensive legal and factual analysis more broadly, together with commensurately complicated briefing and hearings. With Mr. Berman, Mr. Lopez is leading the developer counsel team in the parallel *Cameron v. Apple* iOS matter.

**C.   Hagens Berman, Hausfeld, and Sperling & Slater have done original work to develop claims of class members and have the necessary resources to litigate this case on behalf of the developer plaintiffs.**

The three proposed firms have worked hard to develop the claims of members of the putative class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (a court must consider "the work counsel has done in identifying or investigating potential claims in the action").

Hagens Berman and Sperling & Slater began investigating the claims brought in the *Pure Sweat* complaint more than a year ago. Based on this prior investigation and work with the firm's experts, Hagens Berman drafted the present complaint against Google. Likewise, Sperling & Slater

---

[13] Hagens Berman was Co-Lead Class Counsel in this very complicated matter, wherein MDL proceedings followed from the filing of 70+ cases in districts around the country against numerous big-tech companies including HTC, Samsung, Motorola, and LG. *See, e.g.*, *In re Carrier iQ, Inc., Consumer Privacy Litig.*, Case No. 14-md-02330 (N.D. Cal.), ECF Nos. 99 and 100 (appointing Hagens Berman co-lead counsel in multidistrict litigation).

[14] *See, e.g.*, *Free Range Content, Inc. v. Google LLC*, Case No. 14-cv-02329 (N.D. Cal.), ECF No. 286 (Order Granting Plaintiffs' Motion for Final Approval of Settlement).

[15] *See, e.g.*, *Sheikh v. Tesla, Inc.*, Case No. 17-cv-02193 (N.D. Cal.), ECF No. 71 (Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement).

was also actively investigating app developer antitrust claims against Apple and Google. Hagens Berman and Sperling & Slater joined forces and decided to await developments in the Apple case before filing the Google case. In both actions, Hagens Berman and Sperling & Slater represent named plaintiff Pure Sweat Basketball, a basketball training company that provides a mobile basketball workout and training app that offers customized workout sessions developed by a prominent NBA skills coach for players from the middle school through the NBA level. Pure Sweat has numerous subscribers using the app on Apple and Android devices and is well incentivized to pursue meaningful relief for the class.

Hagens Berman and Sperling & Slater invested time and energy in researching the *Pure Sweat* developer claims, spending time not only understanding Pure Sweat's issues, but also devoting many months to researching the relevant factual, legal, technical, and academic matters. Hagens Berman consulted with experts as well, all toward ensuring that plaintiffs and their fellow Android developers would have the best representation and prospects for success in this important matter. When Epic filed, however, Hagens Berman and Sperling & Slater believed it was critical to file their action to advance the interest of the Plaintiff class.

Hausfeld similarly has been investigating Google's anticompetitive and monopolizing conduct for years; specifically, the firm has represented numerous clients that have brought formal complaints against Google before the European Commission, resulting in precedent-setting decisions and record-breaking fines. In 2009, 2012, and 2014, Hausfeld represented publisher associations, online shopping sites, the Open Internet Project, and other clients in their complaints against Google's abusive self-preferencing in the Google Search (Shopping) case before the European Commission, leading to a record-breaking €2.42 billion fine in 2017. Hausfeld also represented four of nine interveners on the Commission's side before the EU court in Google's appeal of this decision, and the firm currently represents 25 comparison shopping services in relation to Google's non-compliance with the remedy imposed. Four different comparison shopping services retained Hausfeld in follow-on cases to pursue damages claims collectively in excess of €1 billion against Google. The firm attained injunctive relief against Google for blocking competing services from its general search results pages on behalf of a large media company, and

1   separately, obtained injunctive relief against Google regarding the way it advertised its own service

2   in search results. Similarly, Hausfeld represented all complainants before the European

3   Commission regarding Google's practice of self-preferencing for jobs and vacation rental searches,

4   which resulted in the European Commission launching preliminary investigations in 2018 and

5   2019. In addition, Hausfeld represents several complainants challenging Google's search practices

6   before national competition authorities such as the German Federal Cartel Authority.

