1    GEORGE A. ZELCS (*pro hac vice*)
   gzelcs@koreintillery.com
2    **KOREIN TILLERY, LLC**
   205 North Michigan, Suite 1950
3    Chicago, IL 60601
   Telephone: (312) 641-9750
4    Facsimile: (312) 641-9751

5    KARMA M. GIULIANELLI (SBN 184175)
   karma.giulianelli@bartlitbeck.com
6    GLEN E. SUMMERS (SBN 176402)
   glen.summers@bartlitbeck.com
7    JAMESON R. JONES (*pro hac pending*)
   Jameson.jones@bartlitbeck.com
8    **BARTLIT BECK LLP**
   1801 Wewetta St. Suite 1200,
9    Denver, Colorado 80202
   Telephone: (303) 592-3100
10    Facsimile:  (303) 592-3140

11    *Counsel for Plaintiffs and the Proposed Class*
12    *in Carr v. Google LLC, et al.*

   STEVE W. BERMAN (*pro hac vice*)
13    steve@hbsslaw.com
   **HAGENS BERMAN SOBOL SHAPIRO**
14    **LLP**
   1301 Second Ave., Suite 2000
15    Seattle, WA 98101
   Telephone: (206) 623-7292
16    Facsimile: (206) 623-0594

17    *Counsel for Plaintiffs and the Proposed Class*
   *in Pure Sweat Basketball, Inc. v. Google LLC,*
18    *et al.*

19    BONNY E. SWEENEY (SBN 176174)
   bsweeney@hausfeld.com
20    **HAUSFELD LLP**
   600 Montgomery Street, Suite 3200
21    San Francisco, CA 94104
   Telephone: (415) 633-1908
22    Facsimile: (415) 358-4980

23    *Counsel for Plaintiffs and the Proposed Class*
   *in Peekya App Services, Inc. v. Google LLC, et*
24    *al.*

25    [Additional counsel appear on signature page]

26

27

28

PEGGY J. WEDGWORTH (*pro hac vice*)
pwedgworth@milberg.com
**MILBERG PHILLIPS GROSSMAN**
**LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Counsel for Plaintiffs and the Proposed*
*Class in Bentley v. Google LLC, et al.*

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc. in*
*Epic Games, Inc. v. Google LLC, et al.*

BRIAN C. ROCCA (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Counsel for Defendants Google LLC,*
*Google Ireland Limited, Google*
*Commerce Ltd., Google Asia Pacific Pte.*
*Ltd. and Google Payment Corp.*

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br>        Plaintiff,<br><br>        vs.<br><br>GOOGLE LLC et al.,<br>        Defendants. | Case No. 3:20-cv-05671-JD |
| BENTLEY, et al.,<br>        Plaintiffs,<br><br>                v.<br><br>GOOGLE LLC et al.,<br>        Defendants. | Case No. 4:20-cv-07079-DMR |
| MARY CARR, et al.,<br>        Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC et al.,<br>        Defendants. | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al,<br>        Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC et al.,<br>        Defendants. | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC., et. al,<br>        Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC et al.,<br>        Defendants. | Case No. 3:20-cv-06772-JD<br><br>[STIPULATED] ORDER RE:<br>DISCOVERY OF ELECTRONICALLY<br>STORED INFORMATION<br><br>Judge:  Hon. James Donato |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties represent that:

a.   These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced, except for good cause shown:

1)  backup systems and/or tapes used for disaster recovery purposes only;

2)  systems, server and network logs; and

3)  systems no longer in use that cannot be accessed.

4)  deleted, slack space, fragmented, or other data accessible only by forensics;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Case No. 3:20-cv-05671-JD

5)   random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

6)   on-line access data such as temporary internet files, history, cache, and cookies;

7)   automatically saved interim versions of documents and emails (for the avoidance of doubt, this provision does not apply to any final versions of documents and emails whether saved manually or automatically);

8)   dynamic fields of databases or log files that are not retained in the usual course of business; and

9)   data in metadata fields that are frequently updated automatically, such as last opened dates.

