1  Brian C. Rocca, Bar No. 221576
   brian.rocca@morganlewis.com
2  Sujal J. Shah, Bar No. 215230
   sujal.shah@morganlewis.com
3  Michelle Park Chiu, Bar No. 248421
   michelle.chiu@morganlewis.com
4  Minna Lo Naranjo, Bar No. 259005
   minna.naranjo@morganlewis.com
5  Rishi P. Satia, Bar No. 301958
   rishi.satia@morganlewis.com
6  **MORGAN, LEWIS & BOCKIUS LLP**
   One Market, Spear Street Tower
7  San Francisco, CA 94105-1596
   Telephone:  (415) 442-1000
8  Facsimile:   (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

9  *Attorneys for Defendants*

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14  EPIC GAMES, INC.,                         Case No. 3:20-cv-05671-JD
        Plaintiff,
15
        vs.
16
    GOOGLE LLC et al.,
17      Defendants.
    ─────────────────────────────────────
    PURE SWEAT BASKETBALL, INC., et. al,      Case No. 3:20-cv-05792-JD
18      Plaintiffs,

19      vs.

20  GOOGLE LLC et al.,
        Defendants.
21  ─────────────────────────────────────
    PEEKYA APP SERVICES, INC., et. al,        Case No. 3:20-cv-06772-JD
        Plaintiffs,
22
        vs.                                   **SEPARATE MEMORANDUM OF
                                              POINTS AND AUTHORITIES RE:
23  GOOGLE LLC et al.,                        DEFENDANTS' MOTION TO DISMISS
        Defendants.                           DEVELOPERS' CLAIM FOR DAMAGES**
24

25                                            Judge:        Hon. James Donato
                                              Courtroom:    11, 19th Floor
26                                            Hearing:      January 28, 2021

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.   INTRODUCTION

In *Apple v. Pepper*, the Supreme Court addressed damages in the context of app stores. The Court indicated that, while app *consumers* might seek recovery in the form of an alleged overcharge on the service fee the app store charges, app *developers* cannot.  139 S.Ct. 1514, 1525 (2019) ("*Apple*").  The Court held that app consumers are direct purchasers from an app store, and app developers (such as Developer Plaintiffs Pure Sweat Basketball and Peekya App Services, here) are upstream suppliers to app stores.  *Id*.  Therefore, according to the Supreme Court, while consumers may try to seek alleged overcharge damages, app developers, such as Developer Plaintiffs here, may only seek alleged lost profit damages under a monopsony theory, not overcharges.  *Id*.  Despite the Supreme Court's opinion, Developer Plaintiffs here improperly seek alleged damages on an overcharge theory—the same alleged overcharge sought by consumer plaintiffs.  The Court should therefore dismiss, under *Apple*, the Developer Plaintiffs' claim for alleged overcharge damages.

## II.   STATEMENT OF FACTS[1]

According to Developer Plaintiffs, they "sell their apps, in-app products, and subscriptions directly through the Google Play store.  Consumers select apps from the displays that Google organizes and sets up; tender their payments to Google; and download the apps from Google to their devices."  Developers First Consolidated Class Action Complaint (*Pure Sweat Basketball, Inc. v. Google LLC*, No. 3:20-cv-05792-JD, Dkt. No. 56) ("PSB") ¶58.  Developers set the price of apps and in-app content sold through Google Play.  *Id*. ¶57.  As Developer Plaintiffs describe, Google takes 30% of the purchase price for app purchases and in-app purchases—a so-called "30% take rate"—before remitting payment back to developers.[2]  *Id*. ¶14 & n.30.

Developer Plaintiffs allege that Google charges consumers in the first instance for app and in-app purchases, but nevertheless allege that Google imposes "on app developers a

---

[1] Relevant alleged facts regarding Developer Plaintiffs' claims are set forth in Google's motion on common legal issues and are not repeated here.  Although Google summarizes certain additional allegations for purposes of this motion, it reserves all defenses to those allegations.

[2] Google only charges a 15% fee for subscriptions after the first year.  Developer Plaintiffs also challenge that fee.  *Id*. ¶140.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD;
3:20-cv-06772-JD

SEPARATE MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES

1   supracompetitive default 30% transaction fee." *Id*. ¶3; *see also id.* ¶2 ("Google charges

2   developers for app distribution services"); ¶14 ("default 30% service fee paid by developers");

3   ¶21 (Google "impose[s] its supracompetitive distribution and in-app payment processing fees on

4   U.S. Android OS developers such as the Plaintiffs").  Plaintiff Pure Sweat Basketball specifically

5   alleges "it has paid Google's supracompetitive 30% commission on each sale," and Plaintiff

6   Peekya App Services specifically alleges "Google has taken a 30% commission from the payment

7   remitted to Plaintiff." *Id*. ¶¶27, 29.

8        Developer Plaintiffs assert that they are "directly injured" because they pay Google's 30%

9   fee. *Id.* ¶¶59-60.  Thus, Developer Plaintiffs seek damages based on the purported "overcharge"

10   on Google's fee. *Id*. ¶35 ("Google's behavior has resulted in developer overcharges in these

11   transactions due to its imposition of a supracompetitive 30% fee on each paid sale from its

12   store"); *see also id.* ¶198 (claiming Developer Plaintiffs have been injured by "overpaying for

13   distributions services"), ¶209 (same); ¶220 (claiming Developer Plaintiffs have been injured by

14   "overpaying for payment processing services"), ¶231 (same).

