Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:   (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>    Plaintiff,<br>vs.<br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-05671-JD |
| PURE SWEAT BASKETBALL, INC., et. al,<br>    Plaintiffs,<br>vs.<br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC., et. al,<br>    Plaintiffs,<br>vs.<br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-06772-JD<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS EPIC GAMES, INC'S COMPLAINT AND DEVELOPERS' FIRST CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:       Hon. James Donato<br>Courtroom: 11, 19th Floor<br>Hearing:    January 28, 2021 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Nos. 3:20-cv-05671-JD; 3:20-cv-05792-JD;
3:20-cv-06772-JD

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

In accordance with Rule 201 of the Federal Rules of Evidence, Defendants Google LLC, Google Payment Corp., Google Commerce Ltd., Google Ireland Limited, and Google Asia Pacific Pte. Ltd. (collectively, the "Defendants") respectfully request that this Court take judicial notice of Exhibit A to the Declaration of Brian C. Rocca ("Rocca Decl."), which is a true and correct copy of the Google Play Developer Distribution Agreement (the "DDA"), a document repeatedly referenced in the Complaints.

**GROUNDS FOR JUDICIAL NOTICE**

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute because [they] (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "Under the 'incorporation by reference' doctrine, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *see United States v. Ritchie*¸ 342 F.3d 903, 908 (9th Cir. 2003) (explaining that a document may be incorporated by reference if the document forms the basis of the plaintiff's claim); *Shrem v. Southwest Airlines Co.*, No. 15-cv-04567-HSG, 2016 WL 4170462, at *1 (N.D. Cal. Aug. 8, 2016) (noting that incorporation-by-reference doctrine applies when plaintiff's complaint does not expressly attach the document).

Exhibit A to the Declaration of Brian C. Rocca ("Rocca Decl.") is a true and correct copy of the DDA.  Plaintiffs repeatedly quote or refer to this document, but do not attach it to their complaint. *See e.g., Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD, Dkt. No. 1, Complaint ¶¶ 40 ("The claims addressed in this Complaint relate to the DDA or to Epic's relationship with Google under the DDA…."), 90-91, 125-27, 152-153, 168-169, 176, 197-198, 209-210, 220; *Pure Sweat Basketball, Inc. and Peekya App Services, Inc. v. Google LLC*, No.

3:20-cv-05792-JD, Dkt. No. 56, First Consolidated Complaint ¶¶ 102 ("Google imposes this restraint through provisions of the Google Play Developer Distribution Agreement ('DDA'), which Google requires all app developers to sign before they can distribute their apps through the Play Store."), 103, 235-237, 245, 267-269.  On a Rule 12 motion, "courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Davis,* 691 F.3d at 1160 (internal quotations omitted).  The DDA, thus, is alleged in the complaint and no party questions its authenticity, and should be judicially noticed.

***

For the foregoing reasons, Google respectfully requests that the Court take judicial notice of Exhibit A to the Declaration of Brian C. Rocca.

Dated: November 13, 2020              MORGAN, LEWIS & BOCKIUS LLP

                                      By: */s/ Brian C. Rocca*

                                          Brian C. Rocca
                                          *Attorneys for Defendants*