UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Master File No. 3:20-cv-05792-JD<br><br>**ORDER RE CONSOLIDATION** |

**CONSOLIDATION OF RELATED CASES**

1. This order applies to these cases:

    a. 3:20-cv-05792-JD

    b. 3:20-cv-06772-JD

2. Pursuant to Federal Rule of Civil Procedure 42(a), the Court consolidates these cases into Civil Action No. 3:20-cv-05792 for all pretrial proceedings before this Court. All filings and submissions from here on will be captioned: "*In re Google Play Developer Antitrust Litigation*" under the 3:20-cv-05792-JD case number.

3. All other underlying cases will be closed by the Clerk of Court.

4. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

5. Pretrial consolidation does not mean that the actions will necessarily be consolidated for trial. That issue will be decided later in the case. It also does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**MASTER DOCKET**

6. The docket in Civil Action No. 3:20-cv-05792 will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

7. When a pleading applies to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be presumed to apply to all member cases.

8. The parties must file an Administrative Motion to Consider Whether Cases Should Be Related whenever a case that should be consolidated into this action is filed in this District, or a Notice of Pendency of Other Action or Proceeding for a case filed in another state or federal court that is substantially similar to these cases. Civil Local Rules 3-12 and 3-13. If the Court determines that the case is related, it will be consolidated into this action for all pretrial purposes. This order will apply to every newly related action without further order of the Court. A party that objects to consolidation, or to any other provision of this order, may file an application for relief within 14 days after the filing of a related case order.

**INTERIM CLASS COUNSEL**

9. Pursuant to Federal Rule of Civil Procedure 23(g)(3), plaintiffs have filed a motion to appoint interim class counsel. Dkt. No. 55. The Court will address the motion in a separate order.

10. As further guidance, the Court's expectation is that any party seeking fees at the end of this litigation will be able to present to the Court clear and definitive records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or mini-trial on fees and costs is to be avoided. To that end, appointed counsel should commit to these practices:

    a. At the close of each calendar month, interim lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and

2

any write-downs or write-offs by interim lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills for each month will be segregated and kept by lead counsel, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

    b. Time will be recorded in one-tenths of an hour.

    c. Block-billing time records are not permitted. Time must be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

    d. Interim lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

    e. Air travel of less than six hours should be in economy class. Travel exceeding six hours of flight time may be booked in business class. In all cases, flights should be booked at the lowest available fare.

3

f.  When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants.  Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

g.  Failure to adhere to these guidelines -- or the spirit animating them -- will result in the exclusion of fees or costs.

**IT IS SO ORDERED.**

Dated: November 20, 2020

JAMES DONATO
United States District Judge

4