Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Defendants Google LLC et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: February 18, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 11, 19th Floor (via Zoom) <br> Judge: Hon. James Donato |

Pursuant to this Court's Order dated February 11, 2021, setting a status conference for February 18, 2021 (ECF No. 2), the parties in the above-captioned MDL action (the "Parties"), by and through their undersigned counsel, submit this Joint Case Management Statement.

## I. CASE STATUS SUMMARY

**MDL Transfer Order.** On February 5, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order (ECF No. 1) creating the centralized action *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD ("*Play Store MDL*"). The *Play Store MDL* is comprised of (A) one individual action; (B) one consolidated developer class action; (C) one consolidated consumer class action (all three of (A)-(C) have already been pending before this Court); and (D) six new tagalong consumer class action cases transferred to this Court from other District Courts. The details of these cases are as follows:

A. *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD ("*Epic*"), the only individual action;

B. Two Developer class actions pending before this Court and previously consolidated as *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD ("*Developer Class Action*"):

    (1) *Pure Sweat Basketball, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05792-JD; and

    (2) *Peekya App Services, Inc. v. Google LLC*, Case No. 3:20-06772-JD;

C. Eight consumer class actions pending before this Court and consolidated as *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD ("*Consumer Class Action*"):

    (1) *Carr, et al. v. Google LLC et al.,* Case No. 3:20-cv-05761-JD;

    (2) *Bentley v. Google LLC,* Case No. 3:20-07079-JD;

    (3) *McNamara v. Google LLC*, Case No. 3:20-07361-JD;

| | | | |
|---|---|---|---|
|1| |(4)|*Herrera v. Google LLC*, Case No. 3:20-07365-JD;|
|2| |(5)|*Carroll v. Google LLC*, Case No. 3:20-07379-JD;|
|3| |(6)|*Esquivel v. Alphabet*, Case No. 3:20-cv-8337-JD;|
|4| |(7)|*Roberts v. Google*, Case No. 3:20-cv-7824-JD; and|
|5| |(8)|*Kavulak v. Google*, Case No. 3:20-cv-09421-JD.|

D. Six tagalong consumer class actions that were transferred or conditionally transferred from other District Courts by the JPML[1]:

(1) *Paige v. Google LLC*, Case No. 1:20-03158 (D.D.C.) (transferred);

(2) *McCready v. Google LLC*, Case No. 20-03556 (D.D.C.) (conditionally transferred);

(3) *Blumberg v. Google LLC*, Case No. 20-03557 (D.D.C.) (conditionally transferred);

(4) *Ratliff v. Google LLC*, Case No. 20-00833 (S.D. Miss.) (conditionally transferred);

(5) *Black v. Google LLC*, Case No. 21-00077 (E.D. Mo.) (conditionally transferred); and

(6) *Alexander v. Google LLC*, Case No. 21-00018 (E.D. Va.) (conditionally transferred).

This Court has been coordinating various Google Play-related actions for several months. The Court appointed Interim Lead Class Counsel for both the *Consumer Class Action* and the *Developer Class Action*. The Parties negotiated a Protective Order, ESI Order, and Discovery Coordination Order, which were subsequently entered. The Parties have served and responded to discovery requests, commenced document productions, and Plaintiffs continue to meet and confer

---

[1] *Paige* was formally transferred per the JPML's order. With respect to the five other tagalongs, the deadline for objecting to the JPML's conditional transfer order expired on February 16, 2021 and the JPML lifted the temporary stay of that order on February 17, 2021. The parties will report any further developments at the status conference.

with Google related to various discovery issues, including Google's and Epic's search protocols, date ranges for production, requests about regulatory investigations, transactional and financial data requests, a proposed mutual validation protocol, and searches related to named consumer plaintiffs' individual devices and accounts. The parties will comply with the Court's standing orders if any of their discovery disputes reach impasse.

