| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500 |
| Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980 | Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.* | *Counsel for Defendants Google LLC et al.* |
| Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908 | |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.* | |

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom: 11, 19th Floor (via Zoom)<br>Judge: Hon. James Donato |

Pursuant to this Court's Order dated February 18, 2021, the parties in the above-captioned MDL action (the "Parties"), by and through their undersigned counsel, submit this Joint Statement.

## I. Status of Consolidated Consumer Complaint

The Court directed the Parties to advise "on whether any of the consolidated complaints will be amended now that additional cases have been transferred to this district." ECF No. 5. Interim Co-Lead Counsel for the Consumer Plaintiffs communicated with counsel for the six new consumer class actions transferred to this Court and confirms that these six new consumer class actions should be deemed consolidated with and into *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, and that, at this time, Consumer Plaintiffs will not file an amended complaint or add named Plaintiffs to the operative consolidated complaint. As such, the pending Consolidated Consumer Class Action Complaint (ECF No. 132, Case No. 3:20-cv-05761-JD) will be the operative consumer complaint for purposes of Defendants' pleadings challenge and for further consolidated proceedings in *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, with respect to all Consumer Plaintiffs, including those named in the Consolidated Consumer Class Action Complaint and those named in the six newly centralized consumer class actions.

As reflected in the proposal below (*see* Section II), the Parties agree that Defendants' pending Rule 12(b)(6) motion to dismiss as to Epic Games, Inc. (ECF No. 91, Case No. 3:20-cv-05671-JD) and as to Developer Plaintiffs (ECF No. 71, Case No. 3:20-cv-05792-JD) ("the motion to dismiss"), shall be deemed Defendants' timely response to the Consolidated Consumer Class Action Complaint (including each of the newly centralized consumer class actions). Accordingly, as set forth below, the arguments in support of, and in opposition to, the motion to dismiss shall be deemed to apply to the Consolidated Consumer Class Action Complaint.

## II. Proposal for Motion Practice

With respect to the Court's instruction that the Parties should "streamline motion proceedings through the use of consolidated briefs to the fullest extent possible" in connection with Defendants' pending Rule 12(b)(6) motion to dismiss, and "meet and confer on a proposal to

achieve those efficiencies," the Parties make the following joint proposal, subject to the Court's approval:

First, all Consumer Plaintiffs shall join in and be subject to the joint omnibus briefing already on file with the Court, specifically:

- The following motion will be deemed to apply to, and seek dismissal of, the claims alleged in the Consolidated Consumer Class Action Complaint: Defendants' Notice Of Motion And Motion To Dismiss Epic Games, Inc.'s Complaint And Developers' First Consolidated Class Action Complaint; Supporting Memorandum Of Points And Authorities On Common Issues (ECF No. 91, Case No. 3:20-cv-05671-JD; ECF No. 71, Case No. 3:20-cv-05792-JD).

- All Consumer Plaintiffs will be deemed to have joined the following: Joint Opposition By Plaintiff Epic Games, Inc. And Developer Class Plaintiffs To Defendants' Motion To Dismiss (ECF No. 111, Case No. 3:20-cv-05671-JD; ECF No. 80, Case No. 3:20-cv-05792-JD).

- The following reply will be deemed to respond to the above-referenced opposition (which, under this proposal, said opposition will be deemed joined by Consumer Plaintiffs): Defendants' Reply To Opposition To Defendants' Motion To Dismiss Epic Games, Inc.'s Complaint And Developers' First Consolidated Class Action Complaint (ECF No. 117, Case No. 3:20-cv-05671-JD; ECF No. 95, Case No. 3:20-cv-05792-JD).

- The Parties will file each of the above briefs on the docket in *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD.

Second, Defendants' separate, five-page Motion to Dismiss Developer Plaintiffs' Claim for Damages will be deemed fully briefed (ECF No. 71-1, ECF No. 81, ECF No. 95-1, Case No. 3:20-cv-05792-JD).

Third, the Parties will not submit any further or supplemental "short briefs on fact issues." Thus, no further briefing will be submitted by the parties in connection with the motion to dismiss.

1 | Subject to the Court's availability, the Parties propose either of the following hearing dates on the Court's regular Civil Law & Motion calendar:  April 8, 2021 at 10:00 a.m. or April 15, 2021 at 10:00 a.m.

Dated: February 26, 2021

CRAVATH, SWAINE & MOORE LLP
  Christine Varney (*pro hac vice*)
  Katherine B. Forrest (*pro hac vice*)
  Gary A. Bornstein (*pro hac vice*)
  Yonatan Even (*pro hac vice*)
  Lauren A. Moskowitz (*pro hac vice*)
  M. Brent Byars (*pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:  /s/  *Yonatan Even*
       Yonatan Even

       *Counsel for Plaintiff Epic Games, Inc.*

Dated: February 26, 2021

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By:  /s/  *Karma M. Giulianelli*
       Karma M. Giulianelli

       *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated:  February 26, 2021          PRITZKER LEVINE LLP
                                    Elizabeth C. Pritzker

                                   Respectfully submitted,

                                   By:   /s/   Elizabeth C. Pritzker_____
                                          Elizabeth C. Pritzker

                                   *Liaison Counsel  for the Proposed Class in
                                   In re Google Play Consumer Antitrust
                                   Litigation*

Dated:  February 26, 2021          HAGENS BERMAN SOBOL SHAPIRO LLP
                                    Steve W. Berman
                                    Robert F. Lopez
                                    Benjamin J. Siegel

                                   SPERLING & SLATER PC
                                    Joseph M. Vanek
                                    Eamon P. Kelly
                                    Alberto Rodriguez


                                   Respectfully submitted,

                                   By:   /s/   Steve W. Berman
                                          Steve W. Berman

                                   *Co-Lead Interim Class Counsel for the
                                   Developer Class and Attorneys for Plaintiff
                                   Pure Sweat Basketball*

| | | |
|---|---|---|
| 1 | Dated: February 26, 2021 | HAUSFELD LLP |
| 2 | |    Bonny E. Sweeney |
| | |    Melinda R. Coolidge |
| 3 | |    Katie R. Beran |
| | |    Scott A. Martin |
| 4 | |    Irving Scher |

Respectfully submitted,

By:  /s/ *Bonny E. Sweeney*
     Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: February 26, 2021         MORGAN, LEWIS & BOCKIUS LLP
   Brian C. Rocca
   Sujal J. Shah
   Minna L. Naranjo
   Rishi P. Satia
   Michelle Park Chiu

Respectfully submitted,

By:  /s/ *Brian C. Rocca*
     Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

## E-FILING ATTESTATION

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian C. Rocca*
Brian C. Rocca