# Exhibit B.

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS GOOGLE LLC, GOOGLE IRELAND LIMITED, GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LTD. AND GOOGLE PAYMENT CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION**<br><br>Judge:  Hon. James Donato |

Pursuant to Rules 26 and 34(b) of the Federal Rules of Civil Procedure, Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Ltd., and Google Payment Corp. ("Google") hereby object and respond ("Responses") to Plaintiffs' Supplemental Request for Production ("Request") as follows:

## GENERAL OBJECTIONS

1. Google incorporates by reference each and every General Objection as set forth in Google's Responses and Objections to Plaintiffs' First Set of Requests for Production (Nos. 1–203) (Dec. 23, 2020) into each and every specific Response.  From time to time, a specific Response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific Response shall not be interpreted as a waiver of any General Objection to that Response.

## OBJECTIONS TO DEFINITIONS

1. Google incorporates by reference each and every Objection to Definitions as set forth in Google's Responses and Objections to Plaintiffs' First Set of Requests for Production (Nos. 1–203) (Dec. 23, 2020) into each and every specific Response.  From time to time, a specific Response may repeat an Objection to Definitions for emphasis or some other reason.  The failure to repeat any Objection to Definitions in any specific Response shall not be interpreted as a waiver of any Objection to Definitions to that Response.

**DEFINITION: "DISCOVERY MATERIALS"** shall mean DOCUMENTS produced by YOU or received by YOU as part of discovery, INCLUDING all: (i) DOCUMENTS produced by YOU or received by YOU in response to any notice, request for production or subpoena duces tecum served pursuant to N.Y. C.P.L.R. § R3120, or any similar discovery mechanism; (ii) responses to interrogatories served by or on YOU pursuant to N.Y. C.P.L.R. § 3132, or any

similar discovery mechanism; (iii) responses to requests for admission served by or on YOU pursuant to N.Y. C.P.L.R. § 3123, or any similar discovery mechanism; and (iv) transcripts and videos of any deposition taken pursuant to a notice served pursuant to N.Y. C.P.L.R. § 3107, or any similar discovery mechanism.

**OBJECTION TO DEFINITION "DISCOVERY MATERIALS":** Google objects to the Definition of "DISCOVERY MATERIALS" as overly broad and unduly burdensome, particularly to the extent it seeks to impose upon Google obligations in excess of those set forth in the Federal Rules of Civil Procedure and/or identifies specific discovery types/formats/storage mediums. Google also objects to this Definition to the extent it purports to seek documents not relevant and disproportionate to the needs of this litigation. Google further objects to this Definition to the extent it purports to seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

**OBJECTIONS TO INSTRUCTIONS**

1. Google incorporates by reference each and every Objection to Instructions as set forth in Google's Responses and Objections to Plaintiffs' First Set of Requests for Production (Nos. 1–203) (Dec. 23, 2020) into each and every specific Response. From time to time, a specific Response may repeat an Objection to Instructions for emphasis or some other reason. The failure to repeat any Objection to Instructions in any specific Response shall not be interpreted as a waiver of any Objection to Instructions to that Response.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 204:**

Please produce all DISCOVERY MATERIALS in the case captioned *Callsome Solutions Inc. v. Google, Inc.*, Index No. 652386/2014 (N.Y. Sup.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204:** Google reasserts and incorporates each of the General Objections, Objections to Definitions, and Objections to Instructions set forth above.  Google objects to this Request because it is overbroad, not reasonably proportionate to the needs of the case and is not relevant to any claims or defenses in this litigation.  The claims in *Callsome Solutions Inc. v. Google, Inc.*, involve allegations of tortious interference by an application developer and are not relevant to Plaintiffs' allegations of antitrust violations at issue in this litigation.  The Request is plainly intended to advance Plaintiffs' improper effort to compel discovery of an irrelevant legal action.  *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to nonprivileged matters "relevant to any party's claim or defense"); *Costa v. Wright Med. Tech., Inc.*, 2019 WL 108884, at *2 (D. Mass. Jan. 4, 2019) (holding that "cloned discovery . . . is unwarranted because those cases are not 'substantially similar'" (citation omitted)); *Gorham v. Solis*, 2014 WL 5585327, at *3 (N.D. Cal. Nov. 3, 2014) (denying discovery requests because they were "not 'reasonably calculated to lead to the discovery of admissible evidence'" (citation omitted)); *King Cnty. v. Merrill Lynch & Co., Inc.*, No. 10-CV-1156, 2011 WL 3438491, at *2 (W.D. Wash. Aug. 5, 2011) (holding that "discovery requests that seek duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance."); *see also Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper.").  Google further objects because, as *Goro* held in denying plaintiffs' motion to compel, "[i]f relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is **to request those documents**," and "[t]he fact that the documents were or were not produced in other litigation is irrelevant." *Goro*, 2019 WL 6252499, at *18 (emphasis added).  As of the date of these Responses and Objections, Plaintiffs have already issued **204 requests for production** on Google.  Google has agreed to search **23 custodians' files** (while reserving all rights) using an extremely wide array of substantive search terms, as well as numerous other repositories that are targeted to substantive issues.  This Request is unduly

burdensome, disproportionate, duplicative, and oppressive, because "compelling a responding party to do duplicate searches—one for responsive documents in their custody and control and one for all documents in their custody and control that were previously produced in other litigation—is definitionally unduly burdensome, as it would consume resources without providing any additional benefit to the propounding party." *Id.*  Google further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  Google further objects to this Request to the extent it purports to require Google to produce highly sensitive, confidential commercial information and/or confidential information belonging to third parties that Google has an obligation not to disclose.

