Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli, Bar No. 97802
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT STATEMENT RE: CASE SCHEDULE**<br><br>Judge: Hon. James Donato |

Pursuant to this Court's Order dated May 14, 2021 (*In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal. 2021) ("MDL") ECF No. 39), the parties in the above-captioned MDL action ("the Parties"), by and through their undersigned counsel, submit this Joint Statement regarding the Parties' proposed case schedule.

## I. PLAINTIFFS' PROPOSED SCHEDULE

On November 6, 2020, the Parties filed a stipulation in which they jointly proposed a case schedule that requested an April 26, 2022 trial date. (*Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal. 2020) ("*Epic*") ECF No. 87 at 2.) That agreed-to schedule reflected the Court's admonition that the case should not deviate from the Court's standing order requiring cases to be scheduled for trial within 18 months. (*See* Standing Order for Civil Cases Before Judge Donato at ¶ 4 ("As a general rule, counsel should budget no more than 18 months between the initial case management conference and trial.").) At the case management conference on May 13, 2021, the Court was unequivocal: "I very much want to keep the April trial date of next year. I don't want to move that." (Status Conf. Tr. (5/13/2021) at 4:22-23.) Class Plaintiffs and Epic Games, Inc. ("Epic", together with Class Plaintiffs "Plaintiffs") agree and have therefore proposed a reasonable schedule that honors the parties' prior agreement and heeds the Court's wishes to keep the trial date as April 26, 2022. In contrast, Google now seeks to push back the first trial date to the very end of May.

Google's qualms with Plaintiffs' proposed schedule are without merit. Google takes issue with the cases proceeding with common dates for expert and dispositive motions. Plaintiffs' proposal, however, is far more efficient than pursuing multiple rounds of dispositive motions, expert reports and *Daubert* briefing, as Google's schedule provides. Further, Plaintiffs' proposal will allow for coordinated briefing of common issues. This efficiency is exactly what the Parties agreed was appropriate for Google's motion to dismiss. Expert reports, dispositive motions and *Daubert* motions are no different. (*See* Status Conf. Tr. (5/13/2021) at 6:6-8 (The Court: "I don't want to have multiple *Daubert* rounds. Okay? I want to have effectively one *Daubert* proceeding.").)

With regard to the class proceedings, Google complains this schedule results in a "one-way intervention" problem because a summary judgment ruling before class certification would bind Google but not bind absent class members.  But, Google's approach of allowing Epic to proceed with dispositive motions, including seeking summary judgment on its overlapping theories, exposes Google to the exact same risk it complains of.  Conversely Plaintiffs' proposal provides for the hearing on class certification to come before any hearing on dispositive motions.  And, of course, the "one-way intervention" rule has no application to expert discovery or *Daubert* motions.

Finally, Google suggests that there is no urgency here by implying that it did no harm to Epic by removing *Fortnite* from Google Play, because there are other ways to download *Fortnite* onto an Android device.  But that assertion runs contrary to the core allegation of Epic's Complaint, which is that "there is no viable substitute to distributing Android apps through the Google Play Store" because of Google's anticompetitive restrictions.  (*Epic* ECF 1 at ¶ 72.)  Epic reiterates its need for an expeditious trial schedule for all the reasons it set forth in the initial joint case management statement filed on October 2, 2020, including the fact that "*Fortnite*'s removal caused an uproar and backlash against Epic".  (*Epic* ECF No. 55 at 17.)  Epic has been, and continues to be, harmed by Google's anticompetitive conduct, and seeks an expeditious trial to remedy that.

Lastly, Plaintiffs take no position on sequence of trials, as the Court made clear that the Parties should "be prepared to discuss that with the Court at the next status conference."  (MDL ECF No. 39 at 1.)

