1  Karma M. Giulianelli (SBN 184175)
   karma.giulianelli@bartlitbeck.com
2  **BARTLIT BECK LLP**
   1801 Wewetta St., Suite 1200
3  Denver, Colorado 80202
   Telephone: (303) 592-3100
4
5  Hae Sung Nam (*pro hac vice*)
   hnam@kaplanfox.com
6  **KAPLAN FOX & KILSHEIMER LLP**
   850 Third Avenue
7  New York, NY 10022
   Tel.: (212) 687-1980
8
   *Co-Lead Counsel for the Proposed Class in In re*
9  *Google Play Consumer Antitrust Litigation*

10 Steve W. Berman (*pro hac vice*)
   steve@hbsslaw.com
11 **HAGENS BERMAN SOBOL SHAPIRO LLP**
   1301 Second Ave., Suite 2000
12 Seattle, WA 98101
   Telephone: (206) 623-7292
13
   *Co-Lead Counsel for the Proposed Class in In re*
14 *Google Play Developer Antitrust Litigation and*
   *Attorneys for Pure Sweat Basketball, Inc.*
15
16 Bonny E. Sweeney (SBN 176174)
   bsweeney@hausfeld.com
17 **HAUSFELD LLP**
   600 Montgomery Street, Suite 3200
18 San Francisco, CA 94104
   Telephone: (415) 633-1908
19
   *Co-Lead Counsel for the Proposed Class in In re*
20 *Google Play Developer Antitrust Litigation and*
   *Attorneys for Peekya App Services, Inc.*
21
22 [Additional counsel appear on signature page]

23

24

25

26

27

28

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic*
*Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700

Ian Simmons (*pro hac vice*)
isimmons@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Counsel for Defendants Google LLC et al.*

---

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT STIPULATION**<br><br><br>Judge: Hon. James Donato |

Upon the agreement of the parties in the above-captioned actions (the "Parties", and each individually, a "Party") regarding the scope of disclosures and discovery relating to all experts (testifying and non-testifying), the Court enters this Order:

1.      Except as specifically set forth and/or modified herein, the Parties shall comply with all of the requirements of Federal Rule of Civil Procedure 26 with regard to the scope of disclosures and discovery relating to all experts.

2.      Any expert retained in connection with the above-captioned actions shall be provided with a copy of this Order.

3.      The Parties agree that the only disclosures relating to retained experts (testifying and non-testifying) and consultants in the above-captioned actions shall be those pertaining only to testifying experts, resulting from and as required by Federal Rule of Civil Procedure 26(a)(2) as modified or limited by this Order.

4.      For purposes both of the disclosure requirement agreed at Paragraph 3 above and also for purposes of discovery relating to experts, the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

5.      Unless relied upon by a testifying expert as a basis for his or her opinion(s) expressed in final expert reports, declarations or other testimony in this litigation, the following categories of information, whether in documents,  communications, or other forms, shall not be discoverable:

    a.      The content of communications between a testifying expert and his or her staff;

    b.      The content of communications between, on the one hand, a testifying expert and his or her staff and, on the other hand, any other non-testifying experts or consultants and their staff;

    c.      The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, the Party or Parties who retained that expert;

d.      The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, any other testifying experts and their staff retained by the same Party or Parties; and

e.      Work product prepared by or at the direction of a testifying expert, other than a testifying expert's final report or declaration submitted in this litigation (including, but not limited to, notes, outlines, memoranda, research and analyses), as well as communications regarding that work product with that testifying expert's staff or any other non-testifying experts or consultants.

6.      The Parties shall not be obliged to include documents encompassed within the scope of Paragraph 5 above on any privilege log.

7.      Within three calendar days of service of an expert report, declaration, or affidavit, the Party or Parties submitting such report, declaration, or affidavit shall produce all the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinion(s).  Data, documents, and other information relied upon by an expert witness shall include, but are  not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells, if applicable),   statistical analyses, regression analyses, input and output files for each program or computer code, programs, computer code, and other sources,  reports, schedules, literature, or websites.  A detailed readme file that explains (1) each of the source input files and Bates-numbered data files to be included in each specific folder of the backup production and (2) the specific order to run each program or computer code shall also be produced.  Bates numbered documents previously produced by any Party and documents that are publicly available need not be produced, but a list of any such documents identified by Bates number (and, for publicly available documents, the location where such materials can be located) shall be included with the information relied upon by the expert.  Neither Party needs to produce programs or software that (i) are publicly available at reasonable cost and within a reasonable time and (ii) are not practicable to copy, as long as the Party or Parties offering the expert's

opinion provide timely and reasonable access and instructions for purposes of replication or analysis of disclosed results.  Documents that are publicly available must be identified but need not be produced absent specific request.  Documents and data should be produced electronically (via email or storage device such as hard drive or thumb drive) where appropriate.

