| | |
|---|---|
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br><br>Eamon P. Kelly (*pro hac vice*)<br>ekelly@sperling-law.com<br>**SPERLING & SLATER P.C.**<br>55 W. Monroe, Suite 3200<br>Chicago, IL 60603<br>Telephone: 312-641-3200<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.* | Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111<br>Telephone: (415) 633-1908<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION** | Case No. 3:20-cv-05792-JD<br><br>**DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 13, 2022 at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, in the courtroom of the Honorable James Donato located at the Phillip Burton Federal Building and United States Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Developer Plaintiffs will move the Court, pursuant to Federal Rules of Civil Procedure 15 and/or 21, for an order permitting Developer Plaintiffs to further amend their consolidated complaint. Developer Plaintiffs' Motion is based on this Notice and Motion, the Memorandum of Points and Authorities in Support of Motion, the complete records and files of this action, all other matters of which the Court may take judicial notice, and any other such evidence and oral argument as may be made at the hearing of this matter.

Dated: December 6, 2021

Respectfully submitted,

By *s/ Bonny E. Sweeney*
   Bonny E. Sweeney (SBN 176174)
Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Telephone: (415) 633-1953 (direct)
Facsimile:  (415) 358-4980
bsweeney@hausfeld.com
kbates@hausfeld.com

Melinda R. Coolidge (*pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com

1

Katie R. Beran (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
Daniel Kees (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com
ydewald@hausfeld.com
dkees@hausfeld.com

Scott A. Martin (*pro hac vice*)
Irving Scher (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100 (main)
Telephone: (646) 357-1195 (direct)
Facsimile:  (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com


HAGENS BERMAN SOBOL SHAPIRO LLP

By     */s/ Steve W. Berman*
       Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

By ___*/s/ Eamon P. Kelly*___
  Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

Raymond Witt (*pro hac vice*)
**THE LEWIS FIRM PLLC**
1300 I Street NW, Suite 400E
Washington, DC 20005
Tel.: (202) 355-8895
Fax: (888) 430-6695
rwitt@lewis-firm.com

*Interim Co-Lead Class Counsel*

3

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

**RELIEF REQUESTED**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, Developer Plaintiffs seek leave to file the accompanying Second Amended Consolidated Class Action Complaint.

**ISSUE PRESENTED**

Whether this Court should permit Developer Plaintiffs to add LittleHoots LLC as an additional plaintiff and putative class representative, narrow the proposed class definition, and update certain allegations, when these amendments will not prejudice any party and do not result from undue delay, bad faith, pleading inadequacies, or futile intentions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and/or 21, Developer Plaintiffs seek leave to add LittleHoots LLC as a plaintiff and putative class representative, narrow the proposed class definition, and to update certain allegations as reflected in Developer Plaintiffs' Second Amended Consolidated Class Action Complaint.[1]  Developer Plaintiffs' present amendment is timely under the Court's MDL Scheduling Order (MDL Dkt. No. 122)[2] entered on October 22, 2021, which sets a December 3, 2021 deadline for adding parties and amending pleadings.  All Parties, including Defendants, have had sufficient notice that Developer Plaintiffs may amend their complaint.

The timing of Developer Plaintiffs' amendment, as provided for by the Court's scheduling order, is also consistent with the aims of Rule 15 and does not prejudice any party.  LittleHoots's claims are substantively identical to those asserted by Developers and other Plaintiffs since the inception of this litigation.  The narrower class definition proposed in Developer Plaintiffs' Second Amended Consolidated Class Action Complaint, and the other updates, streamline and clarify Developer Plaintiffs' allegations without introducing new issues.  Discovery also remains ongoing;

---

[1] A redline of the changes between Developer Plaintiffs' First Amended Consolidated Class Action Complaint (Dev. Ps Dkt. No. 128-4) and Developer Plaintiffs' Second Amended Consolidated Class Action Complaint is attached hereto as Exhibit 1.

[2] References herein to the relevant dockets in this MDL will either be to the Developer Plaintiffs' docket (3:20-cv-05792-JD) (Dev. Ps Dkt.) or to the MDL docket (3:21-md-02981-JD) (MDL Dkt.).

4

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

no Plaintiffs have been deposed, only one Google witness has been deposed, and no Parties have made expert disclosures. Class certification briefing, dispositive motions, and trial are all months away, and Defendants have more than enough time to conduct any necessary investigation relating to the substance of Developer Plaintiffs' amendment.[3]

There is also no evidence that Developer Plaintiffs' amendment is unduly delayed, motivated by bad faith, required to remedy pleading inadequacies or futile. Indeed, and as discussed above, Developer Plaintiffs have met the deadline set by the Scheduling Order for adding parties and amending pleadings (MDL Dkt. No. 122). Moreover, leave to amend under Rule 15(a)(2) should be freely given when justice so requires, while Rule 21 permits the addition of parties on just terms. Under the circumstances here, either Rule justifies an order permitting Developer Plaintiffs to amend.

## II.    Factual and Procedural Background

Developer Plaintiffs filed their Consolidated Class Action Complaint on October 21, 2020. Dev. Ps Dkt. No. 56. Developer Plaintiffs' complaint alleged violations of the Sherman and Clayton Acts, the Cartwright Act (Cal. Bus. & Profs. Code §§ 16700 *et seq.*), and California's Unfair Competition Law (Cal. Bus. & Profs. Code §§ 17200 *et seq.*). Developer Plaintiffs filed their First Amended Consolidated Class Action Complaint on July 21, 2021, alleging violations of the same statutes. Dev. Ps Dkt. No. 128. Developer Plaintiffs and the members of the putative class are all app developers that sold Android OS apps or in-app products (including subscriptions) in or via the Google Play store. Developer Plaintiffs allege that Google improperly acquired and maintained monopolies in the markets for distribution of Android apps and for in-app payment processing for digital products.

In discovery Developer Plaintiffs have learned more about Google's conduct as concerns their claims. Google has produced over 2.3 million documents, including over 776,000

---

[3] Notwithstanding this amendment, Developer Plaintiffs expressly reserve the right to seek leave on an appropriate showing to make further amendments to the complaint or add parties, for example to the extent future rulings or developments in this case—including at class certification—warrant amendments.

5

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

documents from Google's responses to the States' civil investigative demands that were just produced in mid-October.

On October 22, 2021, the Court entered the MDL Scheduling Order after considering the Parties' Joint Statement re: Case Schedule. (MDL Dkt. No. 122). The MDL Scheduling Order provides that any Party may amend its pleadings, including by adding new parties, by December 3, 2021. Consistent with this schedule, Developer Plaintiffs seek leave to amend their complaint and add a party.[4]

## III. Argument

### A. Developer Plaintiffs Should Be Granted Leave To Amend.

A liberal standard governs a party's right to amend. Leave to amend under Rule 15(a)(2) should be "freely given" and the "Ninth Circuit has directed district courts to apply the rule favoring amendments to pleadings with 'extreme liberality.'" *Whelan v. Miles Indus.*, No. C-11-02146 EDL, 2012 WL 12920688, at *3 (N.D. Cal. Sept. 12, 2012) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Courts consider five factors when evaluating a motion for leave to amend: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive by the movant; (3) a movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of the amendment. *Griggs v. Pace Am. Grp. Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Of these, the "predominating factor is the resulting prejudice to the opposing party." *Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605, at *2 (N.D. Cal. Jan. 27, 2006); *see also Yucesoy v. Uber Techs., Inc.*, No. C-15-0262 EMC, 2015 WL 4571547, at *2 (N.D. Cal July 28, 2015) ("the crucial factor is the resulting prejudice to the opposing party." (internal quotations omitted)).[5]

---

[4] Developer Plaintiffs filed their Second Amended Consolidated Class Action Complaint and requisite sealing papers on December 3, 2021. This Motion is filed following a further colloquy with Google regarding the same.

[5] *See also Whelan*, 2012 WL 12920688, at *3 ("prejudice is the critical factor in considering motions for leave to amend.") "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Braun*, 2006 WL 8459605, at *2 (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (emphasis in original); *see also Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2019 WL 2358972 at *2 (N.D. Cal. June 4, 2019) (same).

1. **No Party Will Be Prejudiced By Developer Plaintiffs' Amendment.**

As discussed above, the scope of Developer Plaintiffs' amendment is modest and will have the overall effect of streamlining and focusing Developer Plaintiffs' claims, which inures to the benefit of Plaintiffs and Defendants alike. Developer Plaintiffs simply seek to add an additional plaintiff, LittleHoots, narrow the proposed class definition (to developers who paid commissions exceeding 15%), and to update certain allegations. Discovery is in its early stages, and the amendment will not enlarge or otherwise change Developers' core theories of the case. Indeed, LittleHoots, the plaintiff Developers seek to add as a class representative, was already a member of the putative class. And LittleHoots's circumstances and claims are essentially identical to those of the existing plaintiffs and putative class members.

Defendants can likewise claim no prejudice from the *narrower* class definition Developer Plaintiffs have proposed, and the other updated allegations do not change the essential substance of Developer Plaintiffs' allegations. Accordingly, whether viewed individually or collectively, no prejudice will result from the amendments Developer Plaintiffs propose. *See McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 (WHA), 2012 WL 1357616 at *2-3 (N.D. Cal. Apr. 17, 2012) (no prejudice where proposed plaintiff was already a class member); *Whelan*, 2012 WL 12920688 at *3-4 (permitting new named plaintiffs because, among other reasons, limited discovery required was not prejudicial).

Furthermore, the prejudice that Rule 15 seeks to guard against is the kind that would result from an unfair change in tactics or theories midway through litigation. *See Braun*, 2006 WL 8459605, at *4 (internal quotations omitted); s*ee also In re Facebook Priv. Litig.*, No. 10-cv-02389 (RMW), 2015 WL 2453734, at *5 (N.D. Cal. May 22, 2015) (no prejudice when additional plaintiffs are "not seeking new categories of avenues of discovery."). No such difficulties exist here given the stage of the case and modest scope of Developer Plaintiffs' amendments. Developer Plaintiffs should be granted leave to amend.

**2.     The Remaining Rule 15(a)(2) Factors Support Leave to Amend.**

The additional factors relevant to Rule 15(a)(2) also favor leave to amend.  Developer Plaintiffs did not delay in seeking this amendment.  *Griggs*, 170 F.3d at 880.  As discussed above, the Court's MDL Scheduling Order entered in October 2021 explicitly contemplated the current deadline by which any party could amend their pleadings and/or add new parties.  Defendants have thus been on notice since that time that amendments may be made at this stage of the case, and the Court's schedule provides adequate time for Defendants to investigate Developers' amended claims and prepare for trial.  As discussed above, Developer Plaintiffs' revised allegations will not prejudice Google because they serve to more narrowly focus Developer Plaintiffs' allegations.  If anything, these amendments will make it easier for Google to address Developers' operative claims.

This lack of prejudice trumps any minor inconvenience allegedly caused by amendment.  *See Kormylo v. Forever Resorts, LLC*, No. 13cv511 JM (WVG), 2015 WL 5944064, at *6 (S.D. Cal. Oct. 13, 2015) (allowing amendment where delay did not prejudice defendants).  There is also no evidence that Developer Plaintiffs are acting in bad faith or with a dilatory motive.  *Griggs*, 170 F.3d at 880.  The addition of LittleHoots and updated allegations do not materially impact the scope, timing or substance of this litigation.  Therefore, this factor also supports leave to amend.

Finally, Developer Plaintiffs' proposed amendment is not the result of failure or futility.  *Griggs*, 170 F.3d at 880.  Google did not move to dismiss Developer Plaintiffs' prior pleadings, and there has been no Order from this Court rejecting any of Developer Plaintiffs' allegations.  Thus, the present amendments do not reflect any failure in Developer Plaintiffs' case, much less an incurable one.  LittleHoots is also a proper plaintiff because it both distributes its app through Google Play and offers paid subscription plans (in-app digital products) through its app.  LittleHoots is a member of the proposed class.  Developer Plaintiffs' remaining amendments enhance and clarify viable allegations of antitrust injury.  They are not futile.

In summary, all factors that courts consider under a Rule 15(a)(2) analysis support

1 granting Developer Plaintiffs leave to file their Second Amended Consolidated Class Action
2 Complaint.

### B. The Addition of LittleHoots Is Further Authorized Under Rule 21.

Federal Rule of Civil Procedure 21 "allows parties to amend their pleadings by adding new parties but only with leave of court." *Harper*, 2005 WL 8173082, at *2. Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." F ed. R. Civ. P. 21. For the same reasons amendment is appropriate under Rule 15(a), "just terms" exist to add LittleHoots to Developer Plaintiffs' Second Amended Consolidated Class Action Complaint. No party would be prejudiced by the amendment. LittleHoots's claims are essentially identical to those alleged by Developers since this litigation began and, thus, naming LittleHoots as a putative class representatives would not expand the breadth or complexity of this case. Developers' amendment will have no discernable impact on the timing or progression of this lawsuit, particularly considering discovery is ongoing, depositions have only just begun, no significant motion practice has occurred, and trial is not scheduled until fall 2022. Defendants cannot plausibly assert any reason why they would be harmed if LittleHoots was added. For these reasons, even if Developer Plaintiffs' amendment were not authorized under Rule 15(a)(2), the Court should nevertheless exercise its discretion under Rule 21 and add LittleHoots as a plaintiff and putative class representative.

### IV. Conclusion

For the foregoing reasons, Developer Plaintiffs' amendment is necessary and appropriate. No prejudice will result and, indeed, Developer Plaintiffs' amendment was explicitly contemplated by the MDL Scheduling Order entered by the Court in October 2021. Developer Plaintiffs' amendment is therefore appropriate under both Rules 15(a) and 21. For these reasons, and as discussed more fully herein, the Court should grant Developer Plaintiffs' Motion.

1 | Dated: December 6, 2021

Respectfully submitted,

By *s/ Bonny E. Sweeney*
    Bonny E. Sweeney (SBN 176174)
Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Telephone: (415) 633-1953 (direct)
Facsimile:  (415) 358-4980
bsweeney@hausfeld.com
kbates@hausfeld.com

Melinda R. Coolidge (*pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com

Katie R. Beran (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
Daniel Kees (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com
ydewald@hausfeld.com
dkees@hausfeld.com

Scott A. Martin (*pro hac vice*)
Irving Scher (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100 (main)
Telephone: (646) 357-1195 (direct)
Facsimile: (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com

HAGENS BERMAN SOBOL SHAPIRO LLP

By  */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com
benh@hbsslaw.com

By  */s/ Eamon P. Kelly*
   Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

Raymond Witt (*pro hac vice*)
**THE LEWIS FIRM PLLC**
1300 I Street NW, Suite 400E
Washington, DC 20005
Tel.: (202) 355-8895
Fax: (888) 430-6695
rwitt@lewis-firm.com

*Interim Co-Lead Class Counsel*

11

DEVELOPER PLAINTIFFS' MOTION FOR LEAVE TO AMEND PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 15(A)(2) AND 21
CASE NO. 3:20-cv-05792-JD

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

Dated: December 6, 2021                                            */s/ Bonny E. Sweeney*

                                                                                   Bonny E. Sweeney