1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

9

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE**<br><br>Judge:  Hon. James Donato |

21

22

23

24

25

26

27

28

1   WHEREAS, on December 10, 2020, the Court entered a Stipulated Protective Order in
2   the above-captioned cases, Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-
3   1; Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-
4   05792-JD, Dkt. No. 78, approving Dkt. No. 76-1, and subsequently entered the operative Second
5   Amended Protective Order on December 20, 2021, Case No. 3:21-md-02981-JD, Dkt. No. 170,
6   approving Dkt. No. 154 (the "Protective Order");

7   WHEREAS, on May 20, 2021, the Court entered a Stipulated Supplemental Protective
8   Order Governing Production of Protected Non-Party Materials in the above-captioned cases,
9   Case No. 3:20-cv-05761-JD, Dkt. No. 165, Case No. 3:20-cv-05671-JD, Dkt. No. 147, Case No.
10  3:20-cv-05792-JD, Dkt. No. 117, and subsequently entered the operative Amended Supplemental
11  Protective Order Governing Production of Protected Non-Party Materials on October 22, 2021,
12  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving Dkt. No. 117 ("Supplemental Protective
13  Order re: Non-Party Materials");

14  WHEREAS, on October 22, 2021, the Court entered a Stipulated Supplemental
15  Protective Order Governing Production of Protected Non-Party Materials (the "First Amended
16  Supplemental Protective Order re: Non-Party Materials") in the following cases:  Case No. 3:21-
17  md-02981-JD, Dkt. No. 124, approving Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No.
18  190, approving Dkt. No. 185; Case No. 3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No.
19  219; Case No. 3:20-cv-05792- JD, Dkt. No. 163, approving Dkt. No. 158; Case No. 3:21-cv-
20  05227-JD, Dkt. No. 186, approving Dkt. No. 177;

21  WHEREAS, on December 20, 2021, the Court entered a Stipulated Second Amended
22  Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case
23  No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt.
24  No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt.
25  No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second
26  Amended Protective Order.");

27

28

WHEREAS, on May 16, 2022, the Court entered a Stipulated Supplemental Protective Order Governing Source Code ("Supplemental Protective Order Re: Source Code") in Case No. 3:21-md-02981-JD, Dkt. No. 231, and related cases Case No. 3:20-cv-05671-JD, Dkt. No. 248; Case No. 3:20-cv-05761-JD, Dkt. No. 267; Case No. 3:20-cv-05792-JD, Dkt. No. 199; and Case No. 3:21-cv-05227-JD, Dkt. No. 256;

WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc., filed a complaint in Case No. 3:22-cv-02746-JD, which has been related to the above matters, and too consent to the terms of the Supplemental Protective Order Re: Source Code;

WHEREAS, materials that Parties intend to produce in the Litigations may contain Source Code (as defined herein);

WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Parties to the extent such documents or information are designated as containing Source Code in connection with the Litigations shall be subject to the following provisions (the "Amended Supplemental Protective Order Re: Source Code"):

## 1.   GENERAL PROVISIONS

1.1     The definitions, terms and provisions contained in the Third Amended Protective Order and Supplemental Protective Order re: Non-Party Materials shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Amended Supplemental Protective Order re: Source Code and any definition, term, or provision of the Third Amended Protective Order and/or Supplemental Protective Order re: Non-Party Materials, this Amended Supplemental Protective Order re: Source Code will control with respect to such conflict.

1.2     The definitions, terms and provisions contained in this Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as

3

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

Source Code in accordance with this Amended Supplemental Protective Order re: Source Code, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Third Amended Protective Order.

**2.   DEFINITIONS**

2.1   <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.2   <u>Source Code</u>: extremely sensitive "Confidential Information or Items" consisting of non-publicly available computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which other than pursuant to the terms of this Amended Supplemental Protective Order re: Source Code would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means.

2.3   <u>Source Code Documents</u>: a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents, that contains limited excerpts of Source Code.

**3.   INFORMATION DESIGNATED RESTRICTED CONFIDENTIAL - SOURCE CODE**

3.1   The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved for Source Code.  The following conditions shall govern the production, review and use of Source Code.

3.2   All such Source Code designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE," shall be subject to the following provisions:

(a)   Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at an office of the

Producing Party's Counsel or at a location mutually agreed upon by the Receiving and

Producing Parties.  Any review location shall be in the continental United States.  Source Code

will be loaded on one or more (as proportionate to the volume of source code to be reviewed)

non-networked computers ("Source Code Computer(s)") that are password protected and

maintained in a secure, locked area.  Except as otherwise provided, use or possession of any

input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs,

floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other

network or external system, etc.) will be prohibited while accessing the computer(s) containing

the Source Code.  Proper identification of all authorized persons shall be provided prior to any

access to the locked area or the Source Code Computer(s).  Proper identification requires

showing, at a minimum, a photo identification card sanctioned by the government of any State

of the United States, or by the government of the United States.  All persons entering the locked

room containing the Source Code must agree to submit to reasonable security measures to

ensure they are not carrying any prohibited items before they will be given access to the locked

room.  The computer(s) containing Source Code will be made available for inspection during

regular business hours on normal business days, upon reasonable notice to the Producing Party,

which shall not be less than three business days in advance of the requested inspection.  The

Producing Party may visually monitor the activities of the Receiving Party's representatives

during any source code review, but only to ensure that there is no unauthorized recording,

copying, or transmission of the source code.  The Producing Party shall not be permitted to view

any work product generated by the Receiving Party or the Receiving Party's representative(s),

and the Producing Party shall not install any keystroke or other monitoring software on the

Source Code Computer(s).

      (b)   The Receiving Party's Outside Counsel of Record and/or Experts may

request that commercially available licensed software tools for viewing and searching Source

Code be installed on the Source Code Computer(s).  If the Producing Party has access to or a

license for such software, it shall install such software in advance of the source code review.  If

5

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-
02746-JD

the Producing Party does not have access to or a license for such software, it shall notify the Receiving Party at least ten business days in advance of the inspection, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the Source Code Computer(s).

(c)    The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the Source Code at the time of the review.

(d)    The Receiving Party shall be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into such notes.  Any such notes shall not include copies or reproductions of portions of the Source Code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names.  No copies of all or any portion of the source code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  No notes shall be made or stored on the Source Code Computer(s), or left behind at the site where the Source Code Computer(s) are made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery.  Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL-SOURCE CODE."

(e)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except the Receiving Parties may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action.  The Receiving Parties may not print more than twenty-five consecutive pages of Source Code and an aggregate total of more than 1000 pages of Source Code unless the Producing Party agrees, provided that the Producing Party agrees not to object to the Receiving Parties' request so long as these limits are not exceeded. In order to print more than twenty-five consecutive pages of

Source Code or an aggregate of more than 1000 Pages of Source Code, the Receiving Parties must obtain the prior written approval of the Producing Party. Within five business days or such additional time as necessary due to volume requested, the Producing Party will provide four copies of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" on each page, unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  All copies shall be handled as if they are originals consistent with the terms of this Order.  The printed pages must be produced in a legible, clear fashion, and shall not be rasterized or blurred or in any way distorted from the generated pdf original during the production process.

(f)   If the Receiving Parties request printing in excess of twenty-five consecutive pages or an aggregate total of more than 1000 pages of the Source Code and the Producing Party objects, the Producing Party shall make such objection known to the Receiving Parties within five business days.  If after meeting and conferring the Producing Party and the Receiving Parties cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the Requesting Parties until the matter is resolved by the Court.

(g)   Any printed pages of Source Code designated by the Producing Party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(h)   Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside Experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the courthouse;

or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a secure location under the direct control of Counsel responsible for maintaining the security and confidentiality of the designated materials or under the direct control of such Counsel's Experts or consultants who have been approved to access Source Code.

(i)     A list of names of persons who will view the Source Code at the office of the Producing Party's Counsel or at a location mutually agreed upon by the Receiving and Producing Parties will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log, but only to ensure that there is no unauthorized access, recording, copying or transmission of the Source Code.

(j)     Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(k)     The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer(s) including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(l)     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

i.     Outside counsel of Record for the Parties to this action, including

8

any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

ii.   Up to three Experts and/or consultants per Plaintiff Group (except upon the express written consent of the Producing Party, such consent not to be unreasonably withheld), pre-approved in accordance with Paragraphs 6.1-6.7 and specifically identified as eligible to access Source Code.  For the avoidance of doubt, Plaintiff Group shall refer to the Plaintiff or putative class of Plaintiffs in one of the following actions:  (i) *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD; (ii) *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05671-JD; (iii) *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD; and (iv) *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD.

iii.  The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv.  While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(m) The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph l above.  The log shall include the

names of the recipients and reviewers of copies and locations where the copies are stored.  Upon

request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or

descriptions of the security measures employed by the Receiving Party and/or qualified person

that receives a copy of any portion of the Source Code;

(n)   Except as provided in this paragraph, the Receiving Party may not create

electronic images, or any other images, of the Source Code from the paper copy for use on a

computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The Receiving

Party may create an electronic copy or image of limited excerpts of Source Code only to the

extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript,

other Court document, or any drafts of these documents (*i.e.*, Source Code Documents).  The

Receiving Party shall only include such excerpts as are reasonably necessary for the purposes

for which such part of the Source Code is used.  Images or copies of Source Code shall not be

included in correspondence between the parties (references to production numbers shall be used

instead) and shall be omitted from pleadings and other papers except to the extent permitted

herein.  The Receiving Party may create an electronic image of a selected portion of the Source

Code only when the electronic file containing such image has been encrypted using

commercially reasonable encryption software including password protection.  The

communication and/or disclosure of electronic files containing any portion of Source Code shall

at all times be limited to individuals who are authorized to see Source Code under the

provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic

images and paper copies of Source Code in its possession or in the possession of its retained

consultants, including the names of the recipients and reviewers of any electronic or paper

copies and the locations where the copies are stored.  Additionally, all electronic copies must be

labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

(o)   To the extent portions of Source Code are quoted in a Source Code

Document, either (1) the entire document will be stamped and treated as RESTRICTED

CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be

1  separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE

2  CODE.

3         (p)  All copies of any portion of the Source Code in whatever form shall be

4  securely destroyed if they are no longer in use.  Copies of Source Code that are marked as

5  deposition exhibits shall not be provided to the Court Reporter or attached to deposition

6  transcripts; rather, the deposition record will identify the exhibit by its production numbers.

7         (q)  The Receiving Party's outside counsel may only disclose a copy of the

8  Source Code to individuals specified in Paragraph (l) above (*e.g.*, Source Code may not be

9  disclosed to in-house counsel).

10  **4.    PROSECUTION BAR**

11         Absent written consent from the Producing Party, any individual who receives access to

12  any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall

13  not be involved in the prosecution of patents or patent applications relating to the following

14  subject matters: a) automated scanning of mobile apps; b) automatic updating of mobile apps in a

15  store; and/or c) in-app purchasing on mobile devices, excluding patent or patent applications

16  directed at blockchain technologies ("Subject Matter Categories").  The Parties agree that these

17  Subject Matter Categories may need to be supplemented if additional Source Code is requested

18  after entry of this Order.

19         Notwithstanding the foregoing, however, nothing herein shall preclude any individual

20  from the prosecution of patents or patent applications relating to any of the foregoing Subject

21  Matter Categories unless such individual in fact reviewed RESTRICTED CONFIDENTIAL –

22  SOURCE CODE information relating to that Subject Matter Category.  For example, an

23  individual who reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information

24  relating to automatic updating of mobile apps in a store, but not in-app purchasing on mobile

25  devices, would not be prohibited from the prosecution of patents or patent applications relating

26  exclusively to in-app purchasing on mobile devices.

27         Each individual who receives access to information designated RESTRICTED

28

1    CONFIDENTIAL - SOURCE CODE shall provide an attestation that identifies whether they

2    reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information in each of the

3    Subject Matter Categories.  For example, an individual who reviewed RESTRICTED

4    CONFIDENTIAL – SOURCE CODE information relating to automatic updating of mobile apps

5    in a store shall provide an attestation stating that they reviewed that category of Source Code.  In

6    addition, as set forth in Attachment B, the Producing Party may limit an individual's access to

7    certain areas of Source Code and/or the individual may not access certain areas of Source Code

8    based on the Subject Matter Categories identified in that individual's attestation.

9         The parties will meet and confer in good faith on the process for accessing relevant

10   categorical source code and providing attestations.  For purposes of this Paragraph 4,

11   "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

12   the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this

13   paragraph does not include representing a party challenging or defending a patent before a

14   domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

15   reexamination or inter partes reexamination).  This Prosecution Bar shall begin when inspection

16   of RESTRICTED CONFIDENTIAL – SOURCE CODE information is first conducted by the

17   affected individual and shall end 2 years after the individual has last viewed the RESTRICTED-

18   CONFIDENTIAL – SOURCE CODE.

19        **5.  ACQUISITION BAR**

20        Absent written consent from the Producing Party, any individual who receives access to

21   any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall

22   not engage in any activity related to: (i) the acquisition of patents or patent applications (for any

23   person or entity) relating to the Subject Matter Categories identified in Paragraph 4; or (ii)

24   advising or counseling clients regarding the same.

25        Notwithstanding the foregoing, however, nothing herein shall preclude any individual

26   from such acquisition or counseling activity relating to any of the Subject Matter Categories

27   unless such individual in fact reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE

28

1   information relating to that Subject Matter Category.  Each individual who receives access to

2   information designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall provide an

3   attestation that identifies whether they reviewed RESTRICTED CONFIDENTIAL – SOURCE

4   CODE information in each of the Subject Matter Categories, under the same terms and guidance

5   as Paragraph 4.  This Acquisition Bar shall begin when inspection of RESTRICTED

6   CONFIDENTIAL – SOURCE CODE information is first conducted by the affected individual

7   and shall end 2 years after the individual has last viewed the RESTRICTED-CONFIDENTIAL –

8   SOURCE CODE.

9        **6.    DISCLOSURE OF SOURCE CODE TO EXPERTS AND CONSULTANTS**

10        6.1    Information designated by the Producing Party under the category of Source

11   Code and such copies of this information as are reasonably necessary for maintaining,

12   defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's

13   Experts and consultants.

14        6.2    No disclosure of Source Code to an Expert or consultant shall occur until that

15   person has signed the form attached hereto as Attachment A, and a signed copy has been

16   provided to the Producing Party; and to the extent there has been an objection under paragraph

17   6.3, that objection is resolved according to the procedures set forth below.

18        6.3    A party desiring to disclose Source Code to an Expert or consultant shall also

19   give prior written notice of the intended disclosure by email to the Producing Party and the

20   Producing Party shall have three business days after such notice is given to object in writing to

21   the disclosure.  The party desiring to disclose Source Code to an Expert or consultant must

22   provide the following information for each Expert or consultant: name; city and state of primary

23   residence; curriculum vitae; current employer; employment history for the past five years and a

24   listing of cases in which the witness has testified as an expert at trial or by deposition within the

25   preceding five years.  No Source Code shall be disclosed to such Expert(s) or consultant(s) until

26   after the expiration of the foregoing notice period and resolution of any objection.

27   Notwithstanding the foregoing, however, any information provided by a Receiving Party

28

pursuant to this paragraph shall be used by the Producing Party exclusively for purposes of ensuring that disclosure of Source Code to such Expert or consultant will not result in business or economic harm to the Producing Party.  No information provided pursuant to the provisions of this paragraph shall be used by a Producing Party in depositions or at trial, or in any other effort to gain litigation advantage in the above-captioned proceedings.

6.4     A party objecting to disclosure of Source Code to an Expert or consultant shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Source Code to an Expert or consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Source Code to the Expert or consultant will result in specific business or economic harm to that party.

6.5     If after consideration of the objection, the party desiring to disclose the Source Code to an Expert or consultant refuses to withdraw the Expert or consultant, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court, within three business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the three business day period, absent an agreement of the parties to the contrary or for an extension of such three business day period, shall operate as an approval of disclosure of the Source Code to the Expert or consultant.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

6.6     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Source Code to the Expert or consultant.  This "good cause" shall include a particularized showing that:  (1) the Source Code is Confidential Information or Items, (2) disclosure of the Source Code likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed Expert or consultant is in a position to allow the Source Code to be disclosed to or become known by the objecting party's competitors, and (4) that the Expert's or consultant's access to Source Code may create other

confidentiality or legal risks in connection with other patent-related activities or interests tied to the Expert or consultant.

6.7     A party who has not previously objected to disclosure of Source Code to an Expert or consultant or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to an Expert or consultant at a later time with respect to materials or information that are produced after the time for objecting to such an Expert or consultant has expired. Any such objection shall be handled in accordance with the provisions set forth above in Section 6.1 through 6.6.

**7.    EXPORT CONTROL**

7.1     Disclosure of Source Code shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Source Code, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance. Without the Receiving Parties agreeing that any laws or regulations relating to the export of technical data apply to any Source Code in this matter, Receiving Parties and their experts or consultants shall not remove any Source Code from the United States without providing Producing Party prior notification and giving Producing Party five calendar days to object.  Such objections will be subject to the procedure set forth in Section 6.1 through 6.6.  For the avoidance of doubt, the restrictions set forth in this paragraph shall not apply to handwritten notes as described in 3.2(d).

**ATTACHMENT A TO THE AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE CONFIDENTIALITY AGREEMENT**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have read the Agreed Supplemental Protective Order Governing Source Code dated _____, and have been engaged as _____ on behalf of _____in the preparation and conduct of litigation styled [CASE CAPTION].

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as RESTRICTED CONFIDENTIAL - SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated RESTRICTED CONFIDENTIAL - SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with paragraph 5.3 of the Agreed Supplemental Protective Order Governing Source Code Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____ 20____.

**ATTACHMENT B TO THE AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE CONFIDENTIALITY AGREEMENT**

- Subject Matter Category:  Automated Scanning of Mobile Apps:  An individual who accesses or seeks access to the following source code directories must attest to the review of source code that scans apps on both Android clients and the Play Store servers for policy violations, including Google Play Protect and Advanced Protection Program.
  - /java/com/google
  - /quality
  - /security
  - /wireless

- Subject Matter Category:  Automatic Updating of Mobile Apps in a Store:  An individual who accesses or seeks access to the following source code directories must attest to the review of source code that is responsible for automatically updating apps distributed by the Play Store.
  - /play/console
  - /wireless

- Subject Matter Category:  In-App Purchasing on Mobile Devices (excluding patent or patent applications directed at blockchain technologies):  An individual who seeks access to the following source code directories must attest to the review of source code that is responsible for in-app purchasing within Play on Android devices
  - /wireless

1

Dated: May 20, 2022

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*

2

Katherine B. Forrest *(pro hac vice)*
Darin P. McAtee *(pro hac vice)*

3

Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*

4

Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*

5

Omid H. Nasab *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*

6

M. Brent Byars *(pro hac vice)*

7

8

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

9

Respectfully submitted,

10

11

By:   */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

12

*Counsel for Plaintiff Epic Games, Inc.*

13

14

Dated: May 20, 2022

BARTLIT BECK LLP
Karma M. Giulianelli

15

16

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

17

18

Respectfully submitted,

19

By:   */s/ Karma Giulianelli*
Karma M. Giulianelli

20

21

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

22

23

24

Dated:  May 20, 2022

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

25

Respectfully submitted,

26

27

28

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

By:   */s/ Elizabeth Pritzker*
      Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

Dated: May 20, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel

SPERLING & SLATER PC
Joseph M. Vanek
Eamon P. Kelly
Alberto Rodriguez

Respectfully submitted,

By:   */s/ Steve Berman*
      Steve W. Berman

*Co-Lead Interim Class Counsel for the
Developer Class and Attorneys for Plaintiff
Pure Sweat Basketball*

Dated: May 20, 2022

HAUSFELD LLP
Bonny E. Sweeney
Melinda R. Coolidge
Katie R. Beran
Scott A. Martin
Irving Scher

Respectfully submitted,

By:   */s/ Bonny Sweeney*
      Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the
Developer Class and Attorneys for Plaintiff
Peekya App Services, Inc.*

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

Dated: May 20, 2022

OFFICE OF THE UTAH ATTORNEY
GENERAL
    Brendan P. Glackin


Respectfully submitted,

By:   */s/ Brendan P. Glackin*
      Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*


Dated: May 20, 2022

HUESTON HENNIGAN LLP
    John C. Hueston
    Douglas J. Dixon
    Joseph A. Reiter
    Michael K. Acquah
    William M. Larsen
    Julia L. Haines

Respectfully submitted,

By:   */s/ Douglas J. Dixon*
      Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow,
Inc.; PlentyofFish Media ULC; and People
Media, Inc.*


Dated:  May 20, 2022

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia


Respectfully submitted,

By:   */s/ Brian Rocca*
      Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: May 20, 2022          O'MELVENY & MYERS LLP
                                    Daniel M. Petrocelli
                                    Ian Simmons
                                    Benjamin G. Bradshaw
                                    E. Clay Marquez
                                    Stephen J. McIntyre


                              Respectfully submitted,

                              By:   _/s/ Daniel Petrocelli_____
                                    Daniel M. Petrocelli

                              *Counsel for Defendants Google LLC et al.*

Dated: May 20, 2022          MUNGER, TOLLES & OLSON LLP
                                    Glenn D. Pomerantz
                                    Kuruvilla Olasa
                                    Emily C. Curran-Huberty
                                    Jonathan I. Kravis
                                    Justin P. Raphael
                                    Kyle W. Mach

                              Respectfully submitted,


                              By:   _/s/ Glenn Pomerantz_____
                                    Glenn D. Pomerantz

                              *Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litig.; In re Google Play Developer Antitrust Litig.; Epic Games, Inc. v. Google LLC et al.; State of Utah et al. v. Google LLC et al.*

## ORDER

Pursuant to stipulation, it is so Ordered.


DATED: May 25, 2022          _____

                                    HON. JAMES DONATO
                                    United States District Judge