UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:20-cv-05792-JD<br><br>**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP REGARDING THE PROPOSED NOTICE PLAN** |

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.     I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification plans.

2.     I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.     I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.     I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.     I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in effecting Due Process notice, and I have met with representatives of the Federal

Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.      As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

<u>**SUMMARY OF THE NOTICE PLAN**</u>

11.      The proposed Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process, Federal Rule of Civil Procedure 23, and the Northern District's

Procedural Guidance for Class Action Settlements. It provides individual direct Summary Notice to all reasonably identifiable members of the Settlement Class via email and mail, combined with a robust, state-of-the-art media campaign, and the implementation of a dedicated website and a toll-free telephone line including an outbound calling campaign to assist members of the Settlement Class can learn more about their rights and options pursuant to the terms of the Settlement.

## DIRECT NOTICE

**Email Notice**

12.     As part of the Notice Plan, Angeion will send direct Email Summary Notice to Settlement Class Members who have valid email addresses included on, or associated with, the list of Settlement Class Members to be provided to Angeion by the parties (the "Class List"). Angeion designs the Email Summary Notice to avoid many common "red flags" that might otherwise cause a Settlement Class Members' spam filter to block or identify the Email Summary Notice as spam. For example, Angeion does not include attachments like the Long Form Notice to the Email Summary Notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.

13.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

14.     On a monthly basis throughout the claim filing period Angeion will send direct reminder Email Summary Notices to all Settlement Class Members who have valid email addresses included

---

DECLARATION OF STEVEN WEISBROT                                                                      3

on the Class List for a developer account that has not been included on a claim form at that time. Attached hereto as **Exhibit B** is a copy of the proposed Email Summary Notice.

**Append Process & Email Notice**

15.      For records without a valid email address and for Class Members whose email notice cannot be delivered, Angeion will cause a reverse look-up ("append") to be performed to locate updated email addresses. Angeion will then send email notice to the updated email addresses identified via the append process.

16.      Angeion utilizes a network of data partners[1] to aggregate a combination of first- and third-party data to source, update and verify email addresses. Specifically, the append matches email addresses to the data points provided (i.e., names, mailing addresses, email addresses, phone numbers) as a validity check. The email addresses obtained via the append search will be used to effectuate a second attempt to provide notice to Class Members via email.

17.      At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the Court will possess a detailed, verified account of the success rate of the entire direct Email Summary Notice campaign.

**Mailed Notice**

18.      As part of the Notice Plan, Angeion will send the Summary Postcard Notice, via first class U.S. Mail, postage pre-paid, to all Settlement Class Members with addresses included on the Class List.

19.      In administering the Notice Plan in this action, Angeion will employ the following best practices to increase the deliverability rate of the mailed Notices. Angeion will cause the mailing address information for members of the Settlement Class to be updated utilizing the National

---

[1] Our data partners typically include Experian, Dun & Bradstreet, LexisNexis, IDI, and Facebook.

Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

20.     Summary Postcard Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly.

21.     Summary Postcard Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

22.     For any Settlement Class Members where a new address is identified through the skip trace process, the class member database will be updated with the new address information and a Summary Postcard Notice will be re-mailed to that address.

23.     At the mid-point of the claim filing period, Angeion will send a direct mail reminder Summary Postcard Notices to any Settlement Class Member address that pertains to an application developer account that has not been included on a claim form at that time. A copy of the proposed direct mail Summary Postcard Notice is attached hereto as **Exhibit C.**

<u>**MEDIA NOTICE**</u>

**Programmatic Display Advertising**

24.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States. Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it is estimated that approximately $123.22 billion will be spent on

---

programmatic display advertising 2022.[2]

25.     In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets).

26.     Specifically, the programmatic display advertising will be targeted to "Developers who build apps for Google Play."

27.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media Notice**

28.     The Notice Plan also includes a social media campaign utilizing Twitter, Facebook, and Instagram, which are some of the leading social media platforms in North America. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platforms.

29.     The social media campaign will engage with the audience via a mix of news feed and story units to optimize performance, *i.e.*, via the Facebook desktop site, mobile site and mobile app. Facebook image ads will appear natively in desktop newsfeeds (on Facebook.com) and mobile app newsfeeds (via the Facebook app or Facebook.com mobile site), and on desktops via right-column ads.

---

[2] https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022.

30.     Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Settlement Class. *Content Targeting* will be utilized to target ads to relevant sites within the technology vertical. *Audience Targeting* allows the use of demographic and behavioral data to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the notice plan messaging is delivered to the proper audience. The social media ads will further run nationwide, with a weighted delivery based on where conversion activity is occurring. Angeion will provide the Parties with drafts of the social media ads to review and approve prior to commencing the media plan.

**Search Engine Marketing**

31.     The Notice Plan also includes a paid search campaign on Google to help drive Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will be purchased at arms' length  and in the same manner as used for other notice campaigns to complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject-matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

32.     The comprehensive state-of-the-art media notice outlined above is designed to deliver an estimated 1.5 million impressions.

**Active Listening Campaign**

33.     Angeion's methodology also includes an "active listening" component wherein we monitor online traffic on these social media platforms, as well as applicable developer forums for discussion

of the settlement, and actively provide notice, and/or answers to frequently asked question as appropriate.

**Press Release**

34.     Angeion will cause a press release to be transmitted via Business Wire upon the commencement of the Notice Program and a second press release will be transmitted 10-20 days prior to the claim filing deadline. Angeion will provide the Parties with a draft of the press release to review and approve prior to its release.

<u>**SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT**</u>

35.     The Notice Plan will also implement the creation of a case-specific website, where Class Members can easily view general information about this class action Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. Among other documents available on the Settlement Website, Class Members will be able to obtain a copy of the more detailed Long Form Notice, which contains all pertinent information relating to the Settlement and the steps individuals must take to submit a claim, object, or opt out.  Attached hereto as **Exhibit D** is a copy of the proposed Long Form Notice.

36.     The Settlement Website will be designed to be user-friendly and make it easy for Class Members to find information about the case. The Settlement Website will include an online claim portal for Class Members to submit their claims electronically and will contain a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address. The online claim portal will allow potential claimants to login using credentials provided to them on their Notice, review and update their contact information, review their estimated payment, affirm that they do not own other developer accounts that individually or collectively, earned proceeds greater than $2 million in any calendar year between 2016 and 2021, and make an electronic

payment method selection if they affirm they are the account owner. Attached hereto as **Exhibit E** is an illustration of the electronic claim portal.

37.     A toll-free hotline devoted to this case will be implemented to further apprise Class Members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week. Additionally, Class Members will be able to request a copy of the Notice or Claim Form via the toll-free hotline.

**Application Developer Outreach**

38.     To the extent phone numbers for potential Class Members can be obtained from Google records, Angeion will implement an application developer outreach effort that will consist of outbound calls to application developer phone numbers associated with eligible accounts. The purpose of these telephone calls is to deliver a message directly to the individuals included on the application developer account as a point of contact, in order to make sure the potential claimants are aware of the settlement, its benefits, their options and respond to any unanswered questions. Copies of the telephone script will be provided to the Parties to review and approve, prior to the commencement of any outbound calls.

## NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

39.     Within ten days of the filing of the Settlement Agreement and Release with this Court, Angeion will cause notice to be disseminated pursuant to the requirements of 28 U.S.C. §1715.

## CONCLUSION

40.     The Notice Plan outlined above includes direct notice to all reasonably identifiable Class Members, bolstered by a robust media campaign consisting of state-of-the-art internet advertising, a comprehensive social media campaign and a paid search campaign. Further, the Notice Plan provides

for an active listening campaign, along with the implementation of a dedicated settlement website and toll-free hotline to further inform Class Members of their rights and options in the Settlement.

41.     In my opinion, the Notice Plan will provide full and proper notice to Settlement Class members before the opt-out, and objection deadlines. Moreover, it is my opinion that the Notice Program is the best notice that is practicable under the circumstances and fully comports with due process, Federal Rule of Civil Procedure 23, and the Northern District's Procedural Guidance for Class Action Settlements. After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation.

42.     Based upon Angeion's experience administering the Apple developer settlement, Angeion anticipates that approximately 10-15% of class members will likely submit claims and that these claims will account for approximately 33% of the eligible developer account earned proceeds from August 17, 2016, through December 31, 2016. In the Apple developer settlement, upon the completion of the claim filing period, the settlement resulted in 13.21% of class members filing a claim and those claims accounting for 32.10% of the eligible developer account net proceeds during the applicable time period. One notable difference between the settlements is that the annual cap in earned proceeds for this settlement is $2 million or, double the amount in the Apple settlement. This may cause a higher participation rate among potential class members with more earned proceeds over the applicable time period.

43.     The estimated cost of the Notice Plan is approximately $414,000.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:  June 30, 2022

STEVEN WEISBROT

# EXHIBIT A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



**Judicial Recognition**

©  Angeion Group, LLC



*IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION*

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

*IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION*

**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

*IN RE: GOOGLE PLUS PROFILE LITIGATION*

**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

*IN RE: FACEBOOK INTERNET TRACKING LITIGATION*

**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION



*CITY OF LONG BEACH v. MONSANTO COMPANY*

**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

*STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC*

**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

*WILLIAMS v. APPLE INC.*

**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

*CLEVELAND v. WHIRLPOOL CORPORATION*

**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### *NELLIS v. VIVID SEATS, LLC*
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021): The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### *PELLETIER v. ENDO INTERNATIONAL PLC*
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### *BIEGEL v. BLUE DIAMOND GROWERS*
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021): The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

# JUDICIAL RECOGNITION



### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021): The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021): Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

*IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

*ROBERT ET AL. v. AT&T MOBILITY, LLC*
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

*PYGIN v. BOMBAS, LLC*
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

*WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### *NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION*
**Case No. CV03-20-00831, CV03-20-03221**
The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it…The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### *IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*
**Case No. 3:20-cv-00812**
The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### *IN RE: PEANUT FARMERS ANTITRUST LITIGATION*
**Case No. 2:19-cv-00463**
The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program…constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### *BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.*
**Case No. 2:19-cv-13554**
The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### *IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION*
**Case No. 2:19-mn-02886**
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### ADKINS ET AL. v. FACEBOOK, INC.
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### MARINO ET AL. v. COACH INC.
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



*BROWN v. DIRECTV, LLC*
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

*IN RE: SSA BONDS ANTITRUST LITIGATION*
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

*KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*
**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

*HESTER ET AL. v. WALMART, INC.*
**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

*CLAY ET AL. v. CYTOSPORT INC.*
**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

# JUDICIAL RECOGNITION

*GROGAN v. AARON'S INC.*
**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

*PATORA v. TARTE, INC.*
**Case No. 7:18-cv-11760**
The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

*CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
**Case No. 2:16-cv-00633**
The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

*CORZINE v. MAYTAG CORPORATION, ET AL.*
**Case No. 5:15-cv-05764**
The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*MEDNICK v. PRECOR, INC.*
**Case No. 1:14-cv-03624**
The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
### Case No. 1:18-cv-20048

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
### Case No. CGC-18-567237

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
### Case No. 3:13-cv-07871

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances;  (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
### Case No. 1:14-cv-14744

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### *MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.*
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

*IN RE: OUTER BANKS POWER OUTAGE LITIGATION*
**Case No. 4:17-cv-00141**

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

*GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.*
**Case No. 7:13-cv-03073**

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

*HALVORSON v. TALENTBIN, INC.*
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION
**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.
**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

## Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*

## Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*

## Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

*FENLEY v. APPLIED CONSULTANTS, INC.*

**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

*FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*

**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*

**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*

**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
### MDL No. 2328/Case No. 2:12-md-02328

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014): To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015): The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT B

From:  Settlement Administrator <<email address>>

Subject:  Class Action Notice: Google Play Developer Antitrust Litigation


**CLAIM ID NUMBER:** <<Claimant ID Number>>

**CONFIRMATION CODE:** <<Confirmation Code>>


**LEGAL NOTICE**

*A court authorized this notice.  This is not a solicitation.*

**If you are a U.S. app developer that has earned not more than $2,000,000 per year selling apps and digital content in the Google Play store, you could be entitled to benefits under a class action settlement.**

**WHAT IS THIS NOTICE ABOUT?**
In this class action lawsuit pending against Google, Plaintiffs claimed that Google monopolized (or attempted to monopolize) alleged markets related to the distribution of Android OS apps and in-app products, and engaged in unlawful tying conduct, in violation of U.S. and California law. Google denies all allegations and this settlement is not an admission of wrongdoing. Both Plaintiffs and Google agreed to settle this case to move forward, avoid the distraction of litigation, and provide support to the developer community. This notice summarizes your legal rights. You should visit the settlement website (www.googleplaydevelopersettlement.com) to obtain more detailed information about the proposed settlement and your rights.  You also can contact the settlement administrator by mail, email or by calling toll-free:

Google Play Developer Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email:  [insert]
Toll-Free: [insert]

**AM I A CLASS MEMBER?**
**You are receiving this notice because Google's records indicate that you may be a member of the class (a "Settlement Class Member.") and be entitled a cash payment.**  You are a Settlement Class Member if you are a current or former U.S. developer of any Android OS application or in-app product (including subscriptions) and satisfy the following criteria:

(1) Sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021;

(2) Paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and

(3) Earned proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021.  For these purposes, the 2016 calendar year consists of August 17, 2016 to December 31, 2016.

## WHAT BENEFIT CAN I GET FROM THE SETTLEMENT?

Under the settlement, Google has agreed to establish a $90 million settlement fund (the "Settlement Fund").  **Settlement Class Members are entitled to a minimum cash payment of $<u>250</u> to amounts estimated to exceed $200,000.**  Actual payment amounts may be higher depending on the number of Settlement Class Members participating in the settlement.

## To determine your estimated minimum payment, visit www.googleplaydevelopersettlement.com and use the following unique code: [XX].

To receive a payment you must submit a valid claim by [date].  Claim forms can be found and submitted electronically at www.googleplaydevelopersettlement.com. Settlement Class Members also have the option of downloading a claim form and submitting by U.S. mail to: Google Play Developer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  The settlement also requires Google to do the following:

- Through May 25, 2025, Google shall maintain for U.S. Developers a service fee of no greater than fifteen percent (15%) for the first $1M of developer earnings each year, pursuant to the terms and conditions of Google Play and subject to program participation requirements.

- For a period of at least three (3) years following final approval of the settlement (the "Final Approval Order"), Google shall continue to allow developers to use contact information obtained in-app (with user consent) to communicate with users out-of-app, including to promote alternatives to Google Play's billing system.  Google will eliminate the following sentence from ¶ 4.9 of its Developer Distribution Agreement (DDA):  ~~You may not use user information obtained via Google Play to sell or distribute Products outside of Google Play~~.

- For a period of at least three (3) years following the public release of Android 12 (October 4, 2021), Google shall, subject to technical requirements maintain in subsequent versions of Android the changes implemented in Android 12 that Google believes made it even easier for people to use other app stores on their mobile devices while being careful not to compromise the safety measures Android has in place.

- For at least two (2) years following the Final Approval Order, Google Play will develop an "Indie Apps Corner" on the apps tab on the U.S. homepage of the Google Play store. The

Indie Apps Corner will spotlight a collection of qualifying independent and small startup developers building high quality and unique apps, and would be refreshed at least quarterly.

- For a period of at least three (3) years following the Final Approval Order, Google will publish an annual transparency report that, at a minimum, will convey meaningful statistics such as apps removed from Google Play, account termination, and objective information regarding how users interact with Google Play.

**HOW CAN I EXCLUDE MYSELF FROM THE CLASS?**

If you don't want to be legally bound by the settlement, your request to be excluded must be received by [date], or you will not be able to sue or be part of any other lawsuit against Google related to the subject matter of this lawsuit or the claims released by the settlement agreement. Refer to the settlement website (www.googleplaydevelopersettlement.com) and the detailed Class Notice for information and instructions on how to exclude yourself.

**HOW CAN I OBJECT?**

If you want to remain a Settlement Class Member, but you want to object to the settlement and/or to class counsel's request for attorneys' fees and expenses, your objection must be received by [date]. Refer to the settlement website and the detailed Class Notice for information and instructions on how to object. The Court will consider objections at a final hearing in this case (In re *Google Play Developer Antitrust Litigation*, Case No. 30:20-cv-05792-JD) on [date] at [time], at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11, 450 Golden Gate Avenue, San Francisco, CA 94102, to consider whether to approve (1) the settlement; (2) class counsel's request for attorneys' fees and expenses; and (3) named plaintiff service awards. You may appear at the final hearing, but you don't need to. The date of the final hearing may change without further notice and may be confirmed on the Court's Public Access to Court Electronic Records (PACER) site, for a fee, at https://ecf.cand.uscourts.gov. Information about the final hearing will also be posted on the settlement website.

**WHERE CAN I GET MORE INFORMATION?**

Please visit the settlement website at www.googleplaydevelopersettlement.com, or call toll free [phone] to obtain more complete information about the proposed settlement and your rights. You may also write to class counsel at:

Google Play Developer Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

Unsubscribe

# EXHIBIT C

**If you are a U.S. app developer that has earned not more than $2,000,000 per year selling apps and digital content on the Google Play store, you could be entitled to benefits under a class action settlement.**

For more information on the proposed settlement, to file a claim or objection, or to exclude yourself, visit the settlement website or contact the Claims Administrator or Class Counsel.

**Do not contact the Court for information about the settlement.**

RETURN ADDRESS

«ScanString»

Postal Service: Please do not mark barcode

Claim ID: «Claim ID»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**www.googleplaydevelopersettlement.com**

**PLEASE RETAIN THIS POSTCARD FOR YOUR RECORDS**

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>

In a class action lawsuit pending against Google, Plaintiffs claimed that Google monopolized (or attempted to monopolize) alleged markets related to the distribution of Android OS apps and in-app products in violation of U.S. and California law. Google denies all allegations and this settlement is not an admission of wrongdoing. Both Plaintiffs and Google agreed to settle this case to move forward, avoid the distraction of litigation, and provide support to the developer community. This notice summarizes your legal rights. You should visit the settlement website to obtain more detailed information about the proposed settlement. You also may write to the claims administrator at the address on the reverse side, or call toll free at [(xxx) xxx-xxxx].

**Am I a Class Member?** Yes, if you are a current or former U.S. developer of any Android OS application or in-app product (including subscriptions) and satisfy the following criteria: (1) Sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021; (2) Paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and (3) Earned proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021.   For these purposes, the 2016 calendar year consists of August 17, 2016 to December 31, 2016.

**What payment can I get from the settlement?** Settlement Class Members are entitled to a cash payment from a $90 million Settlement Fund. **Estimated minimum payments will range from <u>$250</u> to amounts exceeding <u>$200,000.</u>**  To determine your payment, visit www.googleplaydevelopersettlement.com and use the following unique code:  [XX].   To receive a payment you must submit a valid claim by [date]. The claim form is available and can be submitted online at <u>www.googleplaydevelopersettlement.com</u>.

**Does the settlement contain other benefits?**  Yes.  Google has also agreed to maintain through May 25, 2025 a service fee no greater than 15% on the first $1 million of U.S. developer earnings.  For at least three years after final approval of the settlement, Google will also (a) continue to permit U.S. developers to use contact information obtained in-app to communicate with users out-of-app, and (b) publish an annual transparency report. For a period of at least 3 years following the public release of Android 12 (October 4, 2021), Google will, subject to technical requirements, maintain in subsequent versions of Android the changes implemented in Android 12. For at least two years after final approval, Google will maintain an "Indie Apps Corner" on the apps tab on the U.S. homepage of Google Play, which will feature apps created by qualifying independent and small startup developers.

**How can I exclude myself from the class?** If you don't want to be legally bound by the settlement, your request to be excluded must be <u>**received by**</u> [Date], or you will not be able to sue, continue to sue, or be part of any other lawsuit against Google related to the subject matter of this lawsuit or the claims released by the settlement agreement.  Refer to the settlement website and the detailed Class Notice for information and instructions on how to exclude yourself.

**How can I object?** If you want to stay in the settlement class, but object to the settlement and/or to class counsel's request for attorneys' fees and expenses, your objection must be <u>**received by**</u> [date]. Refer to the settlement website and the detailed Class Notice for instructions on how to object. The Court will consider objections at a final hearing in this case (In re *Google Play Developer Antitrust Litigation*., Case No. 3:20-cv-05792) on [date] **at [time],** at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11, 450 Golden Gate, San Francisco, CA, to consider whether to approve (1) the settlement; (2) class counsel's request for attorneys' fees and expenses; and (3) named plaintiff service awards. You may appear at the final hearing, but do not have to. The date of the final hearing may change without further notice and may be confirmed on the Court's website at <u>https://ecf.cand.uscourts.gov</u> and the settlement website.

**Where can I get more information?** Please visit the settlement website at www.[website].com or call toll free at [phone] to obtain more complete information about the proposed settlement and your rights. You may also email class counsel at: [email].

**<u>www.googleplaydevelopersettlement</u>**.com

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Are a U.S. Android OS App Developer
## You Could Get a Payment from a Settlement with Google

*A court authorized this notice.  This is not a solicitation.*

A settlement has been reached with Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. ("Google") in an antitrust class action lawsuit about the Google Play store.  The lawsuit was brought by U.S. app developers.  The lawsuit alleged that Google monopolized (or attempted to monopolize) alleged markets related to the distribution of Android OS apps and in-app products in violation of U.S. and California law. Google denies all allegations and the settlement is not an admission of wrongdoing by Google.  Both Plaintiffs and Google agreed to settle this case to move forward, avoid uncertain litigation, and provide support to the developer community.

You may be included in this settlement and entitled to receive a payment if you are or were a U.S. developer of any Android OS application or in-app product (including subscriptions) and satisfy the following criteria:

(1) Sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021;

(2) Paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and

(3) Earned proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021.  For this purpose, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016.

**Developers who meet all class criteria are entitled to a minimum cash payment of $250 to amounts estimated to exceed $200,000.**

Your legal rights are affected whether you act or don't act.  Read this notice carefully.  It addresses each of the following options available to you:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS AND FILE A VALID CLAIM AND RECEIVE PAYMENT**<br><br>**DEADLINE: [INSERT]** | If you submit a timely and valid claim form, you are entitled to a cash payment ranging from the minimum payment of $250 to amounts estimated to exceed $200,000. |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT**<br><br>**DEADLINE: [INSERT]** | If you decide to exclude yourself from this settlement, you will lose the ability to obtain a payment from the Settlement Fund.  But you may keep the ability to sue Google for claims related to this case. (*See* Questions 16.) |
| **OBJECT TO THE SETTLEMENT**<br><br>**DEADLINE: [INSERT]** | If you do not exclude yourself from the settlement, you may still object to it by writing to the Court to explain the basis for your objection. (*See* Question 19.) |

1

| **ASK TO SPEAK AT THE HEARING ON [INSERT]** | If you object to the settlement, you may ask the Court for permission to speak at the Final Approval Hearing about your objection.  (*See* Question 23.) |
|---|---|
| **DO NOTHING (NO DEADLINE)** | If you take no action, you get no payment and you give up your legal right to continue to sue Google for claims related to this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**                                                                                     **Page**
   1.  Why was this notice issued?                                              4
   2.  What is this lawsuit about?                                             4
   3.  Why is there a settlement?                                              4

**WHO IS INCLUDED IN THE SETTLEMENT?**                                                                    **Page**
   4.  How do I know if I am part of the settlement?                            5
   5.  What does a "U.S. app developer" mean?                                   5
   6.  What are App Store "proceeds"?                                           5
   7.  Do I need to calculate my proceeds?                                      5

**THE SETTLEMENT'S BENEFITS**                                                                             **Page**
   8.  What does the settlement provide?                                        6
   9.  How much will my payment be?                                             7

**HOW TO GET A PAYMENT**                                                                                  **Page**
  10. How do I get a payment?                                                            8
  11. When will I get a payment?                                                         8
  12. What rights am I giving up to get a payment?                                        9

**THE LAWYERS REPRESENTING THE CLASS**                                                                    **Page**
  13. Do I have a lawyer in this case?                                                    9
  14. How will the lawyers be paid?                                                       9
  15. May I get my own lawyer?                                                            10

**EXCLUDING YOURSELF FROM THE SETTLEMENT**                                                                **Page**
  16. How do I request to be excluded from the settlement?                                10
  17. If I exclude myself, can I still get a payment from this settlement?                 10
  18. If I exclude myself, can I sue Google for the same claims later?                     10

**OBJECTING TO THE SETTLEMENT**                                                                           **Page**
  19. How do I object?                                                                    11
  20. What's the difference between objecting and excluding myself?                        11

**THE COURT'S FINAL APPROVAL HEARING**                                                                    **Page**
  21. When and where will the Court decide whether to approve the settlement?              12
  22. Do I have to come to the hearing?                                                   12
  23. May I speak at the hearing?                                                         12

**IF YOU DO NOTHING**                                                                                     **Page**
  24. What happens if I do nothing at all?                                                12

**ADDITIONAL INFORMATION**                                                                                **Page**
  25. Are more details available?                                                         12

## BASIC INFORMATION

| 1. Why was this notice issued? |
| --- |

A federal court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and all of your options before the Court decides whether to approve the proposed settlement.  This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge James Donato of the United States District Court for the Northern District of California (the "Court") is currently overseeing this case and will decide whether to grant final approval to the settlement.  The case is known as In re *Google Play Developer Antitrust Litigation.*, Case No. 3:20-cv-05792-JD and is included in the multidistrict litigation called *In re: Google Play Antitrust Litigation,* 3:21-md-02981-JD.

| 2.  What is this lawsuit about? |
| --- |

Plaintiffs filed a lawsuit against Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. ("Google") claiming that Google has monopolized (or attempted to monopolize) alleged markets for Android OS app and in-app-product distribution services in violation of the federal antitrust laws, as well as California antitrust and unfair competition laws.  Plaintiffs also alleged that Google unlawfully requires that developers selling apps through the Google Play store use Google's billing services for in-app purchases, and that this requirement is a "tie" in violation of U.S. and California antitrust laws.

Plaintiffs claimed that Google's alleged anticompetitive conduct allowed Google to charge supra-competitive service fees to developers on the sale of apps and in-app products.

Google denies all these claims and the settlement is not an admission of wrongdoing by Google.

| 3.  Why is there a Settlement? |
| --- |

The Court did not decide in favor of the Plaintiffs or Google.  Instead, the Plaintiffs and Google agreed to a settlement.  This way, the parties avoid the cost, burden, and uncertainty of litigation.  The class representatives and their attorneys think the settlement is best for all Settlement Class Members.  Google denies that it did anything wrong and denies that its conduct harmed developers but has agreed to the Settlement to avoid the time, expense, and distraction associated with further litigation.  In addition, Google agreed to this Settlement to provide additional support to the Google Play developer community.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 4.  How do I know if I am part of the settlement? |
| --- |

The Court decided that everyone who fits this description and chooses not to request to be excluded is a member of the **Settlement Class**:

All former or current U.S. developers that meet each of the following criteria: (a) sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021; (b) paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and (c) earned Proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021. Solely for Settlement Class definition purposes, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016.

Excluded from the Settlement Class are (a) directors, officers, and employees of Google or its subsidiaries and affiliated companies, as well as Google's legal representatives, heirs, successors, or assigns; (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff; (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns; (d) any Developers who validly request exclusion ("opt out") from the Settlement Class; and (e) any other individuals or entities whose claims already have been adjudicated to a final judgment.

Based on the records obtained by Class Counsel, there are nearly 48,000 potential members of the Settlement Class ("Settlement Class Members").

| 5.   What does a "U.S. app developer" mean? |
| --- |

"U.S. Developer" means a Developer that identified the United States as the Developer's country when enabling payments from Google Play.

| 6.   What are Google Play store "Proceeds"? |
| --- |

A developer's Google Play "Proceeds" are its net revenues on Google Play, across all the Developers' accounts collectively, after subtracting any service fee retained by Google.

| 7.   Do I need to calculate my proceeds? |
| --- |

The Google Play proceeds for your developer accounts will be calculated based on Google's records to provisionally confirm that you are eligible to receive a payment from the settlement.  To receive a payment, you must confirm that, to the extent you have multiple accounts, the total proceeds for all your accounts does not exceed $2,000,000 through the Google Play store in any calendar year between and inclusive of 2016 and 2021.  Solely for Settlement Class definition purposes, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016.

If you are unsure if you are a Settlement Class Member, please visit www.googleplaydevelopersettlement.com, email [email], or call [phone].

If you did not receive a notice, but think you may be a Settlement Class Member, you can still file a claim form.  More information on how to do so is available at www.googleplaydevelopersettlement.com.

## THE SETTLEMENT'S BENEFITS

| 8.   What does the settlement provide? |
| --- |

Under the settlement, if approved, Google has agreed to establish a $90 million settlement fund (the "Settlement Fund"). After deducting any Court-approved attorneys' fees and expenses, service awards, and the costs of settlement administration, the remaining Net Settlement Fund will be available for distribution to Settlement Class Members.

If the Settlement is approved, Google will also do the following:

- Through May 25, 2025, Google shall maintain for U.S. Developers a service fee of no greater than fifteen percent (15%) for the first $1M of developer earnings each year, pursuant to the terms and conditions of Google Play and subject to program participation requirements.

- For a period of at least three (3) years following final approval of the settlement (the "Final Approval Order"), Google shall continue to allow developers to use contact information obtained in-app (with user consent) to communicate with users out-of-app, including to promote alternatives to Google Play's billing system.  In the interest of clarity, Google agrees to modify the Google Play Developer Distribution Agreement (DDA) by eliminating the last sentence of ¶ 4.9, as follows:

    You will not engage in any activity with Google Play, including making Your Products available via Google Play, that interferes with, disrupts, damages, or accesses in an unauthorized manner the devices, servers, networks, or other properties or services of any third party including, but not limited to, Google or any Authorized Provider. ~~You may not use user information obtained via Google Play to sell or distribute Products outside of Google Play.~~

    Google agrees to implement this modification within three (3) months of the Final Approval Order.

- For a period of at least three (3) years following the public release of Android 12 (October 4, 2021), Google shall, subject to technical requirements published at https://developer.android.com/reference/android/content/pm/PackageInstaller.SessionParams#setRequireUserAction(int), maintain in subsequent versions of Android the changes implemented in Android 12 that Google believes made it even easier for people to use other app stores on their mobile devices while being careful not to compromise the safety measures Android has in place.  More specifically, Android 12 introduced a new method to allow

6

installer apps to perform app updates without requiring the user to confirm the action.  Google considers this aspect of Android 12 to be consistent with Google's belief and longstanding practice that developers should have a choice in how they distribute their apps and that stores should compete for the user's and developer's business.  Google also acknowledges that the pendency of this lawsuit was a factor in its decision to invest in this aspect of Android 12.

- For at least two (2) years following the Final Approval Order, Google Play will develop an "Indie Apps Corner" to help spotlight a collection of qualifying independent and small startup developers building high quality and unique apps. The collection would appear on the apps tab on the U.S. homepage and would be refreshed at least quarterly. Developers will be able submit their apps for consideration, and Google will attempt in good faith to identify qualifying apps, based on the following criteria:

    - o  **Indie app Developer**: team size 1-30 people, and company is self-funded or has a small outside investment.
    - o  **Quality:** user rating of 4.0 stars or higher
    - o  **Freshness**: app launched no later than 2 years before submission date
    - o  **Location**: developer based in the United States

- For a period of at least three (3) years following the Final Approval Order, Google will publish an annual transparency report that, at a minimum, will convey meaningful statistics such as apps removed from Google Play, account termination, and objective information regarding how users interact with Google Play.

| 9.   How much will my payment be? |
|---|

The Settlement Fund will be distributed to all Settlement Class Members based pro rata on the total amount of service fees they paid Google above the 15% level, with a $250 minimum payment. **Minimum payments are estimated to range from $250 to amounts exceeding $200,000**. Actual payment amounts may be higher depending on the number of Settlement Class Members participating in the settlement.

The settlement administrator has sent email and mail notice, where available, to potential Settlement Class members with a unique code that Settlement Class Members can use at www.googleplaydevelopersettlement.com to identify their minimum payment amount.

If you did not receive a notice by email and/or mail but believe that you are a Settlement Class Member, please contact the settlement administrator at [email], or call [phone].

## HOW TO GET A PAYMENT

| **10. How do I get a payment?** |
| --- |

If you received a notice by email and/or mail indicating that Google believes that you may be a Settlement Class Member, you can submit a claim online or by mail. You must fill out and complete an accurate claim form so that it is received by [date]. Claim forms can be found and submitted electronically at www.googleplaydeveloperssettlement.com. Settlement Class Members also have the option of downloading a claim form and submitting by U.S. mail to: Google Play Developer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

If your claim form is incomplete, contains false information, or is not received by the deadline, your claim may be rejected. The settlement administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this settlement only. If you did not receive a notice by email and/or mail but believe that you are a Settlement Class Member, you may obtain and submit a claim form at www.googleplaydeveloperssettlement.com.

| **11. When will I get a payment?** |
| --- |

The Court will hold a hearing at [time] on [date], to decide whether to grant final approval to the settlement.  If the Court approves the settlement, there may be objections.  It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them.  Settlement payments will be distributed to Settlement Class Members as soon as possible, if and when the Court grants final approval to the settlement and all objections (if any) have been resolved.

We expect most payments on approved claims will be made via electronic distribution.  However, you will also have the opportunity to request that a check be mailed to you by the settlement administrator.  Checks will also be mailed for claims submitted by authorized representatives of the account holder Following distribution of the funds from the Settlement Fund to Settlement Class Members, funds remaining from the distribution will be redistributed to Settlement Class Members in a second distribution.  Funds remaining after the second distribution may, with approval of the Court, be redistributed to Code.org.

If you elect to receive a physical check, you will have one year to deposit the check from the date the check is issued.  Funds that are not deposited within one year of issuance of the physical check will revert to the settlement fund and you will not receive a payment.

If you elect an electronic distribution but do not provide sufficient information to receive a payment through the selected method, the Settlement Administrator may attempt to contact you to obtain additional information or may send you a paper check to your mailing address, if available.  If the Settlement Administrator is unable to contact you and unable to issue a paper check, then the funds will revert to the settlement fund and you will not receive a payment.

Note that the Court may also elect to move the final approval hearing to a different date or time in its sole discretion.   The date and time of the final approval hearing can be confirmed at www.googleplaydevelopersettlement.com.

| **12. What rights am I giving up to get a payment?** |
|---|

Unless you exclude yourself, you will be part of the Settlement Class.  If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against Google related to the subject matter of this lawsuit or the claims released by the settlement agreement.  The specific claims you will be releasing are described in more detail in paragraph 13 of the settlement agreement, available at www.googleplaydevelopersettlement.com.

## THE LAWYERS REPRESENTING THE CLASS

| **13. Do I have a lawyer in this case?** |
|---|

The Court appointed the following attorneys and their law firms to represent potential class members as "Class Counsel":

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP
> 1301 Second Ave., Suite 2000
> Seattle, WA 98101

> Bonny E. Sweeney
> HAUSFELD LLP
> 600 Montgomery Street, Suite 3200
> San Francisco, CA 94111

> Eamon P. Kelly
> SPERLING & SLATER P.C.
> 55 W. Monroe, Suite 3200
> Chicago, IL 60603

They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.hbsslaw.com, www.sperling-law.com, www.hausfeld.com. They believe, after conducting an extensive investigation, that the settlement is fair, reasonable, and in the best interest of the Settlement Class. You will not be charged for these lawyers.

| **14. How will the lawyers be paid?** |
|---|

Class Counsel attorneys' fees, costs, and expenses will be paid from the Settlement Fund in amounts to be determined and awarded by the Court.  The petition for attorneys' fees will seek no more than 30% of the Settlement Fund for Class Counsel, as well as reimbursement of reasonable expenses incurred in

connection with prosecuting this case.  The Court may award less than the sums requested.  Under the settlement, any amounts awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, the four class representatives will request service awards of up to $10,000.00 from the Settlement Fund.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named Plaintiff Service Awards will be available at www.googleplaydevelopersettlement.com by [DATE].

### 15. May I get my own lawyer?

You are not required to hire your own lawyer because Class Counsel is working on your behalf.  However, if you want your own lawyer, you may hire one at your own expense.


## EXCLUDING YOURSELF FROM THE SETTLEMENT


If you want to keep any ability to sue Google related to the subject matter of this lawsuit or the claims released by the settlement agreement, and you do not want to receive a payment from this lawsuit, then you must take steps to get out of the settlement.  This is called excluding yourself or "opting out" of the settlement.

### 16.  How do I request to be excluded from the settlement?

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Google Play Store Antitrust Litigation*, Case No. 3:20-cv-05792-JD (N.D. Cal.) settlement.  Your letter or request for exclusion must include your name and address, and identify all of your Google Developer Accounts.  You must mail or otherwise deliver your exclusion request no later than [Date], to:

*Google Play Developer* Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

### 17. If I exclude myself, can I still get a payment from this settlement?

No.  You will not be eligible for any payment from the Settlement Fund if you exclude yourself from the settlement.  You can only get a payment if you stay in the Settlement Class.

### 18. If I exclude myself, can I sue Google for the same claim later?

If you exclude yourself, you may be able to sue Google regarding the subject matter of this lawsuit or the claims released by the Settlement Agreement.  If you do not exclude yourself, you give up your

right to sue Google related to the subject matter of this lawsuit or the claims released by the settlement agreement.

## OBJECTING TO THE SETTLEMENT

| **19. How do I object?** |
|---|

If you are a Settlement Class Member and have not excluded yourself from the settlement, you can ask the Court to deny approval of the settlement by submitting an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement agreed to by the parties. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must file an objection.

Any objection to the settlement must be in writing.  If you submit a timely written objection, you may, but are not required to, participate in the final approval hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must:

- ▪ clearly identify the case name and number (In re *Google Play Developer Antitrust Litigation.*, Case No. 3:20-cv-05792-JD);

- ▪ be submitted only to the Court, either by mailing the objection to Clerk of Court, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, or by filing it in person at any location of the United States District Court for the Northern District of California; and

- ▪ must be postmarked or filed on or before [Date]**.**

| **20. What's the difference between objecting and excluding myself?** |
|---|

Objecting is simply telling the Court that you don't like something about the settlement.  If you are part of the Settlement Class, you can object to the settlement only if you stay in the Settlement Class (do not exclude yourself).  Excluding yourself from the settlement is telling the Court that you don't want to be part of the settlement.  If you exclude yourself from the settlement, you cannot object to the settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement, including the potential payments to Settlement Class Members.  You may participate and you may ask to speak, but you don't have to do so.

**21.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a final approval hearing at [time] on [date], at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website at www.googleplaydeveloppersettlement.com to confirm the details.

At this hearing the Court will consider whether to approve the settlement, Class Counsel's request for attorneys' fees and expenses, and the service awards to the named Plaintiffs.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the settlement.  The Court's decision may be appealed.

**22. Do I have to come to the hearing?**

No.  Class Counsel will answer questions the Court may have.  However, you are welcome to participate in the hearing at your own expense.  If you send an objection, you do not have to participate in the hearing.  As long as you submitted your written objection on time, to the proper address, the Court will consider it.  You may also pay your own lawyer to participate, but that is not necessary.

**23. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the final approval hearing.

# IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If the Court gives final approval to the settlement, and you are a Settlement Class Member and you do nothing, you will not receive a payment. This is because you must submit a valid and timely claim to receive a payment.. Google's conduct commitments, as described in Question 8, will still apply to you. You will still give up the rights explained in Question 12, including your right to start a lawsuit or be part of any other lawsuit against Google related to the subject matter of this lawsuit or for claims released by the settlement agreement.

# ADDITIONAL INFORMATION

**25. Are more details available?**

The notice summarizes the proposed settlement.  More details, including the settlement agreement and other related documents, are at www.googleplaydeveloppersettlement.com. You may also call toll-free at [phone] or write to: Google Play Developer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Information about the case is also available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Philip Burton Federal Building & United States

Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Inquiries should NOT be directed to the Court.

# EXHIBIT E

| ONLINE CLAIM FORM |
| **GOOGLE PLAY STORE ANTITRUST LITIGATION** |

### Claim Form and Instructions

### INSTRUCTIONS

Please read these instructions carefully. If you need assistance completing the Claim Form, please review the FAQs <u>HERE</u>, or reference the Class Notice <u>HERE</u>.  If you still have questions, you may send an email to the Settlement Administrator at: [add].

**Deadline and Submission Method.**  By no later than [DATE], Claim Forms must be either (a) submitted online or (b) printed, mailed, and **received by** the Settlement Administrator via U.S. mail.

**Eligibility.**  The Settlement will provide a cash payment if you are a former or current U.S. Developer and meet each of the following criteria:  (a) sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021; (b) paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and (c) earned proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021. For class definition purposes, a "U.S. Developer" is a Developer that identified the United States as the Developer's country when enabling payments from Google Play.  Also for class definition purposes, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016. You must submit a complete and accurate Claim Form so that it is **received by [date]**.  If your Claim Form is incomplete, contains false information, or is not **received by** the deadline, your claim will be rejected.  The Settlement Administrator may contact you to request more information to verify your claim. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

Please retain a copy of this Claim Form for your records.

**ONLINE CLAIM FORM**
**GOOGLE PLAY STORE ANTITRUST LITIGATION**

---

## I.  CLAIMANT INFORMATION

Please review the information below for accuracy. You must notify the Settlement Administrator if your contact information changes after you submit this form.

Claimant Name: **<< Prepopulated First Name  Last Name>>**
Company Name: <<**Prepopulated Company Name**>>
Current Street Address: <<**Prepopulated Address**>>
City: <<**Prepopulated City**>>  State: <<**Prepopulated State**>>  Zip Code: <<**Prepopulated Zip Code**>>

[Option to update the information above]

Phone Number: _____

Email Address: _____

Confirm your Email Address: _____

Review your Developer Account information below.

| Developer Account | Estimated Minimum Payment |
|---|---|
| <<**Developer Account ID**>> | <<**$$$$**>> |

☐ **Check this box to confirm that all your Google Play Developer Accounts collectively did not earn proceeds greater than $2,000,000.00 in any calendar year between and inclusive of 2016 and 2021.  For these purposes, the 2016 calendar year consists of August 17, 2016 through December 31, 2016.**

☐ **Check this box to confirm that you are the owner of the Developer Account listed above and make your payment method election. If you are not the owner of the Developer Account but are authorized to submit a claim on the owner's behalf, do not check this box to elect a payment method. Any settlement proceeds will be paid by check to the owner of the account and mailed to the address on record with the account**.

---

## II.  PAYMENT SELECTION & ATTESTATION

Please select **<u>one</u>** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ -__ __ __-__ __ __ __

☐ **Virtual Prepaid Card** - Enter your email address: _____

Please retain a copy of this Claim Form for your records.

| ONLINE CLAIM FORM |
| **GOOGLE PLAY STORE ANTITRUST LITIGATION** |

☐ **Physical Check -** Payment will be mailed to the address provided above.

If you elect to receive a physical check, you will have one year to deposit the check from the date the check is issued.  Funds that are not deposited within one year of issuance of the physical check will revert to the settlement fund and you will not receive a payment.

If you elect PayPal, Venmo, or a Virtual Prepaid Card but do not provide sufficient information to receive a payment through the selected method, the Settlement Administrator may attempt to contact you to obtain additional information or may send you a paper check to your mailing address, if available.  If the Settlement Administrator is unable to contact you and unable to issue a paper check, then the funds will revert to the settlement fund and you will not receive a payment.

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am the owner of this developer account or authorized to submit this claim on the owner's behalf. I understand that my claim is subject to audit, review, and validation using all available information.

Type your signature _____

Date_____

Please retain a copy of this Claim Form for your records.