UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-cv-05792-JD<br><br>**ORDER RE DEVELOPER PLAINTIFFS' PRELIMINARY SETTLEMENT APPROVAL**<br><br>Hon. James Donato |
|---|---|

At the Court's request, the developer plaintiffs revised an application for preliminary approval of a class settlement in several respects. The final changes requested by the Court involved notice to the settlement class. *See* Dkt. No. 229, 232. The developer plaintiffs have improved the provision of notice to class members, and the Court now approves the proposed settlement. This order is based on a proposed order lodged by plaintiffs, which has been revised in accordance with the Court's practices.

1. The Court finds that the Settlement is fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. The Fairness Hearing will be held before this Court on May 18, 2023, at 10:00 a.m., in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether to approve certification of the Settlement Class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service awards that should be provided to the class representatives. The Court may vacate the Fairness Hearing if warranted, without individual notice to the members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following Settlement Class:

> All former or current U.S. Developers that meet each of the following criteria: (a) sold an application or in-app product (including subscriptions) for a non-zero price between August 17, 2016 and December 31, 2021; (b) paid Google a service fee greater than 15% on at least one such transaction between August 17, 2016 and December 31, 2021; and (c) earned Proceeds between U.S. $0 and U.S. $2,000,000.00 through Google Play in every calendar year between and inclusive of 2016 and 2021. Solely for Settlement Class definition purposes, the 2016 calendar year shall consist of August 17, 2016 through December 31, 2016. Additionally and notwithstanding the foregoing, excluded from the Settlement Class are (a) directors, officers, and employees of Google or its subsidiaries and affiliated companies, as well as Google's legal representatives, heirs, successors, or assigns; (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff; (c) Defense Counsel, as well as their immediate

family members, legal representatives, heirs, successors, or assigns; (d) any Developers who validly request exclusion ("opt out") from the Settlement Class; and (e) any other individuals or entities whose claims already have been adjudicated to a final judgment.

4. The Court designates Pure Sweat Basketball, Inc., LittleHoots, LLC, Peekya App Services, Inc., and Scalisco LLC as the class representatives for the Settlement Class.

5. The Court designates Hagens Berman Sobol Shapiro LLP, Sperling & Slater, P.C., and Hausfeld LLP as Class Counsel for the Settlement Class.

6. Plaintiffs will give notice of the Settlement to the Settlement Class as ordered herein.

7. The Court approves as to form and content the proposed notice forms, including the Notice and Summary Notice (both email and postcard), and the proposed Payment Selection Form (described in the Settlement Agreement as the "Claim Form"), attached as Exhibits A to E to the Declaration of Steven Weisbrot of Angeion Group Regarding Revised Notice Documents, dated November 21, 2022 ("Weisbrot Declaration"). The Court finds the proposed content of these notices, and the proposed plan of notice described in the Weisbrot Declaration, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances, and constitute due and sufficient notice to all relevant persons.

8. The Court appoints the firm of Angeion Group LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the distribution of Settlement funds as follows:

   a. No later than 60 days from the entry of this Preliminary Approval Order, the Settlement Administrator will open a public, case-specific website at the following web address: www.googleplaydevelopersettlement.com. The website will make available the full version of the Settlement Agreement, the Preliminary Approval Order, the Long Form Notice and the Payment Selection Form, in an electronically fillable form and in a format that may be downloaded and/or printed;

   b. Google will provide notice of the Settlement through the Google Play Console, an online interface that Settlement Class Members can access to manage their Google Play developer accounts ("Console Notice"). The Console Notice will be in the form annexed as Exhibit

D to the Weisbrot Declaration. The provision of Console Notice will trigger a separate email (with the same content) to the email address associated with that Settlement Class Member's Google Play developer account. Google will make diligent efforts to disseminate the Console Notice beginning 60 days from the entry of this Preliminary Approval Order. If Google is unable to commence Console Notice by that date, it will advise Plaintiffs of the status of its efforts and notify Plaintiffs when Console Notice commences.

      c.      Beginning no later than 60 days from the entry of this Preliminary Approval Order, the Settlement Administrator will provide the email summary notice, substantially in the form annexed as Exhibit B to the Weisbrot Declaration, to all Settlement Class Members whose email addresses can be identified with reasonable effort;

      d.      Beginning no later than 60 days from the entry of this Preliminary Approval Order, the Settlement Administrator will cause the summary postcard notice to be mailed via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit C to the Weisbrot Declaration to all Settlement Class Members whose addresses can be identified with reasonable effort.

9. Each form of Summary Notice from the Settlement Administrator (email and postcard) will contain individualized credentials that Settlement Class Members can input on the Settlement Website to review their estimated payment and the total amount of paid service fees on which the payment is based. Settlement Class Members will also be able to elect a digital payment on the website (PayPal, Venmo or virtual prepaid card) by verifying membership in the Settlement Class. Settlement Class Members who do not elect a digital payment will automatically be issued a physical check for their payment amount.

10. The Settlement Class Administrator will direct physical checks to the legal entity and legal address Google maintains for the Settlement Class Member, with the Summary Notice specifying this contact information and allowing any corrections. To the extent Google does not maintain valid or complete address information for any Settlement Class Member, the Settlement Class Administrator will undertake reasonable efforts to obtain a valid address to which a physical check can be sent.

11. Prior to sending physical checks, the Settlement Class Administrator will follow best practices to ensure that the checks are securely delivered to current addresses. In addition, before sending any checks exceeding $20,000.00, the Settlement Class Administrator will use reasonable efforts to contact the individual or entity receiving the check to confirm class membership, contact information and payment instructions. As with digital payments, Settlement Class Members will be required to certify membership in the Settlement Class in order to endorse their physical checks.

12. While claims will not be required, the Settlement Website will contain an optional Payment Selection Form that developers can complete to pursue a payment. The Settlement Website will also give Settlement Class Members the option to contest their estimated payment amount if they believe they paid service fees that exceed the amount the Settlement Class Administrator has on record.

13. Following the initial distribution, the Settlement Class Administrator will implement a telephone outreach campaign to encourage developers to cash any uncashed checks. Checks uncashed after six months will be cancelled and the funds returned to the Settlement Fund. Plaintiffs will then submit for Court approval a plan for making additional distributions to Settlement Class Members that elected a digital payment or cashed their check. Any funds remaining after a second distribution will be provided to Code.org. Under no circumstances will unclaimed funds revert to Google.

14. Class Counsel will file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 90 days from the entry of this Preliminary Approval Order, and 35 days before the deadline for exclusions and objections.

15. Any person who desires to request exclusion from the Settlement Class must do so by 125 days from the entry of this Preliminary Approval Order, and such request for exclusion must be in the form of a letter mailed or otherwise delivered to the Settlement Administrator stating that the person wants to be excluded from the *In re Google Play Developer Antitrust Litig.*, Case No. 3:20-cv-05792-JD (N.D. Cal.) settlement, and the letter must include identifying information sufficient to enable the Settlement Administrator to determine whether the person is a member of the Settlement Class. All persons who submit valid and timely requests for exclusion will have no rights under the

Settlement Agreement, will not share in the distribution of the settlement funds, and will not be bound by the final judgments relating to Defendant Google entered in the litigation.

16. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

17. Any member of the Settlement Class may appear and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Google Play Developer Antitrust Litig.*, Case No. 3:20-cv-05792-JD (N.D. Cal.)), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before 125 days from the entry of this Preliminary Approval Order.

18. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions must be filed and served by 153 days from the entry of this Preliminary Approval Order.

19. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, will be paid for as set forth in the Settlement Agreement.

20. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, may be construed as an admission or concession by Plaintiffs or Defendant Google, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

21. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:  December 1, 2022

HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE