| | |
|---|---|
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | Melinda Coolidge (*pro hac vice*)<br>mcoolidge@hausfeld.com<br>**HAUSFELD LLP**<br>888 16th Street N.W., Suite 300<br>Washington, DC 20006<br>Telephone: (202) 540-7200 |
| Eamon P. Kelly (*pro hac vice*)<br>ekelly@sperling-law.com<br>**SPERLING & SLATER P.C.**<br>55 W. Monroe, Suite 3200<br>Chicago, IL 60603<br>Telephone: 312-641-3200 | *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc. and Scalisco LLC d/b/a Rescue Pets* |

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION** | Case No. 3:20-cv-05792-JD<br><br>**DECLARATION OF ERIN LEWIS, ADMINISTRATOR OF THE ESTATE OF MICHAEL PAUL LEWIS, IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS ON BEHALF OF THE LEWIS FIRM** |

I, Erin Lewis, declare as follows:

1. I am the Administrator of the Estate of Michael Paul Lewis. Michael Lewis was a Principal attorney, the founding Member, and the sole owner of The Lewis Firm, which served as counsel for named plaintiff Peekya App Services, Inc. ("Peekya"). The Lewis Firm is now the property of the Estate of Michael Paul Lewis, currently pending in the Summit County, Ohio, Probate Court as Case No. 2021 ES 00802. I submit this declaration in support of Developer Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards on behalf of The Lewis Firm.

2. I make this declaration based on my understanding of the work performed on this litigation based on conversations with my late husband, Michael Lewis, as well as discussions with co-counsel at Hausfeld LLP and review of contemporaneously-maintained records, and if called and sworn as a witness, I could and would testify competently to the matters stated herein.

3. The Lewis Firm attorneys who were primarily responsible for this litigation were Michael Lewis and Raymond Witt.

4. Michael Lewis formed The Lewis Firm in 2009. His experience included everything from conducting investigations to briefing issues before the United States Supreme Court. His practice centered on the representation of businesses and individuals involved in high-stakes litigation. Before forming The Lewis Firm, Michael practiced at Arnold & Porter, where he handled legal issues spanning a spectrum of substantive areas, from antitrust to federal preemption. Michael began his legal career at Bryan Cave LLP, where he was mentored by esteemed trial lawyers. Michael graduated with honors from The University of Texas School of Law in Austin, Texas. He earned his undergraduate degree from Mississippi State University, with degrees in philosophy and communication. Michael was admitted to practice law in the District of Columbia,

Missouri, Kansas, and the United States District Courts for Missouri, Kansas, Nebraska, Maryland, and the District of Columbia.

5. Raymond Witt, Jr. held the position of Principal with The Lewis Firm through May 2022. Raymond's experience included three years with The Lewis Firm, where his work focused on complex litigation. Before working with The Lewis Firm, Raymond spent 10 years working for King & Spalding LLP, a large U.S.-based international law firm, in its Houston, Dubai, and Tokyo offices. In addition, Raymond spent several years as a solo practitioner and has worked in private equity and commercial real estate. Raymond earned his J.D. in 2004 from The University of Texas School of Law and a B.A. in 1999 from The University of Texas at Austin.

6. The Lewis Firm advanced this litigation on a contingent fee basis, which required taking on the risk inherent to all antitrust class actions that the firm's significant investments of time and expenses into the litigation may not ultimately be compensated.

7. As counsel for Peekya, The Lewis Firm was heavily involved in the initial research and investigation into potential claims against Google for its conduct related to the Google Play Store, which could be brought on behalf of app developers. The Lewis Firm engaged in investigation for several months prior to filing this action and worked closely with Hausfeld to prepare the initial complaint on behalf of Peekya and the proposed class of app developers.

8. After Peekya's claims were consolidated with those of another app developer also on behalf of the proposed class, The Lewis Firm remained instrumental in discovery of Peekya and reviewing and analyzing high volumes of documents produced by Google.

9. The Lewis Firm worked closely with Peekya and Hausfeld to prepare responses and produce documents responsive to discovery propounded on the Developer Plaintiffs, including

discussions with the client regarding the collection of documents responsive to 71 requests for production of documents.

10. In its role as counsel for Peekya, The Lewis Firm spent significant time on ongoing investigation over the course of the litigation, including reviewing documents produced by Google and third parties in order to identify the strongest evidence to support multiple fact-intensive elements, such as those necessary for the Developer Class to successfully move for class certification, establish the merits of the claims that Google caused Developer Class members to pay supracompetitive service fees, and calculate the damages arising from Google's anticompetitive conduct.

11. The Lewis Firm also engaged in significant time to evaluate Google's claims of privilege for redacted and withheld documents and provided crucial support for Hausfeld's leadership of other plaintiffs' groups in challenging large swaths of privilege log entries, including numerous entries that were later revised by Google or for which the documents were later produced.

12. Further, The Lewis Firm worked closely with other plaintiffs' groups to prepare for the depositions of key Google witnesses, identifying core topics and documents for specific potential deponents.

13. For over a year, The Lewis Firm regularly and actively participated in strategy meetings with Hausfeld and other co-lead firms for the Developer Class as well as other plaintiffs' groups regarding tactics for engaging in the complex and extensive discovery necessary for this litigation and efforts to build an order of proof and identify the strongest evidence.

14. Attached hereto as **Exhibit A** is a billing summary of The Lewis Firm's total hours and lodestar at current billing rates, from inception of this case through April 28, 2022. The total

number of hours spent by attorneys for The Lewis Firm during this period was 445 hours with a corresponding lodestar based on current 2023 rates of $360,450.00.

15. Submitted separately for in camera review due to the confidential work product and attorney-client privileged information they contain, **Exhibit B** is a complete set of The Lewis Firm's detailed time records at current billing rates organized chronologically.

16. **Exhibits A** and **B** were prepared from contemporaneous, daily time records regularly prepared and maintained by The Lewis Firm and also maintained by Hausfeld and were finalized at the close of each calendar month in accordance with the provisions of the Order Appointing Interim Class Counsel, ECF No. 79. The current hourly rates provided for The Lewis Firm's attorneys are the same as our usual and customary hourly rates charged in similar complex class action litigation.

17. Either Michael Lewis or Raymond Witt carefully reviewed The Lewis Firm's detailed time records each month and conveyed these time records to Hausfeld attorneys, who also carefully reviewed The Lewis Firm's detailed time records each month and by 14 days after each month's end made any necessary adjustments to The Lewis Firm's time to delete any non-billable activities and ensure that the time records complied with the provisions of the Order Appointing Interim Class Counsel, ECF No. 79. These adjustments are reflected in **Exhibits A** and **B**.

18. I have reviewed the time and expenses reported by Hausfeld on behalf of The Lewis Firm in this case which are included in this declaration, and I affirm that they are true and accurate to the best of my knowledge.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28 day of February, 2023, at Akron, Ohio.

_____
Erin Lewis

5

DECL. OF ERIN LEWIS, ADMINISTRATOR OF THE ESTATE OF MICHAEL PAUL LEWIS, IN SUPP. OF DEVELOPER PLS.' MOT. FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS ON BEHALF OF THE LEWIS FIRM
CASE NO. 3:20-cv-05792-JD

# EXHIBIT A

# Exhibit A

## Reported Hours and Lodestar at Current Hourly Rates

## For the Period September 1, 2020 through May 29, 2022

| Attorney Name/Title | Total Hours | Current Hourly Rate | Total Lodestar |
|---|---|---|---|
| **Lewis, Michael (Principal)** | **24.30** | **$ 810.00** | **$ 19,683.00** |
|     Case Development | 24.30 | | $ 19,683.00 |
| **Witt, Ray (Principal)** | **420.70** | **$ 810.00** | **$ 340,767.00** |
|     Discovery of Defendants and Third Parties | 420.70 | | $ 340,767.00 |
| **Grand Total** | **445.00** | | **$ 360,450.00** |

# __EXHIBIT B__

**to Declaration of Erin Lewis, Administrator of the Estate of Michael Paul Lewis, in Support of Developer Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards on Behalf of the Lewis Firm**

**[submitted for *in camera* review]**