Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Melinda Coolidge (*pro hac vice*)
mcoolidge@hausfeld.com
**HAUSFELD LLP**
888 16th Street N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc. and Scalisco LLC d/b/a Rescue Pets*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION** | Case No. 3:20-cv-05792-JD<br><br>**DECLARATION OF FRANÇOIS EINWAECHTER IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMEN OF EXPENSES, AND SERVICE AWARDS** |



I, FRANÇOIS EINWAECHTER, declare as follows:

1. I am an individual over the age of 18 and I make this declaration based on personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am the Director of Peekya App Services, Inc. ("Peekya"), a class representative in the above-captioned matter (the "Class Action").

3. I submit this declaration in support of the Developer Class Plaintiffs' motion for attorneys' fees, reimbursement of expenses, and service awards and in support of final approval of the proposed Class Action Settlement with Google.

4. For over two years and a half years, I have diligently performed my duty to assist counsel in prosecuting this case, and I have actively participated in this case and devoted significant time and effort to this case.

5. Prior to agreeing to be the second named Plaintiff in a lawsuit against Google, I engaged in significant investigation and had multiple calls with my attorneys regarding factual investigation into the potential claims at issue in this case. I estimate that I spent 30-40 hours of time on pre-filing investigation, including calls with my attorneys, to ensure that the claims raised in the complaint were as factually-complete as possible.

6. I did not undertake my responsibilities and role as a class representative in this litigation lightly. I work actively to promote the Peekya app, which is only available for Android devices through the Google Play Store. Prior to agreeing to file this case as a class representative, I weighed concerns that Google would take steps to make it more difficult to promote and distribute the Peekya app on the Google Play Store or that being named as a plaintiff in this litigation might make it more difficult to partner with other businesses. Because the Google Play Store has historically been the largest app store for Android apps, Google has significant control

over how Peekya and other Android apps are distributed, and Google's actions can have immediate impacts on app developers that distribute their apps through the Google Play Store. After discussions with my legal counsel, I determined that the value of proceeding with this case outweighed the risk. To my knowledge, Peekya has not been subject to any retaliatory action by Google related to this litigation. However, the additional and justifiable burden of my concerns regarding retaliation is a significant and non-quantifiable stressor that I had to bear when deciding to file these claims with Peekya named as a class representative and throughout the duration of this litigation, particularly because I re-launched the Peekya app with a new build on the Google Play Store during the pendency of the litigation.

7. Throughout this litigation, I have consistently worked to remain well-informed of the status of the case by communicating with my attorneys, including reviewing extensive correspondence from my counsel and key case documents such as drafts of the original Complaint and subsequent amended consolidated class action complaints as well as the terms of the settlement agreement.

8. I immediately undertook my records retention obligations as a class representative by diligently retaining paper and electronic documents, records and information that could be relevant to the litigation since the inception of this case, and I have provided these to my attorneys at their request and at the request of Google.

9. I have also assisted in responding to discovery, including responding to 31 interrogatories and 71 requests for production of documents, many of which sought sensitive and detailed information about Peekya's financial information, business strategy, and communications with users. I reviewed the discovery requests from defendants, discussed those requests with my counsel, assisted in drafting, reviewing, and correcting draft responses, and executed final responses. I also had numerous calls with my attorneys to collect responsive

3

DECLARATION OF FRANÇOIS EINWAECHTER IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-cv-05792-JD

documents and provide those to my attorneys for review and production to Google. I found this process to be very time intensive, and it was challenging to undertake my responsibilities as a class representative on top of my family commitments and work obligations. However, I understood the importance of this litigation and took my role as a class representative very seriously, and always made the necessary time to fulfill my responsibilities, even after the birth of my second child in April 2022.

10. In total, I estimate that I have spent about 53-66 hours performing all of the above-described duties on behalf of the class over the past two and a half years.

11. I willingly agreed to participate in this case with no guarantee of personal benefit or benefit to Peekya, and my attorneys have not made any promises regarding compensation for my service. I believe that the significant time, effort, and information I have provided on behalf of Peekya contributed meaningfully to the proposed settlement agreement between Google and the proposed Settlement Class (the "Agreement").

12. I have reviewed the terms of the Agreement, have discussed those terms with my attorneys, and am aware of and fully approve all terms of the Agreement, as it affects Peekya and the members of the Class.

13. I understand that the Agreement includes monetary relief provided through a $90,000,000.00 cash Settlement Fund

14. I also understand that the Agreement includes non-monetary relief such as Google's commitment to maintain a service fee rate of no greater than fifteen percent (15%) for the first $1 million in developer revenue each year through May 2025, Google developing an "Indie Apps Corner" on the homepage of the Google Play Store, Google continuing to allow developers to use contact information obtained in-app (with user consent) to communicate with users out-of-app, including to promote alternatives to Google Play's billing system, and Google publishing an

4

DECLARATION OF FRANÇOIS EINWAECHTER IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-cv-05792-JD

annual transparency report, and that Google has acknowledged that this pending Class Action was a motivating factor in its March 16, 2021 announcement that it would reduce its service fee rate from 30% to 15% for the first $1,000,000 in developer revenue.

15. I believe that the non-monetary relief is of significant value to Peekya and members of the class. Google's commitment to maintaining a reduced service fee of 15% on the first $1 million in developer revenue through May 2025 is an exceptional result that establishes a predictable and sustained 50% decrease in the service fees paid to Google for each sale of an app or in-app product and directly benefits app developers like Peekya, which has never earned more than $1 million in a year. I believe, and understand that Google has acknowledged, that this pending Class Action was a motivating factor in this significant reduction of Google's service fee rates, and I am proud to be serving as a class representative.

16. Google's commitment to creating an "Indie Apps Corner" on the U.S. homepage of the Google Play Store to feature apps from smaller independent app developers is also notable for start-ups like Peekya, which is seeking to showcase its unique and desirable features to users browsing apps within the Google Play Store. The opportunity to have smaller apps showcased will help users find and learn about apps from smaller developers that may be overlooked without this opportunity to be spotlighted. This will promote the ability of independent app developers to innovate and compete with larger, more established developers, and, I believe, will improve the available offerings of Android apps for users.

17. Overall, the proposed settlement achieves significant monetary and structural relief for Peekya and for all members of the Settlement Class.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 28 day of February, 2023, at Sarasota, Florida.

5

DECLARATION OF FRANÇOIS EINWAECHTER IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-cv-05792-JD

_____
François Einwaechter

6

DECLARATION OF FRANÇOIS EINWAECHTER IN SUPPORT OF DEVELOPER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS
CASE NO. 3:20-cv-05792-JD