Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
SPERLING & SLATER LLC
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Interim Class Counsel for the
Proposed Class and Attorneys for Plaintiffs
Pure Sweat Basketball, Inc. and LittleHoots
LLC*

Melinda R. Coolidge (*pro hac vice*)
mcoolidge@hausfeld.com
HAUSFELD LLP
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200

*Co-Lead Interim Class Counsel for the
Proposed Class and Attorneys for Plaintiffs
Peekya App Services, Inc. and Scaliso LLC*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-CV-05792-JD<br><br>**DEVELOPER PLAINTIFFS' ADMINISTRATIVE MOTION TO SUBMIT DETAILED BILLING RECORDS AND EXPERT INVOICES FOR *IN CAMERA* REVIEW**<br><br>Hon. James Donato |

## I.    INTRODUCTION

On December 1, 2022, this Court preliminarily approved Developer Plaintiffs' settlement with Google and, in accordance with the Court's Order (ECF No. 233), counsel for the Developer Plaintiffs' ("Class Counsel") submit the accompanying Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion"). Class Counsel believe detailed billing records and expert invoices could assist the Court in evaluating the Motion. These records, however, contain attorney-work product and other privileged and confidential information. Class Counsel accordingly request authorization to submit detailed billing records and expert invoices *in camera* for the Court's review and consideration.[1] This request is limited strictly to the detailed billing records and expert invoices. Public disclosure of these materials, and the supporting time entries, would provide Google with inappropriate insight into Class Counsel's litigation strategy and, given Class Counsel's coordination with other plaintiffs' counsel pursuing claims in the Google Play MDL, would also provide insight into the strategy of other counsel who are actively litigating against Google. All other materials supporting the Developer Plaintiffs' Motion, including attorney billing and expense summaries, are being filed on the public docket without redaction.

## II.    ARGUMENT

Pursuant to Local Rule 54-5(b),[2] district courts may require detailed billing records and invoices in support of a fee or cost application, and Class Counsel understand this to be the Court's standard practice. Class Counsel accordingly submit these materials proactively to assist the Court

---

[1] These materials are submitted as Exhibits 2 and 6 to the Declaration of Steve W. Berman in Support of Developer Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, Exhibit C to the Declaration of Melinda R. Coolidge in Support of Developer Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards on Behalf of Hausfeld LLP, Exhibit B to the Declaration of Erin Lewis, Administrator of the Estate of Michael Paul Lewis, in Support of Developer Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards on Behalf of The Lewis Firm, and Exhibit B to the Declaration of Eamon P. Kelly in Support of Developer Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards on Behalf of Sperling & Slater.

[2] *See* N.D. Cal. Civ. L.R. 54-5(b)(2) (". . . Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate").

1    in evaluating Class Counsel's accompanying Motion for Attorneys' Fees, Reimbursement of

2    Expenses, and Service Awards.

3         In prior class cases, this Court has reviewed detailed billing records and invoices *in camera*

4    to prevent the disclosure of privileged and confidential information.[3] That is the standard practice

5    in this district, where *in camera* review of such material is routinely authorized.[4] Class Counsel

6    respectfully submit that *in camera* review likewise is appropriate here.

7         In the Ninth Circuit, it is well-established that "bills, ledgers, statements, time records and

8    the like which also reveal the nature of the services provided" are protected from disclosure.  *See In*

9    *re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). Class Counsel's detailed billing records

10   and expert invoices fit this description. The billing records, to begin with, contain narrative

11   descriptions for time entries with privileged and confidential information. Some of these narratives

12   reveal strategic discussion between case counsel. Other narratives reflect privileged

13   communications with class representatives. Others reflect the mental impressions of counsel and

14   other forms of work product. Class counsel's detailed expert invoices likewise reflect protected

15   communications with experts as well as confidential case strategies and work product. The expert

16   invoices further identify consulting experts retained by Developer Plaintiffs (and other, actively

17   litigating parties) who are not subject to disclosure under the Federal Rules.

18        The disclosure of Class Counsel's detailed billing records and invoices could be particularly

19   prejudicial here because the case is not over. In the event the settlement is not approved, and the

20   case is returned to active litigation, Google would proceed with strategic insight into Developer

21

22        [3] *See In re Resistors Antitrust Litigation*, Case No. 3:15-cv-3820 (N.D. Cal) (Donato, J.), ECF
     No. 583 (granting requests to submit detailed billing and expense records *in camera*); *In re*
23   *Capacitors Antitrust Litigation*, 3:14-cv-3264 (N.D. Cal.) (Donato, J.), ECF No. 2450 (granting
     request to submit detailed expense invoices *in camera*).

24        [4] *See Federal Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 375 (9th Cir. 1990) (allowing *in*
25   *camera* review of invoices for legal services); *Crump v. Hyatt Corp.*, 2023 WL 1997770, at *8
     (N.D. Cal. Feb. 14, 2023) (reviewing detailed billing records *in camera*); Vataj v. Johnson, 2021
26   WL 5161927, at *8 (N.D. Cal. Nov. 5, 2021) (same); *Facebook, Inc. v. Power Ventures, Inc.*, 2013
     WL 4049688, at *2 (N.D. Cal. Aug. 7, 2013) (same); *Holloway v. Best Buy Co.*, 2011 WL
27   13258077, at *4 (N.D. Cal. Aug. 4, 2011) (in class action settlement preliminary approval order,
     ordering that "[d]etailed time records shall be submitted for *in camera* review, pursuant to Local
28   Rule 54-5(b)(2)").

1   Plaintiffs' confidential litigation strategies. Even if the Settlement is approved, disclosure of the

2   detailed records could give Google strategic insight into its ongoing litigation with other plaintiff

3   groups. Given this inherent risk of prejudice, the more prudent course is to review the records *in

4   camera,* which courts have reasoned "is a sufficient safeguard against unreasonable bills." *Mattel,*

5   *Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013).

6         Class Counsel understands that Google intends to oppose *in camera* review.  Yet Google

7   itself, when requesting reimbursement for its counsel's fees, has submitted detailed billing records

8   *in camera*. *See Max Sound Corp. v. Google, Inc*., 2017 WL 4536342, at *12 (N.D. Cal. Oct. 11,

9   2017) (reviewing Google "billing records submitted in camera" in connection with fee application).

10  Google cannot credibly assert that its counsel's records warrant confidential treatment, but an

11  adversary's do not.

12        There is also no legitimate reason for Google to gain access to Class Counsel's detailed

13  billing records and expert invoices. Class Counsel is submitting on the public docket a detailed

14  breakdown of each biller on the case, along with his or her billing rate and hours billed for various

15  litigation tasks. Class Counsel is also publicly filing a detailed summary of expenses by category.

16  These summaries will provide Google (and any interested party) with adequate information to

17  assess the reasonableness of Class Counsel's application for fees and expense reimbursement.

18  Disclosure of the detailed records, and narrative information they contain, would serve little

19  purpose other than to disclose confidential and strategically sensitive information to Google.

20        Moreover, because Class Counsel are submitting detailed summaries, redacted billing

21  records and invoices would provide little additional information. Redaction would also be

22  impractical because protected information is interspersed across the voluminous billing and

23  expense records. Nevertheless, if the Court is not inclined to authorize *in camera* submission of

24  Class Counsel's billing records or expert invoices, Class Counsel alternatively request

25  authorization to file these materials in redacted form.

26        For the foregoing reasons, Developer Plaintiffs respectfully request that this motion be

27  granted and that this Court enter the accompanying Order authorizing the *in camera* submission of

28  Developer Plaintiffs' detailed billing records and expert invoices.

DATED: March 1, 2023

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____ /s/ Steve W. Berman_____
    Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

By s/ *Melinda R. Coolidge*_____
    Melinda R. Coolidge (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com
ydewald@hausfeld.com

Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Facsimile:  (415) 358-4980
kbates@hausfeld.com

DEVELOPER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
SUBMIT DETAILED BILLING RECORDS AND EXPERT INVOICES
*FOR IN CAMERA* REVIEW – 4
Case No. 3:20-CV-05792-JD010803-11/2193777 V1

010803-11/2193777 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com

By    */s/ Eamon P. Kelly*
        Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, LLC**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Interim Co-Lead Class Counsel and Proposed
Settlement Class Counsel*