Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200

*Co-Lead Settlement Class Counsel for the
Proposed Class and Attorneys for Pure
Sweat Basketball, Inc. and LittleHoots LLC*

Melinda R. Coolidge (pro hac vice)
mcoolidge@hausfeld.com
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200

*Co-Lead Settlement Class Counsel for the
Proposed Class and Attorneys for Peekya
App Services, Inc. and Scaliso LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-cv-05792-JD<br><br>**DEVELOPER PLAINTIFFS' ADMINISTRATIVE MOTION TO PROVIDE TAXPAYER IDENTIFICATION NUMBERS TO SETTLEMENT ADMINISTRATOR**<br><br>Judge: Hon. James Donato |

1    Developer Plaintiffs move under Civil Local Rule 7-11(a) for an order requiring Google to

2    provide the settlement administrator ("Angeion") with the taxpayer identification numbers it

3    maintains for members of the Developer Plaintiff Settlement Class ("Settlement Class").  Google

4    does not oppose this motion.

5    By way of background, on December 1, 2022 this Court preliminary approved Developer

6    Plaintiffs' settlement with Google and set a May 18, 2023 fairness hearing.  *See* ECF No. 233.

7    Notice to the Settlement Class has commenced in accordance with the Court's preliminary approval

8    Order and Developer Plaintiffs will submit their papers in support of final approval on or before May

9    3, 2023.  *See id.*

10    With the Court's guidance, the Parties developed a distribution plan that pushes payments

11    directly to Settlement Class Members without any requirement that they submit claims.  Specifically,

12    Settlement Class Members will have the option of electing a digital payment, but if no such election

13    is made, Angeion will deliver a payment by check to Settlement Class Members at the address they

14    maintain with Google.  *See id.* ¶¶ 9-10.  Developer Plaintiffs believe this distribution plan will

15    maximize participation in the Settlement.

16    Angeion has advised the Parties that, for tax reporting purposes, it will require taxpayer

17    identification numbers for Settlement Class Members who are entitled to receive payments of $600

18    or more.  Although distributions will not proceed unless and until final approval, Angeion has

19    requested this taxpayer information now so that it can promptly identify any incomplete or

20    mismatched identification numbers and, if necessary, request supplemental information.  Addressing

21    these issues proactively will help ensure that distributions to the Settlement Class are not delayed if

22    the Settlement is finally approved.

23    Google maintains self-reported taxpayer identification numbers for members of the

24    Settlement Class.[1]  Upon the Court's Order, Google has indicated that it can transmit taxpayer

25    identification numbers it maintains for any members of the Settlement Class Angeion identifies for

26

27    _____

[1] Because such information is self-reported, Google has indicated that it does not make any
28    representations regarding the completeness or accuracy of such information.

010803-11/2242947 V1

DEV. PLTFS' ADMIN. MOT. TO PROVIDE TAXPAYER ID NOS. TO SETTLEMENT ADMINISTRATOR **Error! Reference source not found.**- 1
Case No.: 3:20-cv-05792-JD

1   tax reporting purposes, with such information being provided on a Highly Confidential basis subject
2   to the operative Protective Order.  Angeion will use such taxpayer identification information solely
3   to administer the settlement.

4           Courts regularly authorize defendants to transmit taxpayer identification numbers to facilitate
5   settlement administration,[2] and Developer Plaintiffs believe this to be in the best interests of the
6   Settlement Class here.  The alternative would be to require that Settlement Class Members provide
7   taxpayer identification numbers themselves or take other affirmative action before they can receive a
8   payment.  Such a process would delay distributions and not further the Court's directive (ECF No.
9   220) to leverage information maintained by Google to drive Settlement participation.  Similarly,
10  Google has indicated that although it could attempt to provide notice, and an opportunity to opt out,
11  to class members before transmitting taxpayer identification numbers to Angeion, that process could
12  delay distributions and duplicate or interfere with the Court-supervised notice and opt-out process for
13  this settlement.

14          For the foregoing reasons, Developer Plaintiffs respectfully request that the Court enter the
15  accompanying proposed order, which will allow Google to provide Angeion with taxpayer
16  identification numbers without the need for a separate notice process.

17

18  DATED:  April 27, 2023                    Respectfully submitted,

19

20                                            **HAGENS BERMAN SOBOL SHAPIRO LLP**

21                                            By   */s/ Steve W. Berman*
22                                                Steve W. Berman (*pro hac vice*)
                                                Robert F. Lopez (*pro hac vice*)
23                                                Ted Wojcik (*pro hac vice*)
                                                1301 Second Avenue, Suite 2000
24                                                Seattle, WA 98101
                                                Telephone: (206) 623-7292
25

26          [2] *Sanchez v. Art+1, Inc.*, 2022 WL 16700101, at *3 (S.D.N.Y. Nov. 2, 2022) (preliminary
    approval order requiring defendants to provide settlement administrator with class member taxpayer
27  identification numbers); *Alkady v. First Transit, Inc.*, 2020 WL 6700499, at *4 (S.D. Cal. Nov. 13,
    2020) (same); *Sanders v. CJS Sols. Grp., LLC*, 2018 WL 1116017, at *4 (S.D.N.Y. Feb. 28, 2018)
28  (same); *Fellows v. Am. Campus Communities Servs., Inc.*, 2018 WL 3159833, at *4 (E.D. Mo. Mar.
    6, 2018) (same).

1   Facsimile:  (206) 623-0594
    steve@hbsslaw.com
2   robl@hbsslaw.com
    tedw@hbsslaw.com
3

4   Ben M. Harrington (SBN 313877)
    Benjamin J. Siegel (SBN 256260)
5   **HAGENS BERMAN SOBOL SHAPIRO LLP**
    715 Hearst Avenue, Suite 202
6   Berkeley, CA 94710
    Telephone: (510) 725-3000
7   Facsimile:  (510) 725-3001
    benh@hbsslaw.com
8   bens@hbsslaw.com

9   By ____*/s/ Melinda R. Coolidge*_____
        Melinda R. Coolidge (*pro hac vice*)
10  Yelena W. Dewald (*pro hac vice*)
    **HAUSFELD LLP**
11  888 16th Street, NW, Suite 300
    Washington, DC 20006
12  Telephone: (202) 540-7200 (main)
    Telephone: (202) 540-7144 (direct)
13  Facsimile:  (202) 540-7201
    mcoolidge@hausfeld.com
14  ydewald@hausfeld.com

15  Kyle Geoffrey Bates (SBN 299114)
    **HAUSFELD LLP**
16  600 Montgomery Street, Suite 3200
    San Francisco, CA 94111
17  Telephone: (415) 633-1908 (main)
    Facsimile:  (415) 358-4980
18  kbates@hausfeld.com

19  Katie R. Beran (*pro hac vice*)
    **HAUSFELD LLP**
20  325 Chestnut Street, Suite 900
    Philadelphia, PA 19106
21  Telephone: (215) 985-3270 (main)
    Telephone: (267) 702-3215 (direct)
22  Facsimile:  (215) 985-3271
    kberan@hausfeld.com
23

    By ____*/s/ Eamon P. Kelly*_____
24      Eamon P. Kelly (*pro hac vice*)
    Joseph M. Vanek (*pro hac vice*)
25  Alberto Rodriguez (*pro hac vice*)
    **SPERLING & SLATER, LLC**
26  55 W. Monroe Street, 32nd Floor
    Chicago, IL 60603
27  Telephone: (312) 676-5845
    Facsimile:  (312) 641-6492
28

jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Interim Co-Lead Class Counsel and Proposed
Settlement Class Counsel*

1

2

## E-FILING ATTESTATION

3

    I, Steve W. Berman, am the ECF User whose ID and password are being used to file this

4

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories

5

identified above has concurred in this filing.

6

                                          *s/ Steve W. Berman*

7

                                          STEVE W. BERMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28