1   Steve W. Berman (*pro hac vice*)                Melinda R. Coolidge (*pro hac vice*)
    steve@hbsslaw.com                               mcoolidge@hausfeld.com
2   HAGENS BERMAN SOBOL SHAPIRO LLP                 HAUSFELD LLP
    1301 Second Ave., Suite 2000                    888 16th Street, NW, Suite 300
3   Seattle, WA 98101                               Washington, DC 20006
    Telephone: (206) 623-7292                       Telephone: (202) 540-7200
4

5   Eamon P. Kelly (*pro hac vice*)                 *Co-Lead Interim Class Counsel for the*
    ekelly@sperling-law.com                         *Proposed Class and Attorneys for Plaintiffs*
6   SPERLING & SLATER LLC                           *Peekya App Services, Inc. and Scaliso LLC*
    55 W. Monroe, Suite 3200
7   Chicago, IL 60603
    Telephone: (312) 641-3200
8

9   *Co-Lead Settlement Class Counsel for the*
    *Proposed Class and Attorneys for Plaintiffs Pure*
10  *Sweat Basketball, Inc. and LittleHoots LLC*

11  [*Additional Counsel Listed on Signature Page*]

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-CV-05792-JD |
| 17 | **DEVELOPER PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL** |
| 18 | |
| 19 | Date:        May 18, 2023 |
| 20 | Time:        10:00 a.m.<br>Judge:       Hon. James Donato |
| 21 | Location:    Courtroom 11, 19th Floor |

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 18, 2023, at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, in the courtroom of the Honorable James Donato located at the Phillip Burton Federal Building and United States Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Developer Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 23, for final settlement approval. Developer Plaintiffs' Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities in Support of Motion, declarations filed in support thereof, the complete records and files of this action, all other matters of which the Court may take judicial notice, and any other such evidence and oral argument as may be made at the hearing of this matter.

Dated:  May 3, 2023                    Respectfully submitted,

By   */s/ Steve W. Berman*
       Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By *s/ Melinda R. Coolidge*
   Melinda R. Coolidge (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com
ydewald@hausfeld.com

Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Facsimile:  (415) 358-4980
kbates@hausfeld.com

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com


By    */s/ Eamon P. Kelly*
   Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, LLC**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Interim Co-Lead Class Counsel and Proposed
Settlement Class Counsel*

1

**TABLE OF CONTENTS**

2                                                                                                           <u>Page</u>

3    I.      PRELIMINARY STATEMENT ........................................................................... 1

4    II.     ARGUMENT .................................................................................................. 2

5           A.    The Settlement Is Fair, Reasonable, and Adequate ..................................... 2

6                  1.    The Approved Notice Plan Was Successfully Implemented......................... 3

7                        a.    Direct Notice ............................................................................... 3

8

9                        b.    Media Notice ............................................................................... 4

10                       c.    Console Notice by Google............................................................ 5

11                       d.    Settlement Website ...................................................................... 5

12                 2.    The Notice Campaign Satisfied Rule 23 and Due Process............................ 5

13                 3.    The Reaction of the Settlement Class Has Been
                        Overwhelmingly Positive. ..................................................................... 6

14          B.    The Proposed Settlement Class Satisfies Rule 23. ....................................... 7

15          C.    Angeion Is Prepared to Initiate the Preliminarily Approved Plan of
                  Distribution Should the Settlement Be Approved. ....................................... 7

16

17   III.    CONCLUSION ............................................................................................... 8

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

### **Cases**

4

*In re Anthem, Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018) ....................................................................5

5

6

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004)........................................................................2, 6

7

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ......................................................................2

8

9

*Epic Games, Inc. v. Apple, Inc.*,
   2023 WL 3050076 (9th Cir. 2023) ...............................................................2

10

11

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .....................................................................2, 7

12

*In re LinkedIn User Privacy Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015) ................................................................6

13

14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)................................................................7

15

16

*Norcia v. Samsung Telecomms. Am., LLC*,
   2021 WL 3053018 (N.D. Cal. July 20, 2021) .............................................6

17

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) .......................................................................5

18

19

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994) .......................................................................5

20

### **Statutes**

21

22

Sherman Act ...........................................................................................................2

### **Federal Rules**

23

24

Fed. R. Civ. P. 23 .............................................................................................1, 2, 5, 7

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     PRELIMINARY STATEMENT

On December 1 2022, this Court preliminarily approved Developer Plaintiffs' settlement with Google. *See* ECF No. 233. Pursuant to the Settlement, Google Play developers earning up to $2 million in annual revenues are entitled to direct distributions from a $90 million non-reversionary cash fund. The fund represents a substantial portion (36-38 percent) of the Settlement Class's single damages. Settlement Class Members[1] need not make a claim to receive a payment, and the individual payments will be substantial—from a minimum of $250 to amounts exceeding $200,000.

The Settlement also features injunctive relief that will deliver at least an additional $22 million in value to the Settlement Class. This includes forward-looking rate relief—specifically, the Settlement locks in Google's lower 15% service fee program through May 25, 2025 (with recognition that this litigation was a factor in the program's adoption)—along with reforms relating to app discoverability, steering, rival stores and improved transparency. *See* ECF No. 229 at 6-8, 13-15.

The Court preliminarily found the Settlement to be "fair, reasonable, and adequate pursuant to Rule 23(e)(2)," ECF No. 233 at 1, and the events since preliminary approval have only confirmed as much.

*First*, the Settlement Administrator ("Angeion") has executed the approved notice campaign and delivered direct notice (by email, mail, or both) to approximately 99% of the Settlement Class. Google provided further supplemental notice through the Google Play "console" developers access to manage their accounts—or by email (for developers who no longer have console access). And Angeion supplemented all this with a media and online campaign. Notice was thus more than adequate.

*Second*, and most critically, the Settlement Class's response has been remarkably positive. Angeion received zero objections and just 7 opt-out requests from the more than 47,000 members

---

[1] Capitalized terms not otherwise defined in this submission borrow the definitions set forth in the Amended Settlement Agreement. *See* ECF No. 229-1, Ex. B.

1  of the Settlement Class. That 99.9% of the Settlement Class has elected to participate in the

2  Settlement is a powerful indication that its terms are fair and reasonable.

3  *Third*, the risk of further litigation is more palpable than ever after *Epic Games, Inc. v.*

4  *Apple, Inc.*, 2023 WL 3050076 (9th Cir. 2023), where the Ninth Circuit upheld a trial judgment for

5  Apple on Sherman Act claims akin to those asserted against Google in this consolidated litigation.

6  The Ninth Circuit's decision does not foreclose recovery on the claims Developer Plaintiffs have

7  asserted. But it reinforces the legitimate risk that a litigated outcome could yield no recovery for

8  the Settlement Class. The Settlement, by contrast, provides substantial, assured relief.

9  Developer Plaintiffs respectfully request that the Court certify the proposed Settlement

10 Class and grant final approval.

11 **II.  ARGUMENT**

12 **A.  The Settlement Is Fair, Reasonable, and Adequate**

13 The law favors the settlement of class action lawsuits. *See, e.g., Churchill Vill., LLC v. Gen.*

14 *Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276

15 (9th Cir. 1992). And "the decision to approve or reject a settlement is committed to the sound

16 discretion of the trial judge because [the trial judge] is 'exposed to the litigants, and their strategies,

17 positions and proof.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

18 To grant final approval, Rule 23(e) requires the district court to determine whether the

19 proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Plaintiffs'

20 Preliminary Approval Motion (ECF No. 229) addressed all factors courts consider in making this

21 determination, including the factors listed in the Northern District of California's Procedural

22 Guidance for Class Action Settlements. Because the relevant facts generally have not changed

23 since preliminary approval, Plaintiffs will not burden the Court with a repetitive discussion of the

24 settlement terms and applicable fairness criteria. For a comprehensive discussion of those issues,

25 Developer Plaintiffs respectfully refer the Court to their Preliminary Approval Motion. *See* ECF

26 No 229.

27

28

1   The remainder of this submission instead addresses the execution of the notice plan and the

2   principal factor that could not be assessed at preliminary approval—the reaction of the Settlement

3   Class.

4   **1.       The Approved Notice Plan Was Successfully Implemented**

5   The multifaceted notice program was implemented in accordance with the notice plan

6   preliminarily approved by the Court. There were, in essence, four components to the notice plan—

7   direct notice, media notice, console notice, and the Settlement Website.

8   **a.       Direct Notice**

9   To effectively deliver direct notice, Angeion first compiled a "Class List" using data and

10  contact information supplied by Class Counsel and Google. *See* Declaration of Steven Platt of

11  Angeion Group Regarding Notice Implementation and Distribution Plan ("Platt Decl.") ¶¶ 9-11

12  (filed concurrently herewith). The Class List is comprised of 47,972 eligible accounts for

13  developers in the Settlement Class ("Developer Accounts"). *Id.* The Class List includes contact

14  information (emails, physical addresses and, when available, phone numbers) for each Developer

15  Account, as well as the settlement payment amount each Developer Account is entitled to receive

16  under the Settlement's pro rata allocation scheme. *See id.* ¶ 11.

17  Using the Class List, Angeion delivered direct notice through both email and physical mail.

18  Starting with email, Angeion worked with a network of data partners to update and verify email

19  addresses on the Class List. Through this process Angeion validated 45,703 email addresses

20  associated with 45,392 Developer Accounts (94.6% of all eligible Developer Accounts). *See id.*

21  ¶ 17. On January 30, 2023, Angeion sent the court-approved email notice ("Summary Email

22  Notice") to the 45,703 validated email addresses, using a variety of best practices to ensure

23  successful delivery. *See id.* ¶¶ 17-20. All told, Summary Email Notice was successfully delivered

24  to email addresses associated with 44,561 (92.9%) of the 47,972 eligible Developer Accounts. *See*

25  *id.* ¶ 21.

26  Angeion also delivered direct notice by physical mail ("Postcard Notice"). After verifying

27  and updating physical addresses using USPS and other databases, Angeion identified 47,285 valid

28  mailing addresses associated with 47,054 (98.1%) of the 47,972 eligible Developer Accounts. *See*

1    *id.* ¶ 22. On January 30, 2023, Angeion mailed the court-approved Postcard Notice to all 47,285

2    addresses via USPS first-class mail, postage prepaid. *See id.* ¶ 23. As of April 19, 2023, a total of

3    949 Postcard Notices had been returned undeliverable (after an initial remailing of Postcard

4    Notices that were not successfully delivered). In sum, the mailing campaign has resulted in a

5    presumed delivery rate of 91.1%. *See id.* ¶¶ 25-26.

6         Angeion followed up on its direct notice campaign by sending "reminder" notices, both by

7    email and physical mail, to all Settlement Class Members who had neither submitted a Payment

8    Selection Form[2] nor opted out of the Settlement. *See id.* ¶¶ 27-28. These reminders were sent on

9    March 13, 2023 (email) and March 30, 2023 (mail). *See id.*

10        All told, ***Angeion estimates that 99.3% of all Developer Accounts received direct notice by***

11   ***email, mail or both***. *See id.* ¶ 50.[3]

12                              **b.    Media Notice**

13        Angeion's notice campaign also featured media notice designed to reach the few Settlement

14   Class Members that may not have received direct notice by email or mail. In particular, Angeion

15   purchased online digital advertisements, targeting websites Settlement Class Members are most

16   likely to visit. *See id.* ¶¶ 35-36. Angeion also implemented a social media campaign on Twitter,

17   Facebook and Instagram, purchasing advertisements that ran nationwide and targeted

18   demographics and user segments most likely to be in the Settlement Class. *See id.* ¶ 37. To further

19   reach Settlement Class Members online, Angeion purchased search ads for terms associated with

20   the subject matter of the litigation. *See id.* ¶ 38.

21        This multidimensional media campaign was designed to deliver 1.5 million impressions,

22   and Angeion estimates that it exceeded expectations, yielding more than 1.6 million impressions to

23   date. *See id.* ¶ 39

24   _____

25        [2] The Payment Selection Form allows Settlement Class Members to elect a form of digital
     payment. The distribution plan contemplates that Angeion will send physical checks to Settlement
26   Class Members who do not submit a Payment Selection Form. *See supra* at § II.C.

27        [3] This is the "presumed" rate based on the current number of Postcard Notices returned
     undeliverable. Angeion does not anticipate that the final rate of delivery will decrease significantly
28   due to further returned Postcard Notices. *See id.* n.1.

### c.      Console Notice by Google

Google also provided supplemental notice through the online "console" Settlement Class Members access to manage their Google Play apps. Google reports that a console message was sent to 40,420 potential Settlement Class Members, with the console message triggering a corresponding email to these developers. An additional 7,525 potential Settlement Class Members lack console access (*e.g.*, due to a terminated account) but were still sent the corresponding notice email. *See id.* ¶ 40. In sum, Google was able to send console or email notice (or both) to all but 31 of the more than 47,000 potential Settlement Class Members Google identified. *See id.*

### d.      Settlement Website

All forms of notice directed interested parties to the Settlement Website, which contained the Long-Form Notice, contact information for Angeion (including a toll-free number) and other pertinent details related to the Settlement. Through the website, Settlement Class Members could view their estimated payment amount, contest that amount, and select a form of digital payment. The Settlement Website (like the notice documents) also included detailed instructions both for opting out of the Settlement and lodging objections. *See id.* ¶ 14. The Settlement Website received 107,118 page views from 43,358 unique users. *See id.* ¶ 15.

### 2.      The Notice Campaign Satisfied Rule 23 and Due Process

To satisfy Rule 23 and Due Process, notice "must be the best practicable, reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 329 (N.D. Cal. 2018) (internal quotation marks omitted). This does not require "actual notice to each individual class member." *Id.* (internal quotation marks omitted); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *see* Fed. R. Civ. P. 23(c)(2)(B), (e)(1)(B). Rather, the test is whether notice was reasonably calculated so as to "not systematically leave any group without notice." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

The notice campaign executed by Angeion comfortably meets this standard. With contact information for virtually the entire Settlement Class, and a host of verification tools at its disposal,

1    Angeion was able to provide direct notice to approximately 99% of the Settlement Class. Alone,

2    this may have been enough. But here it was combined with supplemental notice by Google through

3    the Google Play console, a robust media campaign, and a detailed Settlement Website. These

4    comprehensive efforts track the notice plan Angeion developed for a comparable developer

5    settlement with Apple. That notice campaign was deemed to "meet all applicable requirements of

6    due process." *See Cameron v. Apple Inc*., 19-cv-3074-YGR, ECF No. 491 at 7 (N.D. Cal. June 10,

7    2022) ("*Cameron*"). And the campaign here contains improvements, particularly the provision of

8    further supplemental notice through the Google Play console. The Settlement Class received

9    adequate notice.

10            **3.        The Reaction of the Settlement Class Has Been Overwhelmingly Positive.**

11            In approving class action settlements, courts often gauge the reaction of the class by

12    looking at the number of objections and opt-outs as compared to the overall size of the class.

13    *See*, *e.g.*, *Norcia v. Samsung Telecomms. Am., LLC*, 2021 WL 3053018, at *3 (N.D. Cal. July 20,

14    2021) (Donato, J) (approving settlement where single opt-out request and "only a single objection"

15    indicated "overall a positive response" despite 2.035% claims rate); *In re LinkedIn User Privacy*

16    *Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("A low number of opt-outs and objections in

17    comparison to class size is typically a factor that supports settlement approval."); *Churchill Vill.,*

18    361 F.3d at 577 (affirming settlement where 45 of approximately 90,000 class members objected).

19            Here, the Class List compiled by Angeion included 47,972 eligible Developer Accounts.

20    After the extensive notice campaign outlined above, only 7 Settlement Class Members have opted

21    out and these opt outs account for less than 0.005% of the Settlement proceeds.  *See* Platt Decl. ¶

22    42. No Settlement Class Member filed an objection to the Settlement. *See id.* ¶ 43.[4] No Settlement

---

        [4] One Class Member (Grace Tang) has requested, and was granted, leave to speak at the final
approval hearing. *See* ECF Nos. 245 & 248. Ms. Tang's request did not specify the particular
matters she wishes to address or state an objection to the Settlement. To the extent Ms. Tang raises
an objection, Class Counsel request an adequate opportunity to respond either at the hearing or, if
the matter requires further evaluation, with a subsequent written submission.

1  Class Member has objected to Developer Plaintiffs' Motion for Attorneys' Fees, Reimbursement of

2  Expenses and Service Awards ("Fee and Cost Motion"). *See id.* ¶ 44.[5]

By any standard, this is a positive response, and it serves to confirm that Settlement Class

4  Members perceive the Settlement to be fair and reasonable. *See Nat'l Rural Telecomms. Coop. v.*

5  *DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of

6  objections to a proposed class action settlement raises a strong presumption that the terms of a

7  proposed class settlement action are favorable to the class members."); *see Cameron,* ECF No. 491

8  at 9 (in comparable settlement with Apple, 13 opt-outs and only 1 objection indicated "entirely

9  positive" reaction from class and supported approval).

10  **B.      The Proposed Settlement Class Satisfies Rule 23.**

11  For final approval of a class action settlement, the proposed settlement class also must

12  satisfy the Rule 23(a) requirements referred to as numerosity, commonality, typicality, and

13  adequacy of representation. Additionally, the proposed class must meet one of the Rule 23(b)

14  requirements. *See Hanlon*, 150 F.3d at 1019-1022. Plaintiffs seek certification of the proposed

15  Settlement Class pursuant to Rule 23(b)(3). In the Preliminary Approval Motion, Plaintiffs

16  discussed at length why the Settlement Class should be certified. *See* ECF No. 229 at 21-24.

17  Because the facts relevant to certification have not changed, and no Settlement Class Member has

18  objected to certification of the proposed Settlement Class (or otherwise), Plaintiffs do not repeat

19  that discussion here.

20  **C.      Angeion Is Prepared to Initiate the Preliminarily Approved Plan of Distribution
21  Should the Settlement Be Approved.**

22  If final approval is granted, Angeion is prepared to execute the distribution plan initially

23  proposed and preliminarily approved. The full distribution plan is detailed in the Preliminary

---

[5] *See* ECF Nos. 240 and 243. The deadline for objections to the Fee and Cost Motion was
extended until May 8, 2023. To the extent objections are lodged after this submission's date,
Developer Plaintiffs will, in accordance with the Court's directions, address those objections in a
supplemental filing to be filed on or before May 12, 2023. *See* ECF No. 247.

Approval Motion and supporting papers (*see* ECF No. 229 at 10-11; ECF No. 229-2 at ¶¶ 39-44), and Developer Plaintiffs outline here only the essentials:

- Settlement Class Members who elected a digital payment in the notice process (PayPal, Venmo or virtual prepaid card) will receive a digital payment in their chosen form.

- Settlement Class Members who did not elect a digital payment will automatically be issued a physical check for their payment amount. Checks will be directed to the addresses Google maintains for Settlement Class Members and, as part of the notice process, Settlement Class Members were given an opportunity to correct any incorrect addresses or misidentified payment recipients.

- Before sending checks exceeding $20,000, Angeion will use reasonable efforts to contact the intended recipients to ensure secure delivery, a process Angeion has already begun. *See* Platt Decl. ¶ 31.

- To endorse a check or redeem a digital payment online, Settlement Class Members will be required to certify their membership in the Settlement Class.

- After the initial distribution, Angeion will implement a telephone outreach campaign to encourage Settlement Class Members to deposit uncashed checks.

- Checks uncashed after six months will be cancelled and Class Counsel will submit for Court approval a plan for a second round of distribution.

- Any funds remaining after the second distribution will be provided to Code.org.

*See* ECF No. 229 at 10-11; ECF No. 229-2 at ¶¶ 39-44.[6]

### III.   CONCLUSION

For these reasons, Developer Plaintiffs respectfully request that the Court certify the proposed Settlement Class and approve the Settlement.

---

[6] To facilitate prompt distributions, and compliance with all reporting requirements, Developer Plaintiffs have (by stipulated motion) requested an order authorizing Google to release taxpayer identification numbers to Angeion. *See* ECF No. 251.

DEVELOPER PLS.' MOT. FOR FINAL SETTLEMENT APPROVAL - 8
Case No. 3:20-CV-05792-JD
010803-11/2243809 V1

DATED: May 3, 2023

HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

By *s/ Melinda R. Coolidge*
Melinda R. Coolidge (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com
ydewald@hausfeld.com

Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Facsimile:  (415) 358-4980
kbates@hausfeld.com

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com

By ___*/s/ Eamon P. Kelly*_____
    Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, LLC**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Interim Co-Lead Class Counsel and Proposed
Settlement Class Counsel*