1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO DIVISION

11   IN RE GOOGLE PLAY DEVELOPER          Case No. 3:20-CV-05792-JD
     ANTITRUST LITIGATION
12                                        **[PROPOSED] ORDER GRANTING
                                          DEVELOPER PLAINTIFFS'**
13                                        **MOTION FOR FINAL
                                          SETTLEMENT APPROVAL**
14

15
                                          Hon. James Donato
16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter has come before the Court to determine whether there is any cause why this

2    Court should not approve the Developer Plaintiffs' ("Plaintiffs") settlement with Defendants

3    Google LLC, Google Ireland Ltd., Google Commerce Ltd., Google Asia Pacific Pte. Limited, and

4    Google Payment Corp. ("Google"). The Court, having reviewed Plaintiffs' Motion for Final

5    Settlement Approval ("Motion"), the Amended Settlement Agreement, the pleadings and other

6    papers on file in this action, the statements of counsel and the parties, and all statements made at

7    the final approval hearing, hereby finds that the Amended Settlement Agreement should be

8    approved. Accordingly, the Court enters this Order of Final Approval.

9    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

10        1.    The Court has jurisdiction over the subject matter of this litigation, and all actions

11    within this litigation (collectively, the "Action") and over the parties to the Amended Settlement

12    Agreement, including all members of the Settlement Class, as defined below, and Defendant

13    Google.

14        2.    For purposes of this Order, except as otherwise set forth herein, the Court

15    incorporates the definitions contained in the Amended Settlement Agreement and Release

16    ("Amended Settlement Agreement"). *See* ECF No. 229-1, Ex. B. The Court hereby finally

17    approves and confirms the settlement set forth in the Amended Settlement Agreement, and finds

18    that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class

19    pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the

20    factors enumerated in Rule 23(e)(2).

21        3.    The following class ("Settlement Class") is certified for settlement purposes only,

22    pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All former or current U.S. Developers that meet each of the following
> criteria: (a) sold an application or in-app product (including
> subscriptions) for a non-zero price between August 17, 2016 and
> December 31, 2021; (b) paid Google a service fee greater than 15% on
> at least one such transaction between August 17, 2016 and December
> 31, 2021; and (c) earned Proceeds between U.S. $0 and U.S.
> $2,000,000.00 through Google Play in every calendar year between
> and inclusive of 2016 and 2021.  Solely for Settlement Class definition
> purposes, the 2016 calendar year shall consist of August 17, 2016

through December 31, 2016. Additionally and notwithstanding the foregoing, excluded from the Settlement Class are (a) directors, officers, and employees of Google or its subsidiaries and affiliated companies, as well as Google's legal representatives, heirs, successors, or assigns; (b) the Court, the Court staff, as well as any appellate court to which this matter is ever assigned and its staff; (c) Defense Counsel, as well as their immediate family members, legal representatives, heirs, successors, or assigns; (d) any Developers who validly request exclusion ("opt out") from the Settlement Class; and (e) any other individuals or entities whose claims already have been adjudicated to a final judgment.

4.    The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

(a) there are at least tens of thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable;

(b) there are questions of law and fact common to the Settlement Class which predominate over individual issues;

(c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class;

(d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

(e) resolution through class settlements is superior to individual settlements.

5.    The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP, Sperling & Slater, LLC, and Hausfeld LLP are appointed as Settlement Class Counsel, and that the named Plaintiffs, Pure Sweat Basketball, Inc., LittleHoots,

1    LLC, Peekya App Services, Inc., and Scalisco LLC, are appointed to serve as the Class

2    Representatives on behalf of the Settlement Class.

3          7.      Plaintiffs' notice of the Settlement to the Settlement Class was the best notice

4    practicable under the circumstances. The notice satisfied due process, provided adequate

5    information to the Settlement Class of all matters relating to the Settlement, and satisfied the

6    requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

7          8.      Certain members of the Settlement Class timely and validly requested exclusion

8    from the Settlement Class, and therefore they are excluded from the Settlement Class. These

9    persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities

10   are not included in or bound by this Order as it relates to the Settlement for which they opted out.

11   Such persons and entities are not entitled to any recovery of the settlement proceeds obtained

12   through this Settlement.

13         9.      Without affecting the finality of this Order in any way, this Court hereby retains

14   continuing, exclusive jurisdiction over the settlement and the Amended Settlement Agreement,

15   including:

16              (a)  implementation of the settlement and Amended Settlement Agreement;

17              (b)  disposition of the Settlement Fund and distribution to members of the

18                   Settlement Class pursuant to further orders of this Court;

19              (c)  determining service awards and attorneys' fees, costs, expenses, and interest;

20              (d)  the Action until Final Judgment contemplated hereby has become effective

21                   and each and every act agreed to be performed by the parties all have been

22                   performed pursuant to the Amended Settlement Agreement;

23              (e)  hearing and ruling on any matters relating to the plan of allocation of

24                   settlement proceeds;

25              (f)  all parties to the Action and Released Parties, for the purpose of enforcing

26                   and administering the Amended Settlement Agreement and the mutual

27                   releases and other documents contemplated by, or executed in connection

28                   with, the Amended Settlement Agreement; and

(g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

10.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Defendant Google ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the Amended Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

1

## EXHIBIT A – VALID EXCLUSION REQUESTS

| No. | Party |
|-----|-------|
| 1 | Applied Vanilla Studios |
| 2 | Granite Nutrition LLC |
| 3 | Val-U-Pro Consulting Group |
| 4 | Phantomalert Inc. |
| 5 | Fotoborn Media |
| 6 | Brainstorm Games LLC |
| 7 | Seeds Software |