Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
SPERLING & SLATER LLC
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200

*Co-Lead Settlement Class Counsel for the Proposed Class and Attorneys for Plaintiffs Pure Sweat Basketball, Inc. and LittleHoots LLC*

Melinda R. Coolidge (*pro hac vice*)
mcoolidge@hausfeld.com
HAUSFELD LLP
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200

*Co-Lead Interim Class Counsel for the Proposed Class and Attorneys for Plaintiffs Peekya App Services, Inc. and Scaliso LLC*

[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION | Case No. 3:20-CV-05792-JD<br><br>**DEVELOPER PLAINTIFFS' RESPONSE TO SETTLEMENT OBJECTION**<br><br>Date: June 8, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Location: Courtroom 11, 19th Floor |

Case 3:20-cv-05792-JD   Document 256   Filed 05/30/23   Page 2 of 7

## I. PRELIMINARY STATEMENT

Developer Plaintiffs submit this response to the Settlement objection filed by Grace Tang. *See* ECF No. 253. Of the 47,972 developers in the Settlement Class, Ms. Tang is the only one to submit an objection. In addition to being untimely, Ms. Tang's objection does not impugn the adequacy or fairness of the Settlement, as addressed below. Respectfully, the objection should be overruled and the Settlement should be approved.

## II. ARGUMENT

**A.  Ms. Tang's Objection is Not Timely.**

Pursuant to this Court's schedule, any objections to the Settlement needed to be submitted in writing by April 5, 2023 (125 days from preliminary approval Order). *See* ECF No. 233 at ¶ 17; *see also id.* at ¶ 7 (approving notice forms). While Ms. Tang's objection is dated April 4, 2023, it contains information downloaded from the internet on May 1, 2023 (ECF No. 253 at 14), and it was not filed until May 8, 2023 (ECF No. 253-2).

**B.  Ms. Tang Has Not Shown the Settlement to be Inadequate or Unfair.**

In all events, the arguments Ms. Tang raises in her submission should be overruled.

*First*, most of the issues Ms. Tang raises do not concern the subject matter of this litigation or the Settlement. Ms. Tang contends, for example, that Google took a range of actions against her individually, including (a) improperly suspending her apps and configuring search results to suppress them; (b) using Gmail to filter her emails; and (c) blacklisting her business domain name. *See* ECF No. 253 at 2-4. Ms. Tang also contends that Google improperly collects data with Google Analytics (*id.* at 3-6) and publishes Android apps in a manner that leaves them susceptible to tampering by Google or people with access to its servers (*id.* at 7-15).

Developer Plaintiffs can discern no nexus between these allegations and the monopolization and tying claims asserted in this litigation. That Ms. Tang may have additional grievances with Google does not suggest any shortcoming in this Settlement, which is all that need be assessed at this juncture. To the extent Ms. Tang wishes to pursue her unrelated allegations, nothing in the Settlement or its release would prevent her from doing so. *See* ECF No. 229-1, Ex. B at § 14.1

1   (limiting release to claims "that were brought, could have been brought, or arise from the same
2   facts underlying the claims asserted in the Action").

3     *Second,* to the extent Ms. Tang challenges Google's alleged monopolization and tying
4   conduct, she does not articulate how (if at all) the Settlement is inadequate or unfair as to those
5   claims.  For example, Ms. Tang asserts that Google monopolizes Android app distribution in part
6   through restrictions imposed on OEMs.  *See* ECF No. 253 at 17.  Developer Plaintiffs agree.  But
7   every settlement is, by definition, a compromise and the burden is on objectors to demonstrate that
8   the relief secured is inadequate.  *See United States v. State of Or.*, 913 F.2d 576, 581 (9th Cir.
9   1990) ("[W]e have usually imposed the burden on the party objecting to a class action
10  settlement.").

11    Ms. Tang has not made that showing, and respectfully, Developer Plaintiffs do not believe
12  that showing could be made.  As addressed elsewhere in greater detail, the Settlement secures a
13  high percentage of the Settlement Class's single damages—36 to 47 percent—in the face of
14  substantial risks.  *See* ECF No. 229 at 13-15.  That is (more than) adequate relief.  And the
15  Settlement's pro rata allocation formula distributes it equitably.  *See In re: Cathode Ray Tube*
16  *(CRT) Antitrust Litig.*, 2015 WL 9266493, at *8 (N.D. Cal. Dec. 17, 2015) (pro rata distribution
17  "has frequently been determined to be fair, adequate, and reasonable").  Ms. Tang does not contend
18  otherwise.

19    *Third*, Developer Plaintiffs respectfully disagree with Ms. Tang's contention that certain
20  statements in the Settlement Agreement are "fraudulent"—namely, (a) § 2.7 and (b) the release.
21  *See* ECF No. 253 at 9, 16.

22    Section 2.7 addresses features of Android 12 (released October 4, 2021) that facilitate auto
23  updates to apps downloaded outside the Google Play store.  This was an important development.
24  Developer Plaintiffs alleged in their Complaint that one way Google maintains its monopoly is by
25  preventing auto updates to apps downloaded outside the Google Play store.  *See* ECF No. 179 ¶¶
26  143, 147.  As part of the Settlement, Google acknowledged that this litigation was a factor in
27  modifications to Android 12 that facilitate such auto updates, and Google further agreed to
28  maintain this aspect of Android 12 for at least three years.  *See* ECF No. 229-1, Ex. B §§ 2.7, 5.2.3.

DEVELOPER PLS.' RESPONSE TO SETTLEMENT OBJECTION - 2
Case No. 3:20-CV-05792-JD
010803-11/2243809 V1

1   This structural relief makes Android app distribution more competitive, as one named Plaintiff has
2   explained. *See* ECF No. 218-5 at ¶ 7 ("LittleHoots has updated its Android app on several
3   occasions, and the ability to push auto updates to users is valuable because it ensures that users are
4   utilizing the most recent (and typically most functional) version of the app. I believe that the ability
5   to auto update apps downloaded from stores other than Google Play will make those stores more
6   attractive distribution outlets for developers.").

7        Ms. Tang contends that auto updates (outside of Google Play) can make Android less
8   secure, and that the settlement falsely represents that this feature will not "'compromise the safety
9   measures Android has in place.'" ECF No. 253 at 9 (quoting Amended Settlement Agreement §
10  2.7). Ms. Tang's particular concern appears to be that Google will purposefully (or negligently)
11  allow Android apps to be tampered with prior to publication and that malware will be pushed to
12  users through auto-updates. *See id.* at 10-11. Ms. Tang does not, however, supply any reason to
13  believe this will in fact occur, much less on third-party app stores. Nor has Ms. Tang identified
14  any actual security breach arising from the auto-update features of Android 12. Developer
15  Plaintiffs are aware of none. Nor have other developers raised concerns comparable to Ms. Tang's.
16  Indeed, the auto-update features of Android 12 were brought about, in part, because developers
17  requested them.

18       Regardless, there is no statement of fact in the Settlement that could be fraudulent on this
19  issue, or otherwise militate against Settlement approval. The passage in § 2.7 Ms. Tang highlights
20  merely recounts an announcement that Google made in September 2020 regarding the auto-update
21  features of Android 12. The Settlement accurately recounts that announcement.[1]

---

[1] *Compare* Amended Settlement Agreement § 2.7 ("Google had previously announced, in September 2020, that Android 12 would include certain changes Google believes make it even easier for people to use other app stores on their mobile devices while being careful not to compromise the safety measures Android has in place."); *with* https://android-developers.googleblog.com/2020/09/listening-to-developer-feedback-to.html (September 2020 Google announcement that "we will be making changes in Android 12 (next year's Android release) to make it even easier for people to use other app stores on their devices while being careful not to compromise the safety measures Android has in place").

1       Ms. Tang also contends that the Settlement's release is "misleading and fraudulent"
2   because it purportedly would release Google from liability arising from its app publishing
3   procedures, which, according to Ms. Tang, "could cause massive manipulation and malware
4   contamination of many important Android applications." *See* ECF No. 253 at 16.  It is unclear how
5   the scope of the Release could make it fraudulent, but regardless, Ms. Tang is mistaken.  Again, the
6   Settlement's release properly extends only to claims "that were brought, could have been brought,
7   or arise from the same facts underlying the claims asserted in the Action."  ECF No. 229-1, Ex. B
8   at § 14.1; *see also Hesse v. Sprint Corp.,* 598 F.3d 581, 590 (9th Cir. 2010) (release may extend to
9   "claims not alleged in the underlying complaint where those claims depended on the same set of
10  facts as the claims that gave rise to the settlement").  Ms. Tang's unrelated claims regarding
11  potential app tampering, as Developer Plaintiffs understand them, are not subject to the
12  Settlement's release.

13  **C.    Developer Plaintiffs Have No Objection to Ms. Tang Opting Out of the Settlement and Have Extended that Opportunity.**

15      Ms. Tang's objection to the Settlement is in part styled as a complaint, *see* ECF No. 253 at
16  19-28, making it unclear (from the face of the document) whether Ms. Tang's intent was to object
17  or opt out.  Although the deadline for exclusion passed on April 5, 2023, Developer Plaintiffs have
18  no objection to Ms. Tang opting out of the Settlement, nor does Google, subject to the Court's
19  authorization.  Class Counsel contacted Ms. Tang twice in March 2023 to answer any questions she
20  may have had about the Settlement and/or the process of opting out or objecting, and again on May
21  16, 2023 after reviewing her written submission.  Class Counsel also conveyed on May 16 that Ms.
22  Tang could exclude herself from the Settlement Class notwithstanding that she filed her submission
23  after the deadline for exclusion.  Ms. Tang stated that she intends to pursue her objection and
24  remain in the Settlement Class.  Should Ms. Tang wish to change her election and exclude herself
25  from the Settlement, Developer Plaintiffs would have no objection to her doing so, provided she
26  makes that election prior to any Order approving the Settlement.

### III. CONCLUSION

For these reasons, Developer Plaintiffs respectfully request that the Court overrule Ms. Tang's objection and approve the Settlement.

DATED: May 30, 2023

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By  */s/ Steve W. Berman*
  Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

By *s/ Melinda R. Coolidge*
Melinda R. Coolidge (*pro hac vice*)
Yelena W. Dewald (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com
ydewald@hausfeld.com

Kyle Geoffrey Bates (SBN 299114)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908 (main)
Facsimile:  (415) 358-4980
kbates@hausfeld.com

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com

By ___*/s/ Eamon P. Kelly*___
    Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, LLC**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile:  (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Interim Co-Lead Class Counsel and Proposed Settlement Class Counsel*