Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER, LLC**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Settlement Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc. and LittleHoots LLC*

Melinda R. Coolidge (*pro hac vice*)
mcoolidge@hausfeld.com
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7144

*Co-Lead Counsel for the Settlement Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION** | Case No. 3:20-cv-05792-JD<br><br>**UPDATE TO THE COURT REGARDING SETTLEMENT DISTRIBUTION** |

In advance of the November 14, 2024 conference before the Court regarding the Developer Plaintiffs' settlement with Google, Developer Plaintiffs submit this update to the Court regarding the distribution of settlement payments to the settlement class. Payments have been sent to 96% of class members, and these payments account for 80% of the distributable Settlement Fund. As of November 5, 2024, 51% of class members have deposited their check (or received an electronic payment). As described below, efforts are underway to attempt to contact the remaining class members to encourage them to deposit their payments. In addition to counsel for the Developer Plaintiffs ("Class Counsel"), a representative from Angeion Group, the Settlement Administrator, will attend the conference and be available to address any questions the Court may have on settlement administration.

**A. Settlement Class Members Who Have Contacted the Court**

Two class members contacted the Court regarding their settlement distributions. Both have now received their distributions. One of these class members, Rachelle Cassano, contacted the Court on behalf of her husband Nathan Cassano and class member Resolute Ventures. Upon receiving Ms. Cassano's inquiry, Class Counsel coordinated with the Settlement Administrator and determined that Resolute Ventures had not received a settlement distribution because the class member did not provide the Settlement Administrator with required tax information that had been requested of them.[1] Mr. Cassano has now provided that information, and as of November 5, 2024, Mr. Cassano's check on behalf of Resolute Ventures has cleared.[2]

The other class member who contacted the Court, Anthony Stivers, did not receive his settlement distribution because his check was sent to a prior address, and not the updated address he

---

[1] As previously noted, for tax reporting purposes, the Settlement Administrator requires taxpayer identification numbers for class members entitled to receive payments of $600 or more. *See* ECF No. 251 at 2.

[2] Ms. Cassano's message to the Court indicates that she "can not [sic] get ahold of the class action lawyers." While Ms. Cassano has previously communicated with the Settlement Administrator, Class Counsel has not located any record of Ms. Cassano contacting Class Counsel.

included on his payment selection form. Immediately after being contacted by Mr. Stivers,[3] Class Counsel worked with the Settlement Administrator to resolve this issue, and Mr. Stivers confirmed receipt of his settlement distribution on October 15, 2024. In resolving Mr. Stivers' issue, Class Counsel and the Settlement Administrator discovered that 422 class members (less than 1% of the settlement class) did not receive their distributions because, due to a processing error, checks were sent to a prior address. The Settlement Administrator has now corrected the processing error and re-issued these checks to the class members' current addresses.

Upon review of the correspondence submitted to the Court, Class Counsel has also worked with the Settlement Administrator to improve follow-up and ensure that class member inquiries are promptly addressed and escalated to senior project managers, and Class Counsel, when appropriate. As part of this effort, the Settlement Administrator has committed to implement the following measures to enhance responsiveness:

(1) Provide supplemental training to customer service and project management team members on how to handle common inquiries, including check reissuance requests, name changes, W9 requests for tax id information, and documents supporting settlement claims.

(2) Implement a reporting system that identifies class members who have made three or more inquiries to the Settlement Administrator's customer service email or toll-free number, coupled with an automatic escalation process to alert senior project managers, and Class Counsel, to the issues any such class members have raised.

(3) Review historical correspondence from any class member from which the Settlement Administrator received 3 or more inquiries since the date of distribution to verify whether the class member's inquiry was fully resolved or potentially remained open. For any potentially

---

[3] Class Counsel was first contacted by Mr. Stivers on October 4, 2024, the same date Mr. Stivers emailed the Court.

open issues, the Settlement Administrator will attempt to follow up through email and other means in an effort to ensure that any outstanding issues are addressed.

**B. General Update Regarding Settlement Distribution**

Since final approval of the settlement, Class Counsel and the Settlement Administrator have implemented the court-approved distribution procedures. At the Court's direction, contact and tax information maintained by Google was used to deliver payments directly to settlement class members without any requirement that they submit a claim. The vast majority (96%) of settlement class members were issued a direct payment in this fashion. Settlement class members had the option to elect digital payment, via PayPal, Venmo, or a virtual prepaid card, by verifying their membership in the settlement class. If no digital payment was elected, the Settlement Administrator distributed physical checks to the legal entity and legal address that Google maintained for the relevant settlement class member.

For the remainder of the settlement class (4%), Google did not maintain sufficient contact or tax information to issue a payment. These outstanding payments constitute $11,415,392.70, or 20% of the amount available for distribution. With respect to these class members, the Settlement Administrator has been conducting outreach, including emailed and mailed requests to obtain the payment, mailing, and tax information necessary to issue payments. To date, this has consisted of 3,871 email transmissions and 1,514 mailed requests. Class Counsel has also personally attempted to contact certain class members to try to secure the required information. Further, the Settlement Administrator has received accounting guidance that will allow the Administrator to send checks, even without tax identification information, so long as the Administrator withholds and remits tax payments to the relevant tax authorities. The Settlement Administrator intends to pursue this method for any payments that are less than a $10,000 threshold. For payments above this threshold, the Settlement Administrator and Class Counsel will continue to endeavor to contact the impacted class members. This will include

the Settlement Administrator attempting to call every class member with a listed phone number who has an outstanding settlement distribution of more than $10,000.

In addition, the Settlement Administrator is conducting outreach efforts to encourage class members who received checks to cash those checks. As of November 5, 2024, 24,481 class members, or 51% of the class, have been successfully paid (meaning they requested and received an electronic payment or they deposited their checks). These payments constitute $30,991,123.90, or 53% of the amount available for distribution. Settlement checks have been issued, but not yet cashed, by 21,449 class members (45% of the class). These payments constitute $15,383,716.40, or 27% of the amount available for distribution. The Settlement Administrator has emailed, mailed, and made phone calls to class members with uncashed checks to encourage them to cash checks or assist them in requesting a new payment. These efforts to date have included 24,466 check-cashing reminder emails, 22,261 check-cashing reminder postcards, and 6,588 phone calls to class members with uncashed settlement checks. Class Counsel has also personally attempted to contact certain of these class members, using the contact information Google provided, as well as conducting independent research to attempt to locate them.

**C. Second Round of Distributions**

Pursuant to the distribution plan submitted to the Court in connection with settlement approval, settlement checks expire six months from issuance and the uncashed funds are to be "redistributed pursuant to a plan that will be devised by the Parties, with Angeion's assistance, and submitted to the Court for approval." ECF No. 229-2 ¶ 44. The first distribution of settlement checks will expire on December 12, 2024, and Class Counsel is working with the Settlement Administrator to devise a proposed plan for redistribution. Given the substantial size of class member payments in this case and the Settlement Administrator's ongoing efforts to encourage check cashing, Class Counsel believes that continued outreach is appropriate before uncashed settlement payments are redistributed.

Accordingly, in addition to continuing check-cashing outreach through the December 12 check expiration date, Class Counsel's proposal for redistributions may incorporate additional time for settlement class members to receive a reissued check and redeem their initial payment.

In accordance with the distribution plan, any redistribution protocol will be submitted for the Court's approval. To the extent the Court has any questions on redistribution, Class Counsel will be prepared to address them at the November 14 hearing and, as always, any guidance from the Court is appreciated.

Dated: November 12, 2024

Respectfully submitted,

By   */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com
benh@hbsslaw.com

By *s/ Melinda R. Coolidge*
Melinda R. Coolidge (*pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile: (202) 540-7201
mcoolidge@hausfeld.com

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile: (215) 985-3271
kberan@hausfeld.com

Scott A. Martin (*pro hac vice*)
Irving Scher (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100 (main)
Telephone: (646) 357-1195 (direct)
Facsimile: (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com


By   */s/ Eamon P. Kelly*
     Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING & SLATER, P.C.**
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Telephone: (312) 676-5845
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
arodriguez@sperling-law.com

*Co-Lead Class Counsel*