Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING KENNY NACHWALTER LLC**
321 N Clark, Suite 2500
Chicago, IL 60654
Telephone: (312) 641-3200

*Co-Lead Counsel for the Settlement Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc. and LittleHoots LLC*

Melinda R. Coolidge (*pro hac vice*)
mcoolidge@hausfeld.com
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7144

*Co-Lead Counsel for the Settlement Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:20-cv-05792-JD<br><br>**DEVELOPER PLAINTIFFS' MOTION FOR FURTHER DISTRIBUTION OF UNCLAIMED SETTLEMENT FUNDS AND FOR REFERRAL OF CLASS MEMBER DISPUTE**<br><br>Hrg. Date:   January 8, 2025<br>Hrg. Time:   10:00 a.m.<br>Location:    Courtroom 11, 19th Floor<br>Judge:       Hon. James Donato |

## INTRODUCTION

In furtherance of the administration of the Settlement in this case that received final approval on January 11, 2024 (ECF No. 269), and as previewed in their October 31, 2025 Status Report (ECF No. 286), Counsel for the Developer Plaintiffs ("Class Counsel") hereby move for 1) authorization consistent with the approved Settlement Agreement to distribute unclaimed Settlement Funds to Class Members by making second distribution to Class Member that were successfully issued payment; 2) reserve Settlement Funds to pay claims of JiroLabs LLC; and 3) the referral to a Magistrate Judge for an informal conference to attempt to resolve disputes related to JiroLabs' claim and make a recommendation, if any, regarding further payments to JiroLabs.

## FACTUAL BACKGROUND

In May of 2022 Developer Plaintiffs, represented by Co-Lead Counsel, reached a settlement on behalf of the Settlement Class. ECF No. 208. The Settlement included certain non-monetary relief provided by Google as well as $90 million of monetary relief to be paid directly to the nearly 48,000 Settlement Class members. ECF No. 218 at 1-2. The Settlement was preliminarily approved in December 2022, ECF No. 233, and Angeion Group LLC ("Angeion") was appointed to supervise and administer class notice and the distribution of the Settlement. *Id*. The Settlement was finally approved in January 2024. ECF No. 269.

As described in Co-Lead Counsel's reports of November 12, 2024 (ECF No. 275), December 16, 2024 (ECF No. 277), and October 31, 2025 (ECF No. 286), Co-Lead Counsel and Angeion at the Court's direction continued to iterate and improve distribution to class members pursuant to plan approved by the Court—including multiple rounds of phone and email follow up contact to certain class members; issuing direct payments by electronic funds transfer using Google's account information and issuing second checks with enhanced graphics. As a result, Angeion has successfully paid 35,463 (74%) Settlement Class Members a total of $48,167,094.71 (83%) as of November 19, 2025.[1] At this point, pursuant to the approved Settlement Agreement

---

[1] *See* Declaration of Steven Platt Re: Supplemental Post Distribution Accounting and Proposal for Second Round Distribution ("Platt Decl."), ¶ 4, filed concurrently herewith.

010803-11/3355952 V1

and Section 6.2.3 explicitly, Angeion seeks permission to distribute remaining funds—$9,623,138.28—as second round of distributions to Class Members that were successfully paid during the first round. Co-Lead Counsel agree and believe the most equitable means of continuing to maximize relief to the Settlement Class is to conduct an additional distribution to participating Settlement Class Members.[2]

Co-Lead Counsel also propose to reserve funds to (1) to make distribution to any Class Members that request a distribution and did not successfully deposit their first round payments despite Angeion's prior outreach and efforts and (2) to make a further distribution to JiroLabs, a Settlement Class member about which a dispute has arisen between the current and former owners of JiroLabs as to which one is entitled to the Settlement payment associated with that developer. Although it appears that the prior owner was not authorized to submit the Payment Election Form that caused payment to be directed to him, it remains unclear which entity is actually entitled to the Settlement payment or whether it should be apportioned between current and former owners in some way.[3]

## ARGUMENT

### I. A Second Distribution Of Unclaimed Funds Is Economically Feasible And Appropriate

Angeion, assisted by Co-Lead Counsel, has executed the notice and administration campaign to date. Between proactive follow-up and this Court's order facilitating direct electronic payments by ordering Google to provide Class Members bank account information, a high payment rate has been achieved: 74% of Settlement Class Members received their payment representing payment of 83% of the available Settlement funds. At this point, only $9,623,138.28 in Settlement funds remain unclaimed (the "Unclaimed Settlement Funds"). *See* Platt Decl., ¶ 5. Angeion and Co-Lead counsel recommend that the Unclaimed Settlement Funds should be distributed to Class

---

[2] Co-Lead Counsel informed counsel for Google that they intended to seek this relief before filing the instant Motion.

[3] *See* Decl. of Steven Platt Re: ACH Distribution, Class Counsel's Plan to Improve Settlement Administration and Distribution and Post Distribution Accounting, filed Oct. 31, 2025, ECF No. 286-1, ¶ 7.

-2-

Members that have been successfully paid during the first round. Given the size of the Unclaimed Settlement Funds, Angeion believes it would be economically feasible to conduct another round of settlement distributions to participating Settlement Class members (*i.e.* Settlement Class members who redeemed their initial payment). Platt Decl., ¶ 7. Angeion estimates that this would result in an average second round settlement award of $269.48 to be issued to the participating Settlement Class Members from the first round of distributions. *Id.* This calculation includes accrued interest, which will be disbursed to the benefit of the Settlement Class.

On the other hand, given the extensive efforts made to pay all Settlement Class members, Angeion does not believe further large-scale, organizational efforts to continue first-round distributions would be cost-effective. *Id.*, ¶ 6. However, it is possible that some Settlement Class members may still come forward and seek to redeem their initial Settlement payment after the Unclaimed Settlement Funds are allocated for re-distribution. If so, Co-Lead Counsel would like to reserve at least some Settlement funds to pay those Settlement Class members even if the requests are untimely. Additionally, and as described more fully in the October 31, 2025 Steven Platt Declaration (ECF No. 286-1), there is a single dispute over entitlement to a Settlement payment to JiroLabs that remains pending. As such, Angeion recommends that a reserve fund in the amount of $300,000.00 be held back from the Unclaimed Settlement Funds to be the subject of the second-round distribution in order to make further payments to Settlement Class members and potentially the disputed JiroLabs LLC claim (the "Reserve Fund"). Co-Lead Counsel agrees on both fronts.

For these reasons, Co-Lead counsel and Angeion request that the Court authorize Angeion to disburse the Unclaimed Settlement Funds in a second round of distributions to participating Settlement Class members while retaining the Reserve Fund.

## II.    Referral of JiroLabs' Claim To A Magistrate Judge Is Warranted.

As introduced above and in paragraph 7 of the October 31, 2025 Steven Platt Declaration (ECF No. 286-1), the settlement award payable to JiroLabs LLC, a developer and member of the Settlement Class, was paid to the former owner N.P. at the former owner's direction. Based on information now known to Co-Lead Counsel, we do not believe the former owner was authorized

010803-11/3355952 V1

to direct the payment of JiroLabs' claim to his account. It remains unclear, however, whether the former owner is ultimately entitled to some or all of the Settlement Payment and what impact, if any, the sale of JiroLabs (and the rights set forth in transaction-related documents) may have. For its part, JiroLabs and its current owner assert that the Administrator erred in paying funds to the personal PayPal account of its former owner, and that it is entitled to full distribution from the Settlement Fund and has not received such funds. Alternatively, JiroLabs argues the Settlement Administrator and Co-Lead Counsel are liable to pay them the funds, for failing to fulfill fiduciary duties to JiroLabs. The Settlement Administrator and Co-Lead Counsel disagree with those assertions.

Co-Lead Counsel recommend the Court refer this matter to a Magistrate Judge for an informal conference to help address these disputes and as necessary to make further recommendations. Counsel for JiroLabs former owner agreed to referral to a magistrate judge for this purpose. JiroLabs opposes referral to a magistrate judge and respectfully submits a separate statement of its position attached as Exhibit A to the Declaration of Ben M. Harrington in Support of Developer Plaintiffs' Motion for Further Distribution of Unclaimed Settlement Funds and for Referral of Class Member Dispute, filed concurrently herewith. The Settlement Administrator disagrees with the characterizations of certain of the underlying facts set forth in JiroLabs' separate statement, and addresses them briefly in the accompanying Declaration of Steven Platt. Notwithstanding JiroLabs' objections, Co-Lead Counsel believes that a magistrate judge would be well-positioned resolve this dispute or provide further recommendations regarding how to address the dispute. Alternatively, Co-Lead Counsel can respond more substantively in writing or at a hearing to the extent the Court requires further information regarding the dispute concerning JiroLabs' Settlement payment.

## CONCLUSION

For the foregoing reasons, Angeion and Co-Lead Counsel request the Court enter the attached proposed order.

-4-

010803-11/3355952 V1

Dated: December 1, 2025

Respectfully submitted,

By /s/ *Steve W. Berman*

Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
Ted Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
tedw@hbsslaw.com

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com
benh@hbsslaw.com

By *s/ Melinda R. Coolidge*

Melinda R. Coolidge (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200 (main)
Telephone: (202) 540-7144 (direct)
Facsimile:  (202) 540-7201
mcoolidge@hausfeld.com

Katie R. Beran (*pro hac vice*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270 (main)
Telephone: (267) 702-3215 (direct)
Facsimile:  (215) 985-3271
kberan@hausfeld.com

-5-

010803-11/3355952 V1

Scott A. Martin (*pro hac vice*)
Irving Scher (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100 (main)
Telephone: (646) 357-1195 (direct)
Facsimile: (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com


By  *s/ Eamon P. Kelly*
Eamon P. Kelly (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N Clark, Suite 2500
Chicago, IL 60654
Telephone: (312) 641-3200
jvanek@sperlingkenny.com
ekelly@sperlingkenny.com
arodriguez@sperlingkenny.com

*Co-Lead Class Counsel*

-6-

010803-11/3355952 V1

## E-FILING ATTESTATION

I, Steve W. Berman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*s/ Steve W. Berman*
STEVE W. BERMAN

-7-

010803-11/3355952 V1