7   But even more on point is the work that Hausfeld has done on behalf of clients before the

8   European Commission with regard to Google Android and Google Play. Hausfeld represented the

9   Open Internet Project, an association representing hundreds of media companies, as one of the five

10   formal complainants (and other entities as interested third parties) relating to, inter alia, Google's

11   bundling of its app store and other software. These complaints led to the largest EU antitrust fine

12   ever, of €4.3 billion. Hausfeld now represents three of seven of the interveners on the

13   Commission's side in Google's appeal. The firm is also advising large media conglomerate and

14   press publishers associations in relation to the European Commission's pending investigation into

15   Apple's app store practices.

16   **D.    Hagens Berman, Hausfeld, and Sperling & Slater have the requisite experience in**
        **handling class actions, other complex litigation, and the types of claims asserted.**
17

18   Class members should be represented by the counsel that will get them the best results. *See*

19   Fed. R. Civ. P. 23(g)(1)(A)(ii) (a court must consider "counsel's experience in handling class

20   actions, other complex litigation, and the types of claims asserted in the action"). This team of

21   attorneys has consistently won compensation for class members that far surpasses outcomes in

22   comparable litigation. Hagens Berman, Hausfeld, and Sperling & Slater, are well capable of

23   presenting the prospective class' damages models. These firms regularly work with economists to

24   develop econometric models that establish antitrust damages on behalf of their clients and classes.

25   A typical case for the proposed firms frequently involves grappling with the claims of other groups

26

27

28

whose interests are adverse to, or different from, those of their clients.[16] Now that the developer

and consumer cases have been related, this skill-set will be essential.

### Hagens Berman

To reiterate an example cited above: Hagens Berman, following its own investigation,

initiated litigation against Apple and major book publishers that led to $568 million in recovery for

purchasers of electronic books.[17] Consumers recovered more than *200 percent* of their estimated

damages, far exceeding the partial recovery usually received by plaintiff consumers in antitrust

class actions. Also, Hagens Berman, as one of three co-lead firms, achieved $168.5 million in

settlements in the *Animation Workers* litigation prosecuted in this judicial district. This is an

average class member recovery of $16,823—more than double the class member recovery

achieved in the comparable *High Tech Employee* litigation, even though neither the United States

Department of Justice nor plaintiffs' attorneys in *High Tech* chose to pursue claims against most of

the defendants in the *Animation Workers* litigation.[18] Counsel's efficiencies limited their lodestar

to only $9 million, despite vigorous defense by a who's who of defense firms, including Keker &

Van Nest and Williams & Connolly.[19]

Furthermore, Hagens Berman, acting as co-lead counsel in *In re National Collegiate

Athletic Association Athletic Grant-in-Aid Cap Antitrust Litig.*, obtained an approximately $208

million settlement in the damages portion of a  class action alleging antitrust claims on behalf of

current and former NCAA Division 1 student-athletes.[20] The settlement sum represented nearly

100% of estimated single damages for the class. Subsequently, as discussed briefly above, the firm

---

[16] *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, Case No. 16-cv-08637 (N.D. Ill.) (where indirect purchasers are working jointly with two other proposed classes and over 70 direct action plaintiffs)

[17] Plaintiffs' Motion for Final Approval of Apple Settlement and Distribution Plan, *In re Elec. Books Antitrust Litig.*, No. 11-md-02293 DLC (S.D.N.Y. Nov. 14, 2014), ECF No. 675.

[18] Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards, *In re Animation Antitrust Litig.*, No. 14-cv-04062-LHK (N.D. Cal. Apr. 10, 2017), ECF No. 385.

[19] *Id.*

[20] *See In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-MD-2541-CW, 2017 WL 6040065, at *1 (N.D. Cal. Dec. 6, 2017), *aff'd*, 768 F. App'x 651 (9th Cir. 2019).

1    and co-lead counsel tried the injunction portion of the case before former N.D. Cal. Chief Judge

2    Claudia Wilken, obtaining a favorable injunction for the class of student-athletes challenging

3    NCAA-imposed caps on athletic scholarships.  The injunction was upheld by the Ninth Circuit.[21]

4        **Hausfeld**

5        Hausfeld has, in recent years, served as lead or co-lead counsel in more than 30 major

6    antitrust class action cases. Hausfeld is widely recognized as one of the nation's preeminent

7    plaintiffs' firms, and its attorneys possess wide-ranging expertise in class action litigation,

8    particularly in antitrust. The Legal 500 has named Hausfeld a "Tier 1" antitrust firm for years, and

9    the Global Competition Review has said the lawyers at Hausfeld "have established themselves as

10   one of—if not the—top plaintiffs' antitrust firm in the US." In this circuit, Hausfeld has held

11   leadership positions in a number of antitrust class actions. *See, e.g.*, *In re California Gasoline Spot*

12   *Market Antitrust Litig.*, 20-cv-3131 (N.D. Cal.) (Judge Corley appointed Hausfeld co-lead

13   counsel); *Inductors* (Judge Davila appointed Hausfeld as interim co-lead counsel in class action

14   involving direct purchasers alleging price-fixing and anticompetitive conduct in the Inductors

15   industry); *In re Korean Ramen Antitrust Litig.*, No. 3:13-cv-04115-WHO (N.D. Cal.) ("*Ramen*")

16   (Judge Orrick appointed Hausfeld as co-lead counsel for a certified class of direct purchasers of

17   Korean ramen noodles who alleged price-fixing claims, which the firm litigated through trial); *In*

18   *re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967-CW (N.D. Cal.)

19   ("*NCAA*") (Judge Wilken appointed Hausfeld as antitrust class counsel on behalf of a certified

20   class of student athletes, and Hausfeld successfully litigated this action through trial and appeal);

21   *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 3:07-cv-05634-CRB (N.D. Cal.)

22   ("*Transpacific*") (Judge Breyer appointed Hausfeld as co-lead counsel in certified class action

23   involving allegations that airlines conspired to fix prices of passenger fares and/or fuel surcharges

24   for transpacific flights); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670-JLS

25   (MDD) (S.D. Cal.) ("*PSPs*") (Judge Sammartino appointed Hausfeld as sole lead counsel for a

26

27   [21] *See In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 375 F.
     Supp. 3d 1058 (N.D. Cal. 2019), *aff'd*, 958 F.3d 1239 (9th Cir. 2020).

28

certified class of direct purchasers of packaged tuna products). The firm has achieved recent outstanding antitrust settlements exceeding $10 billion.[22]

**Sperling & Slater**

Sperling & Slater specializes in complex antitrust litigation. Since its founding by Bruce Sperling and Paul Slater, then an antitrust professor at Northwestern University Law School, the firm has specialized in antitrust enforcement. Sperling & Slater represented plaintiffs in over 50 such antitrust matters, including: matters in the electronics industry (*CRT*, *LCD*,[23] and *ODD*[24]); retail products; automotive parts; and name-brand pharmaceutical antitrust litigation. The firm notably represented major grocery store chains and retail chain merchants in antitrust claims against American Express, MasterCard and Visa in the *Payment Card Interchange Fee* litigation; obtaining significant settlements through a decade of litigation. In addition, the firm has handled dozens of antitrust class actions, and it or its partners have been appointed to leadership roles in many of those matters.[25] Most recently Sperling & Slater partner Joseph Vanek was appointed class co-lead counsel by Judge Alsup in *In Re Glumetza Antitrust Litigation*.[26] Sperling & Slater serves on the executive committee in the ongoing *Cameron v. Apple* iOS developer case, where it has gained valuable experience with parallel claims.

**E.     Hagens Berman, Hausfeld, and Sperling & Slater have the necessary resources to litigate this case on behalf of the developer plaintiffs.**

Hagens Berman, Hausfeld, and Sperling & Slater also have sufficient professional and monetary resources to bear the burden of expenses that will need to be advanced before any recovery may be achieved. *See* Fed. R. Civ. P. 23 (g)(1)(A)(iii) (a court must consider "the resources that counsel will commit to representing the class"). Each of the firms and its partners stand ready to assume the financial obligations associated with litigating this case and are prepared to advance costs

---

[22] *See* Sweeney Decl., Ex. A.

[23] *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-md-1827-SI (N.D. Cal.).

[24] *In re Optical Disk Drive Antitrust Litig.*, N.D. Cal. No. 3:10-md-02143.

[25] *See* Kelly Decl., ¶¶ 4-7.

[26] No. 3:19-cv-05822 (N.D. Cal.).

1    (and their time) on a contingent basis up to and through any trial of this matter. For example, few

2    firms can match Hausfeld's resources or its global reach, with 125 lawyers located in five offices

3    across the United States (including San Francisco) and seven across Europe. And Hagens Berman,

4    acting as sole lead counsel in *ODD*,[27] spent millions in expenses before recovering any monetary

5    compensation. Sperling & Slater likewise can advance millions in expenses (for example, as it did in

6    the decade-long payment card interchange fee litigation).

7          In addition, with successful track records in some of the most complex class actions ever tried

8    or settled, the firms have the financial resources necessary to litigate this case in the best interests of

9    the class. *See e.g.,* Order at 3-4 (ECF No. 57), No. 1:13-cv-02905, *In re Honey Transhipping*, (N.D.

10   Ill.) (Aug. 3, 2009) (noting "substantial experience handling class action litigation" and "greater

11   resources" in appointing Hausfeld and one other firm as co-lead class counsel); Order at 1-2, (ECF

12   No. 872), No. 06-cv-1775, *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y. Nov. 26,

13   2008) (Hausfeld "possesses the financial resources to assure its viability well into the future and its

14   ability to fund any necessary expenses associated with a lead counsel role in this action.")

15         Thus, the appointment of the three proposed interim class counsel would amply ensure the

16   resources necessary for the litigation of this case against a trillion-dollar-plus set of Google

17   defendants. They will ensure that developers have the wherewithal to litigate this matter to the end.

18                                   **IV.    CONCLUSION**

19         For the foregoing reasons, plaintiffs respectfully submit that the Court should appoint

20   Hagens Berman, Hausfeld, and Sperling & Slater as plaintiffs' interim co-lead counsel for the

21   proposed class in the consolidated Android developer cases.

22

23

24

25

26

---

27   [27] *In re Optical Disk Drive Antitrust Litig.*, N.D. Cal. No. 3:10-md-02143.

28

1    DATED: October 21, 2020                    HAGENS BERMAN SOBOL SHAPIRO LLP

2                                               By:  /s/ Steve W. Berman

3                                               Steve W. Berman (*pro hac vice*)
4                                               Robert F. Lopez (*pro hac vice*)
                                                1301 Second Ave., Suite 2000
5                                               Seattle, WA 98101
                                                Telephone: (206) 623-7292
6                                               Facsimile:  (206) 623-0594
                                                steve@hbsslaw.com
7                                               robl@hbsslaw.com

8                                               Benjamin J. Siegel (SBN 256260)
9                                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                                715 Hearst Avenue, Suite 202
10                                              Berkeley, CA 94710
                                                Telephone: (510) 725-3000
11                                              Facsimile:  (510) 725-3001
                                                bens@hbsslaw.com
12

13                                              Eamon P. Kelly (*pro hac vice*)
14                                              Joseph M. Vanek (*pro hac vice*)
                                                SPERLING & SLATER, P.C.
15                                              55 W. Monroe Street, 32nd Floor
                                                Chicago, IL 60603
16                                              Telephone: (312) 676-5845
                                                Facsimile: (312) 641-6492
17                                              jvanek@sperling-law.com
                                                ekelly@sperling-law.com
18

19                                              Bonny E. Sweeney (SBN 176174)
                                                Samantha J. Stein (SBN 302034)
20                                              HAUSFELD LLP
                                                600 Montgomery Street, Suite 3200
21                                              San Francisco, CA 94111
                                                Tel.: (415) 633-1908 (main)
22                                              Tel.: (415) 633-1953 (direct)
                                                Fax: (415) 358-4980
23                                              bsweeney@hausfeld.com
                                                sstein@hausfeld.com
24
                                                Melinda R. Coolidge (pro hac vice forthcoming)
25                                              HAUSFELD LLP
                                                1700 K Street, NW, Suite 650
26                                              Washington, DC 20006
                                                Tel.: (202) 540-7200 (main)
27                                              Tel.: (202) 540-7144 (direct)
                                                Fax: (202) 540-7201
28                                              mcoolidge@hausfeld.com

1

2      Katie R. Beran (pro hac vice forthcoming)
       HAUSFELD LLP
3      325 Chestnut Street, Suite 900
       Philadelphia, PA 19106
4      Tel.: (215) 985-3270 (main)
       Tel.: (267) 702-3215 (direct)
5      Fax: (215) 985-3271
       kberan@hausfeld.com

6      Scott A. Martin (pro hac vice forthcoming)
       Irving Scher (pro hac vice forthcoming)
7      HAUSFELD LLP
       33 Whitehall Street, 14th Floor
8      New York, NY 10004
       Tel.: (646) 357-1100 (main)
9      Tel.: (646) 357-1195 (direct)
       Fax: (212) 202-4322
10     smartin@hausfeld.com
       ischer@hausfeld.com
11

12     *Attorneys for Plaintiffs and the Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28