## 5.   SEARCH

a)   The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b)   Deduplication: If exact duplicate documents reside within a Party's ESI data set, the Party shall produce only a single copy of a responsive document. "Exact duplicate" shall mean documents with exact Hash Value matches determined by MD5, SHA-1, or SHA26 algorithms. Hard copy documents shall not be eliminated as duplicates of responsive ESI nor of other responsive hard copy documents.

The parties shall deduplicate exact duplicates of ESI horizontally (i.e., across the entire collection and across custodians). Deduplication must be done only at the family level (i.e., if there are identical child documents that have unique parents, they are not duplicates; an attachment to a document is not a duplicate of the same document maintained as a standalone document). An email that includes content in the BCC or other blind copy field shall not be

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

3

Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

treated as a duplicate of an email that does not include content in the BCC or other blind copy field, even if all remaining content in the email is identical. Exact duplicates of emails retrieved from different storage locations (i.e. desktop vs. laptop vs. smart phone) shall not be considered unique based solely on the originating storage location.

The custodian that produced the production copy of the duplicate document and all custodians who were in possession of the deduplicated document shall be identified in the "Custodian," and "Duplicate Custodian" fields of the copy of the single record that is produced.

Multiple custodians in the "Duplicate Custodians" field shall be separated by semicolons. If processing and production is done on a rolling basis, an updated Duplicate Custodians field with additional values shall be provided in an overlay. The producing party shall identify whether the overlay replaces previously produced fields for a file or supplement them.

c)      Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, and Windows System File.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Case No. 3:20-cv-05671-JD

**6. PRODUCTION FORMATS**

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate and meet and confer as needed to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer regarding the phasing and prioritization of productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a)      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding as provided in the concurrently filed  [Stipulated] Protective Order For Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets in the above-captioned actions, except as provided herein. When a Receiving Party uses a Document in an Expert Report, Court filing in this action, or a deposition (a "Used Document"), and the Producing Party does not claw back that Used Document within 30 days of use, that Used Document shall not be eligible for claw back pursuant to this Order.

b)      Communications concerning the litigation involving trial counsel that post-date the filing of the first-filed complaint need not be placed on a privilege log.

c)      The parties agree to meet and confer to discuss reasonable proposals regarding the content, format, timing and phasing of the exchanging of privilege logs, and reach agreement on these matters by no later than December 18, 2020.  All privilege logs will be exchanged promptly after the Court ordered completion date for party document production.

d)      Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B), except for good cause shown.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5
Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1
2
      e)      The parties do not waive any objections to the production, discoverability, admissibility, protection or confidentiality of documents and ESI.

3

### 9. MODIFICATION

4
5
      This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court

6
for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows,

7
"First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard

8
Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

9

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

10
Dated:  October 22, 2020        By:   ***/s/ Yonatan Even***

11
                                      **CRAVATH, SWAINE & MOORE LLP**
Christine A. Varney (*pro hac vice*)
Katherine B. Forrest (*pro hac vice*)
Gary A. Bornstein (*pro hac vice*)

12
Yonatan Even (*pro hac vice*)
Lauren A. Moskowitz (*pro hac vice pending*)

13
M. Brent Byars (*pro hac vice*)
Worldwide Plaza

14
825 Eighth Avenue
New York, NY  10019

15
Tel:  (212) 474-1000
Fax:  (212-474-3700

16
cvarney@cravath.com
kforrest@cravath.com

17
gbornstein@cravath.com
yeven@cravath.com

18
lmoskowitz@cravath.com
mbyars@cravath.com

19

20
**FAGRE DRINKER BIDDLE & REATH LLP**
Paul J. Riehle (SBN 115199)

21
Four Embarcadero Center
San Francisco, California 94111

22
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

23
paul.riehle@faegredrinker.com

24
*Counsel for Plaintiff in Epic Games, Inc.. v. Google LLC, et al.*

25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1    Dated:  October 22, 2020         By:     */s/ Jamie L. Boyer*

2                                      **KOREIN TILLERY, LLC**

George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
Jameson R. Jones (*pro hac vice pending*)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com

**MCMANIS FAULKNER**
Ann Ravel (62139)
Fairmont Plaza, 10th Floor
50 West San Fernando Street
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
aravel@mcmanisfaulkner.com

*Counsel for Plaintiffs in Carr v. Google LLC, et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Dated:  October 22, 2020                 By:  ___/s/ Steve W. Berman_____
                                              **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                              Steve W. Berman (*pro hac vice*)
                                              Robert F. Lopez (*pro hac vice*)
                                              1301 Second Ave., Suite 2000
                                              Seattle, WA 98101
                                              Telephone: (206) 623-7292
                                              Facsimile:  (206) 623-0594
                                              steve@hbsslaw.com
                                              robl@hbsslaw.com

                                              Benjamin J. Siegel (SBN 256260)
                                              715 Hearst Avenue, Suite 202
                                              Berkeley, CA 94710
                                              Telephone: (510) 725-3000
                                              Facsimile:  (510) 725-3001
                                              bens@hbsslaw.com

                                              **SPERLING & SLATER, P.C.**
                                              Joseph M. Vanek (*pro hac vice*)
                                              Eamon P. Kelly (*pro hac vice*)
                                              55 W. Monroe Street, Suite 3200
                                              Chicago, IL 60603
                                              Telephone: (312) 641-3200
                                              Facsimile: (312) 641-6492
                                              jvanek@sperling-law.com
                                              ekelly@sperling-law.com

                                              *Counsel for Plaintiff and the Proposed Class in Pure Sweat*
                                              *Basketball, Inc. v. Google LLC, et al.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                                    Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1

Dated:  October 22, 2020

2

Respectfully submitted,

By:    /s/  *Peggy J. Wedgworth*

3

**MILBERG PHILLIPS GROSSMAN LLP**
Peggy J. Wedgworth (*pro hac vice*)

4

Robert A. Wallner (*pro hac vice*)
Elizabeth McKenna (*pro hac vice*)

5

Blake H. Yagman (*pro hac vice*)
Mike Acciavatti (*pro hac vice*)

6

One Penn Plaza, Suite 1920
New York, New York 10119

7

Telephone: 212-594-5300
Facsimile: 212-868-1229

8

pwedgworth@milberg.com
rwallner@milberg.com

9

emckenna@milberg.com
byagman@milberg.com

10

macciavatti@milberg.com

11

12

*Counsel for Plaintiffs and the Proposed Class in Bentley et al. v. Google LLC, et al.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

9

Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Dated:  October 22, 2020          By:    */s/ Bonny E. Sweeney*
                **HAUSFELD LLP**
                Bonny E. Sweeney (SBN 176174)
                Samantha J. Stein (SBN 302034)
                600 Montgomery Street, Suite 3200
                San Francisco, CA 94104
                Telephone: (415) 633-1908
                Facsimile: (415) 358-4980
                bsweeney@hausfeld.com
                sstein@hausfeld.com

Melinda R. Coolidge (*pro hac vice forthcoming*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Tel.: (202) 540-7200 (main)
Tel.: (202) 540-7144 (direct)
Fax: (202) 540-7201
mcoolidge@hausfeld.com

Katie R. Beran (*pro hac vice forthcoming*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel.: (215) 985-3270 (main)
Tel.: (267) 702-3215 (direct)
Fax: (215) 985-3271
kberan@hausfeld.com

Scott A. Martin (pro hac vice forthcoming)
Irving Scher (pro hac vice forthcoming)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel.: (646) 357-1100 (main)
Tel.: (646) 357-1195 (direct)
Fax: (212) 202-4322
smartin@hausfeld.com

*Counsel for Plaintiff and the Proposed Class in Peekya App
Services, Inc. v. Google LLC, et al.*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

10                                    Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1    Dated:  October 22, 2020        By:    /s/ Brian C. Rocca

2                                           **MORGAN, LEWIS & BOCKIUS LLP**
                                            Brian C. Rocca (SBN 221576)
3                                           Sujal J. Shah (SBN 215230)
                                            Michelle Park Chiu (SBN 248421)
                                            Minna Lo Naranjo (SBN 259005)
4                                           Rishi P. Satia (SBN 301958)
                                            One Market, Spear Street Tower
5                                           San Francisco, CA 94105-1596
                                            Telephone: (415) 442-1000
6                                           Facsimile: (415) 442-1001
                                            brian.rocca@morganlewis.com
7                                           sujal.shah@morganlewis.com
                                            michelle.chiu@morganlewis.com
8                                           minna.naranjo@morganlewis.com
                                            rishi.satia@morganlewis.com
9
                                            Richard S. Taffet (*pro hac vice* pending)
10                                          101 Park Avenue
                                            New York, NY 10178-0060
11                                          Telephone: (212) 309-6000
                                            Facsimile: (212) 309-6001
12                                          richard.taffet@morganlewis.com

13                                          Willard K. Tom (*pro hac vice* pending)
                                            1111 Pennsylvania Avenue, NW
14                                          Washington, D.C. 20004-2541
                                            Telephone: (202) 739-3000
15                                          Facsimile: (202) 739-3001
                                            willard.tom@morganlewis.com
16
                                            *Counsel for Defendants Google LLC, Google Ireland Limited,*
17                                          *Google Commerce Ltd., Google Asia Pacific Pte. Ltd. and*
                                            *Google Payment Corp.*
18
19   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21   DATED:  November 10, 2020

22                                          HON. JAMES DONATO
                                            United States District Court Judge
23

24

25

26

27

28

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## E-FILING ATTESTATION

2

3

I, Yonatan Even, am the ECF User whose ID and password are being used to file

4

this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

5

signatories identified above has concurred in this filing.

6

/s/  *Yonatan Even*

7

Yonatan Even

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**APPENDIX 1**
**PRODUCTION FORMAT AND METADATA**

1.  **Production Components.** Productions shall include single page TIFFs, color JPGs (as described below), Native Files (as described below), Text Files, an ASCII delimited metadata file (DAT) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2.  **Image Load File** shall contain the following comma-delimited fields:  BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3.  **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, PAGE COUNT, NATIVELINK, TEXTLINK, PRODVOL, CUSTODIAN, ALL CUSTODIANS, DOCUMENT TYPE, TIMEZONE, CONFIDENTIALITY, and REDACTED.  The metadata file shall be delimited according to the following characters:
    - Delimiter = ¶ (ASCII:020)
    - Text-Qualifier = þ (ASCII:254)
    - New Line = ® (ASCII:174)
    - Multi-value delimiter - ; (ASCII Code 059)

| Field | Definition | Doc Type |
|---|---|---|
| CUSTODIAN | Name of person from where Documents/files were collected or, in the case of non-human sources, an identifier that indicates a non-custodial file. | All |
| ALL_CUSTODIANS | The Custodian value of the Document as well as the Custodian value for all copies of the Document that were removed as a result of de-duplication. | All |
| BEGBATES | Beginning Bates Number (production number) | All |
| ENDBATES | Ending Bates Number (production number) | All |
| BEGATTACH | First Bates number of family range (*i.e.*, Bates number of the first page of the parent Document) | All |
| ENDATTACH | Last Bates number of family range (*i.e.*, Bates number of the last page of the last attachment or, if no attachments, the Document itself) | All |
| PAGE COUNT | Number of pages in the Document | All |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

| | | | |
|---|---|---|---|
| APPLICATION | Commonly associated application for the specified file type. | All |
| NATIVE FILE LINK | The file path for Documents provided in Native Format | All |
| TEXTPATH | File path for OCR or Extracted Text files | All |
| PARENT DATE | Date of the Parent Document mm/dd/yyyy | All |
| PARENT TIME | Time of the Parent Document hh:mm:ss | All |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Additional Recipients | E-mail |
| BCC | Blind Additional Recipients | E-mail |
| SUBJECT | Subject line of e-mail | E-mail |
| DATESENT | mm/dd/yyyy | E-mail |
| TIMESENT | hh:mm:ss | E-mail |
| HASHVALUE | Hash value (*e.g.*, MD5 or SHA-1) | All |
| FILENAME | Original file name at the point of collection | E-Document |
| FILEEXT | Original file extension at the point of collection | E-Document |
| TITLE | Title of document or title field extracted from the metadata of non-email ESI | E-Document |
| AUTHOR | Creator of a Document | E-Document |
| DATE CREATED | mm/dd/yyyy | E-Document |
| TIME CREATED | hh:mm:ss | E-Document |
| DATE MODIFIED | mm/dd/yyyy | E-Document |
| TIME MODIFIED | hh:mm:ss | E-Document |
| DOCUMENT TYPE | Descriptor for the type of Document: "E-Document" for electronic Documents not attached to e-mails; "E-mail" for all e-mails; "E-attachment" for files that were attachments to e-mails; and "Hard Copy" for Hard-Copy Documents. | All |
| REDACTED | "Yes" for redacted Documents; "No" for un-redacted Documents. | All |
| PRODVOL | Name of media that data was produced on. | All |
| CONFIDENTIALITY | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | All |
| TIMEZONE | Time zone of data used during processing of data. | All |
| SOURCE | The producing party | All |
| ATTACHIDS | The IDs of the documents that are attached to the produced document | All |
| PARENT ID | Indicates the parent ID for an attachment or embedded document. The parent document ID field should be set for all attachments (including attachments that are emails) but should not be set for parents | E-documents |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

| MESSAGEID | The message ID of an email or other type of electronic message | E-documents |
| FILESIZE | The size of the file. | E- documents; E-Attachments |

4. **Time Zone**. Each Party's ESI should be processed using a consistent Time Zone for all data. The Party shall share the Time Zone selected for processing of its data with the other Party and populate the TimeZone metadata field.

5. **Encrypted Data**. To the extent documents were encrypted, the producing party shall make reasonable efforts to decrypt the documents prior to electronic search, review, and production unless doing so is unduly burdensome and/or disproportionate to the needs of the case, in which case the parties shall meet and confer regarding the burden and possibility of shifting costs to the requesting party pursuant to Rule 26. If there are potentially responsive documents that the producing party has been unable, after reasonable efforts, to decrypt, the parties shall meet and confer.

6. **Password Protected Files**. To the extent documents were password protected at the time of collection, prior to electronic search, review, and production, the producing party shall take reasonable efforts to remove the password protection unless doing so is unduly burdensome and/or disproportionate to the needs of the case, in which case the parties shall meet and confer regarding the burden and possibility of shifting costs to the requesting party pursuant to Rule 26. If there are potentially responsive password protected documents, the password for which the producing party has been unable, after reasonable efforts, to locate, the parties shall meet and confer. If a party believes that removing password protection is unduly burdensome, the Parties shall meet and confer.

7. **Embedded Objects**. Non-image objects embedded in documents shall, when possible, be extracted and produced as separate documents. The producing party will make reasonable and good faith efforts to treat such extracted embedded documents like attachments to the document. Embedded documents will be produced following the parent with a continuous Bates range.

8. **Compressed and Container Files**. Compressed and container file types (e.g., .ZIP, .RAR, etc.) shall be decompressed to ensure that a compressed file within a compressed file are decompressed into the lowest possible compression to ensure all files are searched and produced as separate records. Emails and their attachments shall be extracted separately and shall be produced with the family relationship intact via the BegAttach and EndAttach fields identified in Appendix A.

9. **Hyperlinked Files**.  If a Receiving Party identifies a hyperlinked file that it reasonably believes to be responsive and seeks its production, that Party shall identify by Bates

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

number the document in which the hyperlinked file appears and the Producing Party will produce such file if responsive and to the extent not unduly burdensome.

10. If a Document is more than one page, the unitization of the Document and any attachments and/or affixed notes shall be maintained as they existed in the original Document.

11. **TIFFs.**  Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. TIFFs may be produced in black & white, except that a party may request color JPGs of other documents where color is reasonably necessary to their comprehension or use, and such request shall not unreasonably be denied. Each image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). To the extent available without undue burden, all documents that contain comments, deletions and revision marks (including the identity of the person making the deletion or revision and the date and time thereof), speaker notes or other user-entered data that the source application can display to the user will be processed such that all that data is visible in the Image File.  All hidden text, columns, rows, and worksheets will be expanded, extracted, and rendered in the TIFF file. The Producing Party will instruct its vendor to force off Auto Date so that any ESI converted to TIFF maintains any date/time shown in a document as it was last saved by the custodian or end user, not the date of collection or processing.

12. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match the first bates number of the document.  Text must be extracted directly from the native electronic file of ESI unless the document requires redaction, is a scanned hardcopy document, is an image file, or is any other native electronic file that does not contain text to extract (*e.g.,* non-searchable PDFs), in which case searchable text shall be created using OCR.  Extracted text shall not contain the Bates number or Confidentiality Designation.  A commercially acceptable technology for optical character recognition "OCR" shall be used. All documents shall be produced with a link in the TextLink field.

13. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

production.  The total number of documents in a production should match the total number of records in the data load file.

14. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

15. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

16. **Redaction Of Information.** If documents are produced with redactions, an electronic copy of the original, unredacted document shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such document including any metadata therein.

17. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets), delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files), audio, and video files shall be produced in either their native format or, for Google Sheets, MS Excel. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the native file. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text. Native files shall have a file name that includes the Bates number and Confidentiality Designation.  Any party printing the native file for use in this matter shall append and use the placeholder TIFF as a cover sheet to the native file at all times.

18. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information.  The parties shall meet and confer to finalize the appropriate production format.

19. **Family Groups**. An email, instant message, or document with non-image embedded objects and its attachments constitute a family group.  Parent-child relationships (the association between an email, instant message, or document with non-image embedded objects and its attachments) will be preserved through the production of an appropriate metadata field.  If any member of a family group is determined to be responsive to a party's document requests, then all members of that group must also be considered as responsive.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

20. **Instant Messages**.  To the extent instant messages (e.g., Slack, Jabber, Google Chat) or text messages (e.g., SMS, iMessage) are produced for any custodian, a party shall take reasonable steps to produce such messages in a manner that preserves the context of the communication by producing messages occurring before or after a given message pertaining to the same topic.

21. **Re-productions**.  Notwithstanding any provisions to the contrary, documents that are reproduced in whole or in part from the production files of another litigation, arbitration, government inquiry, or other matter may be produced in the same manner and form as originally produced in the other matter, provided however that a party will re-produce documents in a different format for good cause shown.  This provision does not waive the right of a party to object to any requests for reproduction of production files from another litigation, arbitration, government inquiry, or other matter.

22. **Replacement Productions**. Any replacement production will be transmitted with a cover letter or email to identify the production as a replacement and cross-reference the BegDoc and EndDoc of the documents being replaced. Replacement productions shall include load files necessary to link the replacement file to other previously produced document family members. Where the replacement document occupies more pages than an original placeholder image, the Producing Party shall apply an appropriate numerical suffix to the Bates number of the file (e.g., ABC000123.001 to ABC000123.005. If the replacement production is being transmitted by physical media, the media shall include the phrase "Replacement Production."

23. **Production Media.** Documents shall be encrypted and produced on an FTP site or electronic media (hard drive, thumb drive, DVD or CD) ("Production Media").  Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.