15        Developer Plaintiffs also claim that a question purportedly common to the class is

16   "[w]hether developers have been harmed, including by way of having paid more for app

17   transaction or distribution fees, or in-app product payment processing fees, than they would have

18   but for Google's unlawful conduct, as a result of Google's unlawful practices." *Id*. ¶180(g).[3]

19
20   **III.   DEVELOPER PLAINTIFFS' CLAIM FOR OVERCHARGE DAMAGES SHOULD BE DISMISSED**

21        Damages claims precluded by law are subject to dismissal under Rule 12(b)(6).  *See, e.g.*,

22   *In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147-50 (N.D. Cal.

23   2018) (dismissing certain punitive damages claims under Rule 12(b)(6) because plaintiffs could

24   not pursue them as a matter of law).

25

26   [3] Developer Plaintiffs allege in the alternative that "Google uses its monopsony power to
underpay Android OS Developers below the price they would obtain in a competitive market for

27   their apps and in-app products." *Id*. ¶21; *see also* ¶¶28, 29. They do not, however, allege any facts
concerning lost profits or specific damages incurred other than as a result of the alleged

28   "overcharge" in Google's fee.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD;
3:20-cv-06772-JD

SEPARATE MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES

1    In *Apple v. Pepper*, the Supreme Court addressed the question of whether consumer app

2    users were "direct" or "indirect" purchasers for purposes of antitrust claims alleging that Apple

3    overcharged consumers by charging a 30% fee for transactions in Apple's App Store.  The Court

4    held that the consumers were "direct" purchasers.  *Apple*, 139 S.Ct. at 1520.  In so holding, the

5    Supreme Court observed that "app developers … set the retail price" but "Apple keeps 30 percent

6    of the sales price, no matter what the sales price might be.  In other words, Apple pockets a 30

7    percent commission on every app sale." *Id*. at 1519.  According to the Supreme Court, because

8    there is "no intermediary in the distribution chain between Apple and the consumer," the "iPhone

9    owners pay the alleged overcharge directly to Apple.  The absence of an intermediary is

10   dispositive." *Id*. at 1521.

11       Importantly, the Supreme Court also explained that app developers could <u>not</u> recover

12   damages based on the alleged overcharge resulting from Apple's 30% fee because developer

13   claims and consumer claims present "fundamentally different theories of harm." *Id*. at 1525.  The

14   Supreme Court rejected Apple's argument that "allowing consumers to sue will result in

15   'conflicting claims to a common fund—the amount of the alleged overcharge,'" *id*. at 1524

16   (quoting *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737 (1977)), holding instead that "[i]f the

17   iPhone owners prevail, they will be entitled to the *full amount* of the unlawful overcharge that

18   they paid to Apple.  The overcharge has not been passed on by anyone to anyone." *Id*. at 1525

19   (emphasis in original).  App developers, if they wished to bring a claim, could not recover an

20   alleged overcharge but would need to seek alleged "lost profits" they would have earned but for

21   the purported anticompetitive conduct.  *Id*.

22       The Supreme Court's reasoning in *Apple* applies directly here, and bars Developer

23   Plaintiffs' damages claims.  As in *Apple*, Developer Plaintiffs here repeatedly allege they directly

24   pay Google's fee (PSB ¶¶2, 13, 14, 21, 27, 29), despite also alleging that consumers pay Google

25   directly and then Google remits payment back to developers.  *Id*. ¶¶2, 14, 58.  And they

26   specifically assert they seek damages based on the alleged overcharge on Google's fee. *See, e.g.*,

27   *id*. ¶¶59-60.  But under *Apple*, Developer Plaintiffs are not entitled to overcharge damages.  Thus,

28   their claims for damages must be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD;
3:20-cv-06772-JD

SEPARATE MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES

1    To be clear, Google is not arguing that *Apple* precludes Developer Plaintiffs' from

2  pursuing damages claims entirely.  The Supreme Court in *Apple* noted that Apple may face suit

3  from "upstream app developers" under a "monopsony theory," and where "consumers seek

4  damages based on the difference between the price they paid and the competitive price … app

5  developers would seek lost profits that they could have earned in a competitive retail market."

6  *Apple*, 139 S.Ct. at 1525.  But, the Supreme Court further noted that the monopsony theory

7  available to app developers "*would rely on fundamentally different theories of harm* and would

8  not assert dueling claims to a 'common fund' as that term was used in *Illinois Brick.*" *Id.*

9  (emphasis added).  Here, while Developer Plaintiffs allege in the alternative that Google is a

10  monopsonist (PSB ¶21), they nowhere claim damages based on lost profits, or allege facts to

11  support such a lost profits theory.  Plaintiffs thus fail to plead an essential element of their

12  damages claim as a matter of law.  *See* 15 U.S.C. § 15(a).

**IV.    CONCLUSION**

14    For these reasons, the Court should dismiss Developer Plaintiffs' claims for damages

15  based on the purported overcharge composed of the Google Play service fee.

16  Dated: November 13, 2020                    MORGAN, LEWIS & BOCKIUS LLP

18                                   By: */s/ Brian C. Rocca*

19                                       Brian C. Rocca
                                        *Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4    Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD; 3:20-cv-06772-JD

SEPARATE MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS DEVELOPERS' CLAIM FOR DAMAGES