A Stipulation and [Proposed] Scheduling Order and Page Limits for Forthcoming Motion Practice was filed with the Court (*Epic*, ECF No. 87; *Consumer Class Actions*, ECF No. 71; *Developer Class Actions*, ECF No. 68) and is pending approval. The Parties request entry of the stipulated case schedule. Developer and Consumer Plaintiffs maintain that the schedule will require prompt resolution of on-going discovery issues and prompt production of necessary documents, particularly transactional data, to meet the current August 2021 class certification deadline.

*Paige* and recently-filed tagalong consumer actions from other districts have not advanced beyond the pleadings stage. Those complaints rely on nearly identical factual allegations, assert the same legal theories and seek the same relief as the *Consumer Class Action* already pending before this Court. As such, the six tagalong consumer cases from other district courts should simply be consolidated with the *Consumer Class Action,* as the Court has done for other "related" consumer cases filed in this District, and all tagalong plaintiffs join in the currently filed Consolidated Consumer Amended Complaint. The Consumer Plaintiffs also request that the court enter an order directing that any future MDL cases will be automatically related to the *Consumer Class Action*.

**Court Filings.** Subject to the Court's approval, the parties propose filing all new documents on the MDL case docket (3:21-md-02981-JD). In addition, documents related to the Epic action would be filed on the docket for Case No 3:20-cv-05671-JD; documents related to the Consumer Class Action would be filed on the docket for Case No. 3:20-cv-05761-JD; and

documents related to the Developer Class Action would be filed on the docket for Case No. 3:20-cv-05792-JD.

**Court's Prior Orders.** The Parties request the Court adopt the following orders as governing the *Play Store MDL*:

A. Protective Order (*Epic*, ECF No. 106-1; *Consumer Class Action*, ECF No. 109-1; *Developer Class Action*, ECF No. 76-1);

B. ESI Order (*Epic*, ECF No. 88; *Consumer Class Action*, ECF No. 72; *Developer Class Action*, ECF No. 69); and

C. Discovery Coordination Order (*Epic*, ECF No. 89; *Consumer Class Action*, ECF No. 73; *Developer Class Action*, ECF No. 70); and

D. the Stipulation and [Proposed] Scheduling Order and Page Limits for Forthcoming Motion Practice (*Epic*, ECF No. 87; *Consumer Class Action*, ECF No. 71; *Developer Class Action*, ECF No. 68.

**Google's Motions to Dismiss.** Google filed its opening brief in support of its motion to dismiss *Epic* and the *Developer Class Action* on November 13, 2020. (*Epic*, ECF No. 91; *Developer Class Action*, ECF No. 71). Plaintiffs filed their opposition on December 21, 2020 (*Epic*, ECF No. 111; *Developer Class Action*, ECF No. 81), and Google filed its reply on January 20, 2021 (*Epic*, ECF No. 117; *Developer Class Action*, ECF No. 95). In its February 11, 2021 Order, the Court vacated the hearing date previously set for Google's Motion and stated the February 18, 2021 status conference would be used to "discuss coordinated motion proceedings and other case management issues." (*Play Store MDL*, ECF No. 2). All Parties to the *Epic* and *Developer Class Actions* believe the issues presented in the briefs are ripe for decision and are not affected by the creation of the Play Store MDL, nor the transfer and consolidation of additional tagalong consumer class cases.

Consumers filed a Consolidated Amended Complaint on December 28, 2020. Following that filing, Consumers and Google agreed to stay dismissal briefing pending the Court's resolution of Google's Motion to Dismiss the *Epic* and *Developer Class Action* complaints. (*Consumer Class Action* ECF No. 138). Unless the Court directs otherwise, Consumers and Google believe it would be efficient to first address the fully-briefed dismissal motions now pending before the Court.

**Discovery:** The first discovery requests were served by Epic, Developer Plaintiffs, and Consumer Plaintiffs on November 9, 2020. Google timely objected to those requests and served requests on Epic and Developer Plaintiffs on December 3, 2020 and December 18, 2020 respectively. Both Epic and Developer Plaintiffs have timely objected to those requests.

**Document Production:** The Parties have begun producing documents, with Google's first production of over 375,000 pages from its custodial review having occurred yesterday, February 16, 2021, and advises that a further substantial production is in process for early March. Epic has also produced documents, amounting to approximately 1.7 million pages to date. Transactional data has not yet been produced. The parties have cooperatively met and conferred to discuss the production of transactional data and other documents approximately seven times since November 2020, and continue to meet and confer, although several discovery issues remain unresolved.

**Unresolved Discovery Issues:**

a. **Custodial Categories:** The Parties continue to negotiate search terms to be run over Google's and Epic's custodial collections.

b. **Validation Protocol:** The Parties continue to discuss whether a validation protocol (which would require reviewing a sample of documents to determine the percentage of documents hit by search terms that are responsive) is appropriate.

c. **Scope of Time:** The Parties continue to discuss the period searches should cover.

     **d. Regulatory Investigations:** The Parties continue to discuss whether documents produced in regulatory investigations that implicate any topic at issue here should be produced in this litigation.

     **e. Transactional data:** The Parties continue to discuss the production of transactional data that is relevant to class certification and expert issues. The Plaintiffs have prioritized the requested data and have discussed in numerous meet and confers the manner in which such data could be produced. Google indicated that it is still examining how to produce the requested data in a format that is usable by all parties and has committed to work cooperatively with Plaintiffs on an efficient method of pulling transactional data that is acceptable to all Parties.

     **f. Consumer Plaintiffs' User Account Activity:** The Parties continue to discuss the collection of data related to the named consumer plaintiffs' device usage, app downloads and user activity.

| | | |
|---|---|---|
| 1 | Dated:  February 17, 2021 | CRAVATH, SWAINE & MOORE LLP |
| 2 | |    Christine Varney (*pro hac vice*) |
| | |    Katherine B. Forrest (*pro hac vice*) |
| 3 | |    Gary A. Bornstein (*pro hac vice*) |
| | |    Yonatan Even (*pro hac vice*) |
| 4 | |    Lauren A. Moskowitz (*pro hac vice*) |
| | |    M. Brent Byars (*pro hac vice*) |

**FAEGRE DRINKER BIDDLE & REATH LLP**
   Paul J. Riehle

Respectfully submitted,

By:   /s/  *Yonatan Even*
        Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated:  February 17, 2021          BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By:   /s/  *Karma M. Giulianelli*
        Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

7
JOINT CASE MANAGEMENT STATEMENT
3:21-MD-02981-JD

| | |
|---|---|
| Dated: February 17, 2021 | PRITZKER LEVINE LLP<br>Elizabeth C. Pritzker<br><br>Respectfully submitted,<br><br>By:  /s/  Elizabeth C. Pritzker<br>Elizabeth C. Pritzker<br><br>*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| Dated: February 17, 2021 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman<br>Robert F. Lopez<br>Benjamin J. Siegel<br><br>SPERLING & SLATER PC<br>Joseph M. Vanek<br>Eamon P. Kelly<br>Alberto Rodriguez<br><br>Respectfully submitted,<br><br>By:  /s/  Steve W. Berman<br>Steve W. Berman<br><br>*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball* |

Dated:  February 17, 2021

HAUSFELD LLP
    Bonny E. Sweeney
    Melinda R. Coolidge
    Katie R. Beran
    Scott A. Martin
    Irving Scher


Respectfully submitted,

By:  /s/  *Bonny E. Sweeney*
    Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated:  February 17, 2021

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Minna L. Naranjo
    Rishi P. Satia
    Michelle Park Chiu


Respectfully submitted,

By:  /s/  *Brian C. Rocca*
    Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

## E-FILING ATTESTATION

I, Hae Sung Nam, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Hae Sung Nam*
Hae Sung Nam