Dated: March 31, 2021

MORGAN, LEWIS & BOCKIUS LLP

/s/     *Michelle Park Chiu*
Michelle Park Chiu
michelle.chiu@morganlewis.com
Brian C. Rocca
brian.rocca@morganlewis.com
Sujal J. Shah
sujal.shah@morganlewis.com
Minna Lo Naranjo
minna.naranjo@morganlewis.com
Rishi P. Satia
rishi.satia@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Attorneys for Defendants*

## PROOF OF SERVICE BY ELECTRONIC MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596.

On March 31, 2021, I served a copy of the within documents:

**DEFENDANTS GOOGLE LLC, GOOGLE IRELAND LIMITED, GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LTD. AND GOOGLE PAYMENT CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION**

by transmitting via electronic mail the document(s) listed above to each of the person(s) set forth below.

| | |
|---|---|
| Christine A. Varney (pro hac vice)<br>Katherine B. Forrest (pro hac vice)<br>Gary A. Bornstein (pro hac vice)<br>Yonatan Even (pro hac vice)<br>Lauren A. Moskowitz (pro hac vice)<br>M. Brent Byars (pro hac vice)<br>Eric Zepp (pro hac vice)<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>epic-mobileapps@cravath.com<br>cvarney@cravath.com<br>kforrest@cravath.com<br>gbornstein@cravath.com<br>yeven@cravath.com<br>lmoskowitz@cravath.com<br>mbyars@cravath.com<br>ezepp@cravath.com | Eamon P. Kelly<br>Alberto Rodriguez<br>Martin Amaro<br>SPERLING & SLATER, P.C.<br>55 W. Monroe Street, Suite 3200<br>Chicago, IL 60603<br>ekelly@sperling-law.com<br>arodriguez@sperling-law.com<br>mamaro@sperling-law.com<br><br>Steve W. Berman<br>Robert F. Lopez<br>Ted Wojcik<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>steve@hbsslaw.com<br>robl@hbsslaw.com<br>tedw@hbsslaw.com |
| Paul J. Riehle (SBN 115199)<br>FAGRE DRINKER BIDDLE & REATH LLP<br>Four Embarcadero Center<br>San Francisco, California 94111<br>paul.riehle@faegredrinker.com<br><br>*Counsel for Plaintiff in Epic Games, Inc. v. Google LLC, et al.* | Benjamin J. Siegel<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>bens@hbsslaw.com<br><br>*Counsel for Plaintiff Pure Sweat Basketball, Inc. and the Proposed Class in Pure Sweat Basketball, Inc. v. Google LLC, et al.* |
| Hae Sung Nam | Elizabeth Pritzker |

- 5 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION

| | |
|---|---|
| KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>hnam@kaplanfox.com<br><br>Karma M. Giulianelli<br>BARTLIT BECK LLP<br>1801 Wewetta St., Suite 1200<br>Denver, CO 80202<br>karma.giulianelli@bartlitbeck.com<br><br>*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class in In re Google Play Consumer Antitrust Litigation* | PRITZKER LEVINE LLP<br>1900 Powell Street, Suite 450<br>Emeryville, CA 94608<br>ecp@pritzkerlevine.com<br><br>*Interim Liaison Counsel for Plaintiffs and the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| Peggy J. Wedgworth<br>MILBERG PHILLIPS GROSSMAN LLP<br>One Penn Plaza, Suite 1920<br>New York, New York 10119<br>pwedgworth@milberg.com<br><br>George A. Zelcs<br>KOREIN TILLERY, LLC<br>205 North Michigan, Suite 1950<br>Chicago, IL 60601<br>gzelcs@koreintillery.com<br><br>Nanci Eiko Nishimura<br>COTCHETT PITRE & MCCARTHY LLP<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>nnishimura@cpmlegal.com<br><br>*Interim Steering Committee Members for Plaintiffs and the Proposed Class in In re Google Play Consumer Antitrust Litigation* | Bonny E. Sweeney (SBN 176174)<br>Samantha J. Stein (SBN 302034)<br>HAUSFELD LLP<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104<br>DevelopersvGoogle@hausfeld.com<br>bsweeney@hausfeld.com<br>sstein@hausfeld.com<br><br>Melinda R. Coolidge (pro hac vice)<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>mcoolidge@hausfeld.com<br><br>Katie R. Beran (pro hac vice)<br>325 Chestnut Street, Suite 900<br>Philadelphia, PA 19106<br>kberan@hausfeld.com<br><br>Scott A. Martin (pro hac vice)<br>Irving Scher (pro hac vice)<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>smartin@hausfeld.com<br><br>*Counsel for Plaintiff Peekya App Services, Inc. and the Proposed Class in Pure Sweat Basketball, Inc. v. Google LLC, et al.* |

Executed on March 31, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ *Rishi P. Satia*
Rishi P. Satia