Plaintiffs' proposed schedule follows:

| Plaintiffs' Proposed Schedule ||
|---|---|
| **ACTIVITY** | **DATE** |
| Substantial Completion of Party Document Production | June 30, 2021 |
| Hearing on Google Motion to Dismiss | July 22, 2021 |
| Merits Expert Witness Disclosure (identity and topics for opening experts only) | October 25, 2021 |
| Fact Discovery Cut Off | November 5, 2021 |
| Opening Expert Reports | November 12, 2021 |
| Rebuttal Expert Reports (merits and class) | December 13, 2021 |
| Class Certification Motion (with expert reply report on class issues) | January 7, 2022 |
| Expert Discovery Cut Off | January 14, 2022 |
| Dispositive Motions/Daubert | January 21, 2022 |
| Class Certification Opposition | February 4, 2022 |
| Dispositive Motions/Daubert Opposition | February 18, 2022 |
| Class Certification Reply | February 25, 2022 |
| Class Certification Hearing | March 10, 2022 |
| Dispositive Motions Replies | March 10, 2022 |
| Class Certification Opposition With Expert Report | March 31, 2022 |
| Dispositive Motion Hearing and Expert Hot Tub | March 17, 2022 (hot tub)<br>March 24, 2022 (dispositive hearing) |
| Serve (but not file) Motions in Limine | March 24, 2022 |
| Pretrial Filing Date | April 7, 2022 |
| Trial | April 25, 2022 |

## II. GOOGLE'S PROPOSED SCHEDULE

Epic and the putative classes have vastly differing views as to the sequencing of potential trials, which have led to an unrealistic (and prejudicial) "joint" proposed schedule that requires double- and triple-tracking significant efforts on three different dockets. Google's view is that Epic's case is fundamentally defective (as shown in Google's motion to dismiss filed on November 13, 2020), but should be scheduled to proceed to the merits first because Epic seeks injunctive relief only and needs no class certification process. Toward that end, Google proposes a reasonable schedule to efficiently manage case activity, whereby: Google's motion to dismiss proceeds as scheduled in July; if the case proceeds beyond the pleadings, then coordinated fact discovery would continue through a common "closing" date for all cases; followed by merits work in the *Epic* case proceeding in parallel with class certification work in the putative class cases. This proposal is consistent with the Court's standing order and statements at various status conferences and is the most common-sense approach for the following reasons:

First, the class plaintiffs' proposal is unrealistic and highly prejudicial to Google. For example, under their proposed schedule, the Court will hear class certification arguments a mere 28 days before the pretrial conference. In accordance with the Court's Standing Order for Civil Jury Trials, the parties would then be required to file pretrial documents a mere 14 days later, requiring parties to hastily proceed with trial preparation prior to knowing the Court's decision on class certification issues. Similarly, the class plaintiffs propose March 24 for dispositive motions, the same date that pretrial documents are due under the Court's Standing Order for Civil Jury Trials. This proposed schedule imposes serious burdens on the Court as it will need to hear *and decide* the class certification motions filed by both Consumer Plaintiffs and Developer Plaintiffs *and* dispositive motions *and* Daubert motions, all in March 2022.

Further, class plaintiffs and Epic alike propose to triple-track merits and class experts discovery for *all* cases. In other words, class plaintiffs and Epic now propose doing all expert work—both merits experts and class experts—for all cases *at the exact same time;* they also propose to do both class certification briefing and dispositive motion briefing for all cases *at the*

*exact same time*. That contradicts the Court's prior guidance to have fact discovery followed by class cert proceedings, then merits expert discovery, and then dispositive motion practice. *See* Status Conf. Tr. (10/29/2020) at 7:23-8:17. The Court stated:

> THE COURT: Now, in terms of a scheduling order, first, the way I like to pace cases is to have fact discovery -- class cert proceedings go before the close of fact discovery. All right? So it's class cert, get through that; close the fact discovery, finish that; then you do your expert discovery, and then you file your dispositive motions and Daubert motions. All right?

*Id*. Google agrees that the Court's preferred approach makes sense and proposes a schedule consistent with its preferences that is more consistent with standard practice and less prejudicial.

Class plaintiffs' proposal also creates a one-way intervention problem and related due process concerns. Their proposal would force Google to file dispositive motions in the class cases before it even opposes class certification, and long before the Court decides the class certification motions. *E.g.*, *Villa v. San Francisco Forty-Niners, Ltd*., 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (Rule 23(c)(2) "exists in part to protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one").

Finally, the torrid pace of activity in early 2022 proposed by plaintiffs is unreasonable and unnecessary. Epic's insistence on an April 2022 trial date—despite the Court indicating that pushing that date by one month was reasonable to accommodate potential trial conflicts—only exacerbates the problem. While Epic continues to argue about the need for speed, Epic continues to distribute on Android through the Samsung Galaxy Store and direct downloads from its website. And, unlike in its case against Apple, Epic did not seek emergency relief because *there is no emergency here*. (At all events, the status quo is of Epic's making when it deceived Google into accepting it onto Google Play only to then willfully violate the policy that is the subject of this lawsuit.) Finally, we acknowledge plaintiffs' reference to the Court's "general rule" of 18-months to trial, but this MDL is not a standard case. While Epic, a would-be competitor, is alleging an injunctive-only claim and asking for trial priority, there are two

putative classes of plaintiffs (developers and consumers) vying for the same purported overcharge. These cases are moving briskly, but there are practical limits in a case of this nature.

For these reasons, Google proposes the following schedule:

| **Google's Proposed Schedule** | |
| --- | --- |
| ACTIVITY | DATE |
| Substantial Completion of Party Document Production | June 30, 2021 |
| Hearing on Google Motion to Dismiss | July 22, 2021 |
| Fact Discovery Cut Off (reopens re classes for 44 days after ruling on class cert) | November 15, 2021 (all cases) |
| Merits Expert Witness Disclosure (identity and topics for opening experts only) | November 15, 2021 (Epic case only) |
| Opening Merits Expert Reports | November 22, 2021 (Epic case only) |
| Rebuttal Merits Expert Reports | January 7, 2022 (Epic case only) |
| Merits Expert Discovery Cut Off | January 28, 2022 (Epic case only) |
| Class Certification Motion With Expert Report | January 31, 2022 |
| Dispositive Motions/Daubert | February 4, 2022 (Epic case only) |
| Dispositive Motions/Daubert Opposition | March 4, 2022 (Epic case only) |
| Dispositive Motions Replies | March 24, 2022 (Epic case only) |
| Class Certification Opposition With Expert Report | March 31, 2022 |
| Dispositive Motion Hearing and Expert Hot Tub | April 7, 2022 (Epic case only) |
| Serve (but not file) Motions in Limine | April 21, 2022 (Epic case only) |
| Class Certification Reply With Expert Report | April 29, 2022 |
| Pretrial Filing Date | May 5, 2022 (Epic case only) |
| Class Certification Hearing (including expert testimony/hot tubbing if the Court requests) | May 12, 2022 |
| Trial – Epic Case Only | May 30, 2022 (Epic case only) |

1 | Respectfully submitted,

2 | Dated: May 27, 2021

CRAVATH, SWAINE & MOORE LLP
  Christine Varney (*pro hac vice*)
  Katherine B. Forrest (*pro hac vice*)
  Gary A. Bornstein (*pro hac vice*)
  Yonatan Even (*pro hac vice*)
  Lauren A. Moskowitz (*pro hac vice*)
  M. Brent Byars (*pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:  /s/ Yonatan Even
  Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: May 27, 2021

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By:  /s/ Karma M. Giulianelli
  Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 27, 2021

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: /s/ Elizabeth C. Pritzker
Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 27, 2021

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel

SPERLING & SLATER PC
Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez

Respectfully submitted,

By: /s/ Steve W. Berman
Steve W. Berman

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

| | | |
|---|---|---|
| 1 | Dated: May 27, 2021 | HAUSFELD LLP |
| 2 | |     Bonny E. Sweeney |
| | |     Melinda R. Coolidge |
| 3 | |     Katie R. Beran |
| | |     Scott A. Martin |
| 4 | |     Irving Scher |

Dated: May 27, 2021      HAUSFELD LLP
    Bonny E. Sweeney
    Melinda R. Coolidge
    Katie R. Beran
    Scott A. Martin
    Irving Scher

Respectfully submitted,

By:   /s/ Bonny E. Sweeney
      Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: May 27, 2021      MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:   /s/ Brian C. Rocca
      Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: May 27, 2021

O'MELVENY & MYERS LLP
Daniel M. Petrocelli
Ian Simmons
Benjamin G. Bradshaw
E. Clay Marquez
Stephen J. McIntyre

Respectfully submitted,

By:   /s/ Daniel M. Petrocelli
          Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*

## E-FILING ATTESTATION

I, Eamon P. Kelly, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Eamon P. Kelly*
Eamon P. Kelly