8.    The production of information relied upon shall be sufficient for the opposing Parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort.  The producing Party also shall promptly answer reasonable technical inquiries about data, programs, or code prior to the expert's deposition.

9.    Without prejudice to a party's rights under Federal Rule of Civil Procedure 26(b)(4)(D)(i) and (ii), all work product prepared by or at the direction of an expert or consultant who is not expected to be called as a witness at trial (including, but not limited to, notes, outlines, memoranda, reports, drafts, research and analyses), as well as communications by or among such non-testifying experts or consultants or their staffs, shall not be discoverable through any means.

10.    Nothing in this Order shall limit or waive any Party's rights to object for any reason to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

11.    The requirements of Federal Rule of Civil Procedure 26(b)(4)(E) shall not apply in this litigation.

12.    This Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

**IT IS SO STIPULATED.**

Dated:  July 9, 2021                    CRAVATH, SWAINE & MOORE LLP
    Christine Varney (*pro hac vice*)
    Katherine B. Forrest (*pro hac vice*)
    Darin P. McAtee (*pro hac vice*)
    Gary A. Bornstein (*pro hac vice*)
    Timothy G. Cameron (*pro hac vice*)
    Yonatan Even (*pro hac vice*)
    Lauren A. Moskowitz (*pro hac vice*)
    Omid H. Nasab (*pro hac vice*)
    Justin C. Clarke (*pro hac vice*)
    M. Brent Byars (*pro hac vice*)

    FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle (SBN 115199)

    Respectfully submitted,

    By:    /s/  Yonatan Even
        Yonatan Even

    *Counsel for Plaintiff Epic Games, Inc.*

Dated:  July 9, 2021                    BARTLIT BECK LLP
    Karma M. Giulianelli

    KAPLAN FOX & KILSHEIMER LLP
    Hae Sung Nam

    Respectfully submitted,

    By:    /s/  Karma M. Giulianelli
        Karma M. Giulianelli

    *Co-Lead Counsel  for the Proposed Class in*
    *In re Google Play Consumer Antitrust*
    *Litigation*

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

Dated:  July 9, 2021

2

PRITZKER LEVINE LLP
   Elizabeth C. Pritzker

3

Respectfully submitted,

4

By:   /s/  Elizabeth C. Pritzker
      Elizabeth C. Pritzker

5

6

*Liaison Counsel  for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

7

8

Dated:  July 9, 2021

9

HAGENS BERMAN SOBOL SHAPIRO LLP
   Steve W. Berman
   Robert F. Lopez
   Benjamin J. Siegel

10

11

SPERLING & SLATER PC
   Joseph M. Vanek
   Eamon P. Kelly
   Alberto Rodriguez

12

13

14

Respectfully submitted,

15

16

By:   /s/  Steve W. Berman
      Steve W. Berman

17

*Co-Lead Interim Class Counsel for the
Developer Class and Attorneys for Plaintiff
Pure Sweat Basketball*

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  July 9, 2021                        HAUSFELD LLP
                                            Bonny E. Sweeney
                                            Melinda R. Coolidge
                                            Katie R. Beran
                                            Scott A. Martin
                                            Irving Scher


                                            Respectfully submitted,

                                            By:    /s/  Bonny E. Sweeney
                                                   Bonny E. Sweeney

                                            *Co-Lead Interim Class Counsel for the
                                            Developer Class and Attorneys for Plaintiff
                                            Peekya App Services, Inc.*

Dated:  July 9, 2021                        MORGAN, LEWIS & BOCKIUS LLP
                                            Brian C. Rocca
                                            Sujal J. Shah
                                            Minna L. Naranjo
                                            Rishi P. Satia
                                            Michelle Park Chiu

                                            O'MELVENY & MYERS LLP
                                            Daniel M. Petrocelli
                                            Ian Simmons
                                            Benjamin G. Bradshaw
                                            Stephen J. McIntyre

                                            Respectfully submitted,

                                            By:    /s/  Daniel M. Petrocelli
                                                   Daniel M. Petrocelli

                                            *Counsel for Defendants Google LLC et al.*

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

**E-FILING ATTESTATION**

   I, Daniel M. Petrocelli, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


         /s/  Daniel M. Petrocelli
         Daniel M. Petrocelli


         * * *

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED**

2

3    DATED: _____        _____

4                                         HON. JAMES DONATO

5                                         United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING EXPERT STIPULATION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD